## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, ET AL. | : | ELECTRONICALLY FILED |
| | : | |
| Plaintiffs, | : | CIVIL ACTION NO.:  08 CV 02012 |
| | : | |
| Versus | : | PKL/DCF |
| | : | |
| FREEPORT-MCMORAN COPPER & GOLD INC., ETC. | : | |
| | : | |
| Defendant. | : | |

### AFFIDAVIT OF ALAN P. JACOBUS IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FREEPORT-MCMORAN COPPER AND GOLD INC.'S MOTION TO DISMISS OR STAY THIS ACTION

I, Alan P. Jacobus, swear that the following is true, upon personal knowledge, under penalties of perjury.

1.    I am a partner at the Carroll, Burdick & McDonough, LLP law firm in San Francisco, California.

2.    I am a member in good standing of the bars of California, Illinois, and Louisiana.

3.    I am admitted *pro hac vice* to represent plaintiff The Continental Insurance Company in this action.

4.    Attached as **Exhibit 1** to this affidavit is a true and correct copy of the Complaint for Breach of Contract and Declaratory Relief, *Cyprus Amax Minerals Co v. Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County May 16, 2008).

CBM-IPG\SF408013.1

5.    The Continental Insurance Company will move to dismiss or stay the action known as *Cyprus Amax Minerals Co. v. Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County).

6    Attached as **Exhibit 2** to this affidavit is a true and correct copy of the Affidavit of Gregory D. Winfree.

7.    Attached as **Exhibit 3** to this affidavit is a true and correct copy of the Email from Plumer to Jacobus (Apr. 4, 2008).

8.    Attached as **Exhibit 4** to this affidavit is a true and correct copy of the Complaint, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*, 08 CV 0212 (PKL) (S.D.N.Y. Feb. 28, 2008).

9.    Attached as **Exhibit 5** to this affidavit is a true and correct copy of the Letter from Peters to Dedeyan (Dec. 21, 2007).

10.    Attached as **Exhibit 6** to this affidavit is a true and correct copy of the Letter from Bitter to Plumer (May 13, 2008).

11.    Attached as **Exhibit 7** to this affidavit is a true and correct copy of the First Amended Complaint, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*, 08 CV 0212 (PKL) (S.D.N.Y. May 9, 2008).

12.    Attached as **Exhibit 8** to this affidavit is a true and correct copy of the Letter from Galardi to Peters (Feb. 28, 2008).

13.    Attached as **Exhibit 9** to this affidavit is a true and correct copy of the Stipulation Extending Time To Respond to Complaint, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*, 08 CV 0212 (PKL) (S.D.N.Y. Mar. 20, 2008).

14.     Attached as **Exhibit 10** to this affidavit is a true and correct copy of the Email from Plumer to Heskin (Apr. 14, 2008).

15.     Attached as **Exhibit 11** to this affidavit is a true and correct copy of the Email from Heskin to Plumer (Apr. 14, 2008).

16.     Attached as **Exhibit 12** to this affidavit is a true and correct copy of the Email from Plumer to Heskin (Apr. 14, 2008).

17.     Attached as **Exhibit 13** to this affidavit is a true and correct copy of the Letter from Plumer to The Hon. Peter K. Leisure (Apr. 16, 2008).

18.     Attached as **Exhibit 14** to this affidavit is a true and correct copy of the Letter from Heskin to The Hon. Peter K. Leisure (Apr. 17, 2008).

19.     Attached as **Exhibit 15** to this affidavit is a true and correct copy of the Letter from Plumer to The Hon. Peter K. Leisure (Apr. 18, 2008).

20.     Attached as **Exhibit 16** to this affidavit is a true and correct copy of the Letter from Jacobus to The Hon. Peter K. Leisure (Apr. 21, 2008).

21.     Attached as **Exhibit 17** to this affidavit is a true and correct copy of the Order, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*, No. 08 Civ. 02012 (PKL) (S.D.N.Y. Apr. 21, 2008).

//

//

//

//

//

22.   Attached as **Exhibit 18** to this affidavit is a true and correct copy of excepts from Form 10-K (Dec. 31, 2007), *as available at* http://www.fcx.com/news/2008/FCX%202007%2010K.pdf.

_____
Alan P. Jacobus, affiant

STATE OF CALIFORNIA                )
                                   )   ss
COUNTY OF SAN FRANCISCO            )

Subscribed and sworn to before me on this 12th day of June 2008, by Alan P. Jacobus, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

_____
Notary Public

JANINE OLIKER
Commission # 1578466
Notary Public - California
San Francisco County
My Comm. Expires Jun 10, 2009

# EXHIBIT 1

**AFFIDAVIT OF ALAN P. JACOBUS IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FREEPORT-MCMORAN COPPER AND GOLD INC.'S MOTION TO DISMISS OR STAY THIS ACTION**

*CENTURY INDEM. CO. V. FREEPORT-MCMORAN COPPER & GOLD INC.*

**UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK NO.: 08 CV 02012 (PKL)**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 16 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D.M. SWAIN

1  LAWRENCE A. HOBEL (Bar No. 73364)
   Lawrence.Hobel@hellerehrman.com
2  HELLER EHRMAN LLP
   333 Bush Street
3  San Francisco, California 94104-2878
   Telephone: (415) 772-6000
4  Facsimile: (415) 772-6268

5  Attorney for Plaintiffs
   CYPRUS AMAX MINERALS COMPANY,
6  PHELPS DODGE CORPORATION, and AMAX
   METALS RECOVERY INC.

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF LOS ANGELES

10 CYPRUS AMAX MINERALS                  Case No.: BC391068   BY FAX
   COMPANY, a Delaware corporation,
11 PHELPS DODGE CORPORATION, a
   New York corporation, and AMAX
12 METALS RECOVERY INC., a               COMPLAINT FOR BREACH OF
   Delaware Corporation,                 CONTRACT AND DECLARATORY
13                                        RELIEF
                  Plaintiffs,
14                                        DEMAND FOR TRIAL BY JURY
         v.
15
   CONTINENTAL CASUALTY
16 COMPANY, an Illinois Corporation,
   THE AMERICAN INSURANCE
17 COMPANY, a Nebraska Corporation,
   OLD REPUBLIC INSURANCE
18 COMPANY, a Pennsylvania
   Corporation, TRUCK INSURANCE
19 EXCHANGE, a California corporation,
   THE CONTINENTAL INSURANCE
20 COMPANY, a Pennsylvania
   Corporation, and CENTURY
21 INDEMNITY COMPANY, AS
   SUCCESSOR TO INSURANCE
22 COMPANY OF NORTH AMERICA, a
   Pennsylvania corporation,
23
                  Defendants.
24

25     Plaintiffs Cyprus Amax Minerals Company ("Cyprus Amax"), Phelps Dodge

26 Corporation ("Phelps Dodge"), and Amax Metals Recovery Inc. ("AMRI") (collectively,

27 "Plaintiffs" or "Cyprus Amax") complain of defendants Continental Casualty Company

28 ("Continental Casualty"), The American Insurance Company ("American"), Old Republic

Heller
Ehrman LLP

---

Insurance Company ("Old Republic"), Truck Insurance Exchange ("Truck"), The

Continental Insurance Company ("Continental Insurance"), Century Indemnity Company

("Century") (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

1.    This civil action arises out of Defendants' refusal and failure to reimburse

Plaintiffs for certain defense costs and/or indemnity costs incurred in lawsuits alleging

bodily injury and resultant damages caused by exposure to talc, asbestos, and other

materials allegedly used on the premises, manufactured, sold, handled, trademarked,

installed, licensed or distributed by Cyprus Amax and certain of its predecessors

(collectively, the "Underlying Actions").

2.    Defendants are insurers that sold primary insurance policies (the "Policies") to

Plaintiffs, all of which include a duty to defend and to indemnify.  Defendants previously

have provided coverage to Plaintiffs for the costs of defense and indemnity for the

Underlying Actions and each of the Defendants currently are defending the Underlying

Actions and, as appropriate, providing indemnity.

3.    This action seeks damages arising from all Defendants for breach of either

their contractual duties under their Policies or a 2007 Confidential Settlement and Defense

Cost Sharing Agreement between Cyprus Amax and certain Defendants (the "2007

Agreement") for certain disputed defense costs.

4.    This action also seeks a declaration, pursuant to California Code of Civil

Procedure Section 1060, of the contractual rights, duties and responsibilities of certain of

the Defendants under their Policies as to the scope of their coverage for defense and

indemnity incurred in relation to certain of the Underlying Actions that these Defendants

recently have wrongfully asserted they have no obligation to pay in full.

## THE PARTIES

5.    Plaintiff Cyprus Amax Minerals Company is a corporation organized and

existing under the laws of the State of Delaware with its principal place of business in

2

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

Phoenix, Arizona. Prior to the 1993 merger that created Cyprus Amax Minerals Company, there were two separate companies: (a) AMAX Inc. and (b) Cyprus Minerals Company. In 1999, Cyprus Amax merged with a subsidiary of Phelps Dodge, but kept the name Cyprus Amax Minerals Company.

6.    Plaintiff Amax Metals Recovery Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Braithwaite, Louisiana. AMRI is a subsidiary of Cyprus Amax.

7.    Plaintiff Phelps Dodge Corporation is a corporation organized and existing under the laws of the State of New York with its principal place of business in Phoenix, Arizona. Phelps Dodge is the direct parent of Cyprus Amax and the indirect parent of AMRI.

8.    Cyprus Amax is informed and believes, and thereon alleges, that defendant Continental Casualty is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Continental Casualty has consented to the jurisdiction and venue of this Court.

9.    Cyprus Amax is informed and believes, and thereon alleges, that defendant American is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in Novato, California. American is authorized to do business, and does business, in the State of California. American has consented to the jurisdiction and venue of this Court.

10.    Cyprus Amax is informed and believes, and thereon alleges, that defendant Old Republic is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Greensburg, Pennsylvania. Old Republic is authorized to do business, and does business, in the State of California. Old Republic has consented to the jurisdiction and venue of this Court.

11.    Cyprus Amax is informed and believes, and thereon alleges, that defendant Truck is a corporation organized and existing under the laws of the State of California with

Heller
Ehrman LLP

3

its principal place of business in Los Angeles, California. Truck is authorized to do business, and does business, in the State of California. Truck has consented to the jurisdiction and venue of this Court.

12. Cyprus Amax is informed and believes, and thereon alleges, that defendant Continental Insurance is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Chicago, Illinois. Continental Insurance is authorized to do business, and does business, in the State of California.

13. Cyprus Amax is informed and believes, and thereon alleges, that defendant Century is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. Century is authorized to do business, and does business, in the State of California. Century is the successor to CCI Insurance Company, as successor to Insurance Company of North America (collectively, "Century").

## VENUE

14. Venue is proper in this Court pursuant to the California Code of Civil Practice § 395 because at least one of the Defendants resides in Los Angeles County. In addition, Defendants Continental Casualty, American, Truck and Old Republic have consented to venue in this Court.

## THE INSURANCE POLICIES

15. Each of the Defendants issued liability insurance policies, as alleged below.

16. The Policies obligate each of the Defendants to defend and indemnify Plaintiffs in certain of the Underlying Actions.

17. The Policies are valid and binding contracts of insurance.

18. Plaintiffs have complied with all the terms and conditions precedent of the Policies, and are entitled to the benefit of insurance provided by them.

Heller
Ehrman LLP

4

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

**The Continental Casualty Policies**

19.    Continental Casualty sold, inter alia, the following liability insurance policies (collectively, the "Continental Casualty Policies") to Cyprus Minerals Company, as well as its predecessors and subsidiaries including Sierra Talc Company, United Sierra Corporation and Cyprus Industrial Minerals Company (collectively, "Cyprus") :

a.    Policy No. CL 4234386, effective October 15, 1964 to January 1, 1965;

b.    Policy No. CCP 240 505-10-90 R, effective November 1, 1969 to January 1, 1972

c.    Policy No. CCP 967-72-15 R, effective November 1, 1972 to November 1, 1974.

20.    Cyprus Amax is the corporate successor to Cyprus and is entitled to coverage under the Continental Casualty Policies.

**The American Insurance Policies**

21.    American sold the following liability insurance policies to Cyprus (collectively, the "American Policies"):

a.    Policy No. K2238871, effective May 23, 1961 to May 23, 1962;

b.    Policy No. K2257131, effective May 23, 1962 to May 23, 1963;

c.    Policy No. K2276210, effective May 23, 1963 to May 23, 1964;

d.    Policy No. K2290639, effective May 23, 1964 to October 15, 1964.

22.    Cyprus Amax is the corporate successor to Cyprus and is entitled to coverage under the American Policies.

**The Old Republic Insurance Policies**

23.    Old Republic sold the following liability insurance policies to Cyprus (collectively, the "Old Republic Policies"):

a.    Policy No. ZC-46316, effective July 1, 1985 to July 1, 1986;

b.    Policy No. ZC-46784, effective July 1, 1986 to July 1, 1987;

c.    Policy No. ZC-50105, effective July 1, 1988 to July 1, 1988.

24.    Cyprus Amax is the corporate successors to Cyprus and entitled to coverage under the Old Republic Policies.

Heller
Ehrman LLP

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

**The Truck Insurance Policies**

25.    Truck sold the following liability insurance policies to Cyprus (collectively, the "Truck Policies"):

    a.    Policy No. 350-41-34, effective October 1, 1974 to July 1, 1980.

26.    Cyprus Amax is the corporate successor to Cyprus and entitled to coverage under the Truck Policies.

**The Continental Insurance Policies**

27.    Continental Insurance sold the following liability insurance policies to AMAX, Inc. and AMRI (collectively, the "Continental Insurance Policies"):

    a.    Policy No. L 3 32 08 62, effective January 1, 1975 to January 1, 1976;

    b.    Policy No. L 3 61 88 26, effective January 1, 1976 to January 1, 1977;

    c.    Policy No. L 1 18 43 28, effective January 1, 1977 to January 1, 1980;

    d.    Policy No. SRL 3 63 59 13, effective January 1, 1980 to January 1, 1981;

    e.    Policy No. SRL 3 63 60 99, effective January 1, 1981 to January 1, 1982;

    f.    Policy No. SRL 3 63 62 91, effective January 1, 1982 to January 1, 1983;

    g.    Policy No. SRL 3 63 66 77, effective January 1, 1983 to January 1, 1984;

    h.    Policy No. SRL 3 63 68 59, effective January 1, 1984 to January 1, 1985;

    i.    Policy No. SRL 3 34 44 12, effective January 1, 1985 to January 1, 1986;

    j.    Policy No. SRL 3 34 74 18, effective January 1, 1986 to April 1, 1986.

28.    Amax Nickel Refining Company, Inc., was a named insured under the Continental Insurance policies sold to AMAX, Inc. AMRI is the corporate successor to Amax Nickel Refining Company, Inc. and is entitled to coverage under the Continental Insurance Policies.

**The Century Indemnity Policies**

29.    Century sold the following liability policies to American Metal Climax, Inc. and/or to AMAX Inc. and AMRI (collectively, the "Century Policies"):

Heller
Ehrman LLP

6

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

a.    Policy No. LB 39736, effective January 1, 1965 to January 1, 1968;

b.    Policy No. ALB 47618, effective January 1, 1968 to January 1, 1971;

c.    Policy No. ALB 47212, effective January 1, 1971 to January 1, 1972;

d.    Policy No. ALB 47240, effective January 1, 1972 to January 1, 1974;

e.    Policy No. ALB 47276, effective January 1, 1974 to January 1, 1975;

f.    Policy No. ALB 47279, effective January 30, 1974 to January 1, 1975.

30.    Amax Nickel Refining Company, Inc., was insured under the Century policies as a subsidiary of American Metal Climax, Inc and/or AMAX, Inc.  AMRI is the corporate successor to Amax Nickel Refining Company, Inc. and is entitled to coverage under the Century Policies.

## THE 2007 AGREEMENT

31.    Cyprus Amax, as successor to Cyprus, entered into the 2007 Agreement with Defendants Continental Casualty, American, Old Republic and Truck to settle a dispute over coverage for certain talc-related and other claims, including settlement of a lawsuit over coverage for such claims pending in the Los Angeles Superior Court.

32.    The 2007 Agreement sets out the settling parties' respective duties and responsibilities toward one another, including the payment of defense costs, related to the claims covered by the Agreement, which claims include certain of the Underlying Actions described below.

33.    The 2007 Agreement provides that any breach shall be enforced in an action in the Los Angeles Superior Court and shall be controlled and interpreted according to the laws of the State of California.

34.    The 2007 Agreement is a valid and binding contract.

35.    Cyprus Amax has complied with all the terms and conditions precedent of the 2007 Agreement and is entitled to the benefits provided by it.

## THE UNDERLYING ACTIONS

36.    The Underlying Actions seek damages from AMRI directly or Cyprus Amax (i) as successor to AMAX, Inc. ("AMAX"); and (ii) as successor to Cyprus Minerals

Heller
Ehrman LLP

7

Company ("Cyprus") or its subsidiaries or predecessors. AMAX and Cyprus each

separately purchased insurance prior to their merger in 1993. Certain of the Underlying

Actions at issue exclusively arise out of claims for bodily injury asserted against AMAX

and/or AMRI related to AMRI's operations of a nickel refinery in Braithwaite, Louisiana

(the "AMAX Actions"). Certain of the Underlying Actions at issue arise out of claims for

bodily injury asserted against Cyprus and/or its subsidiaries or predecessors, including

Sierra Talc (the "Cyprus Actions").

### A.     The Defense Costs Dispute (All Defendants)

37.     Pursuant to either the Policies and/or the 2007 Agreement, the Underlying

Actions obligate the Defendants to pay defense costs incurred by Cyprus Amax.

38.     Defendants previously have acknowledged a duty and obligation under the

Policies and/or the 2007 Agreement to defend Cyprus Amax in the Underlying Actions.

39.     Continental Casualty, American, Old Republic, and Truck have defended the

Cyprus Actions pending, inter alia, in California and Ohio against Plaintiff Cyprus Amax as

successor to Cyprus.

40.     Century and Continental Insurance have defended the AMAX Actions

pending exclusively in Louisiana against Plaintiff AMRI and/or Cyprus Amax as successor

to AMAX, Inc.

41.     Beginning in February 2007, Cyprus Amax commenced the review of

commingled AMAX and Cyprus documents potentially responsive to outstanding discovery

requests in both the Cyprus Actions and the AMAX Actions (the "Document Review").

42.     The Document Review was undertaken by Cyprus Amax as part of its defense

of the Cyprus Actions and the AMAX Actions, specifically those actions where pending

discovery requests potentially required production of certain historic records.

43.     On behalf of Cyprus Amax, Enviro-Tox Loss Services, Inc. ("ETLS")

provided notice and information regarding the Document Review to Defendants and to

Heller
Ehrman LLP

8

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

1  National Coordinating Counsel for the Cyprus Actions and the AMAX Actions before or

2  shortly after the Document Review commenced.

3      44.  Upon receipt of invoices for the Document Review, all of the Defendants

4  except Truck initially made payments of defense costs incurred by Cyprus Amax related to

5  the Document Review.

6      45.  The total costs of the Document Review is $6.8 million.

7      46.  According to the terms of the Policies and the 2007 Agreement, Defendants

8  have a duty and obligation to reimburse Cyprus Amax for the costs of the Document

9  Review as defense costs.

10     47.  Each of the Defendants currently dispute their obligation to pay for the costs

11  of the Document Review.

12  **B.    The Allocation Dispute (AMAX Defendants Only)**

13     48.  Pursuant to the Policies issued by Continental Insurance and Century (the

14  "AMAX Defendants") to AMAX and AMRI, the AMAX Defendants are obligated to

15  defend and to pay indemnity incurred by AMAX and AMRI in the AMAX Actions.

16     49.  The AMAX Defendants previously have acknowledged a duty and obligation

17  to pay defense and indemnity under the Policies for the AMAX Actions.

18

19     50.  Beginning in May 2008, the AMAX Defendants have taken the position that

20  the amounts they have paid and may be forced to pay in the future as defense and/or

21  indemnity in the AMAX Actions are not wholly attributable to bodily injury occurring

22  during the period of coverage provided by the Century and Continental Insurance Policies.

23     51.  A present controversy exists with respect to the rights of AMAX and AMRI

24  against the AMAX Defendants as to the parties rights, duties and obligations under the

25  Policies related to the scope of defense and indemnity for the claims stated in the AMAX

26  Actions.

27

28

Heller
Ehrman LLP

9

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

## FIRST CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

52.    Cyprus Amax repeats and incorporates by reference the allegations of Paragraphs 1 to 51 as though fully set forth herein.

53.    Defendants sold written insurance contracts to Cyprus Amax.

54.    Certain Defendants entered into the 2007 Agreement with Cyprus Amax.

55.    Each of the Defendants have breached their contracts of insurance and/or the 2007 Agreement by refusing and failing to pay fully the defense costs associated with the Document Review.

56.    As a direct result of the breach, Cyprus Amax has been deprived of the benefits of the insurance coverage and the 2007 Agreement. Cyprus Amax has been forced to pay substantial sums as defense costs arising from the Underlying Actions and Cyprus Amax has incurred damages as a result. Cyprus Amax is entitled to recover those damages plus interest.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment Against AMAX Defendants)

57.    Cyprus Amax repeats and incorporates by reference the allegations of Paragraphs 1 to 55 as though fully set forth herein.

58.    The AMAX Defendants have a duty under the terms of their respective insurance policies to defend and to pay indemnity incurred in connection with the AMAX Actions.

59.    Century and Continental Insurance dispute their obligations to pay in full defense and indemnity owed by Cyprus Amax and AMRI as a result of the AMAX Actions.

60.    Cyprus Amax seeks a declaration of rights concerning the scope of coverage owed by Century and Continental Insurance in respect to the Policies issued to AMAX and AMRI related to the AMAX Actions.

61.    By reason of the foregoing, an actual and justiciable controversy exists

Heller
Ehrman LLP

10

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

between Cyprus Amax and the AMAX Defendants concerning the contractual rights, duties and obligations of the parties relating to the scope of coverage for defense and indemnity for the AMAX Actions.

62. A judicial declaration is necessary and appropriate, under California Code of Civil Procedure section 1060, so that Cyprus Amax may ascertain its rights in light of its existing and imminent obligations to pay sums for defense and indemnity in the AMAX Actions. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between the parties.

WHEREFORE, Cyprus Amax prays for relief as set forth below.

## PRAYER FOR RELIEF

Plaintiffs requests that the Court enter judgment as follows:

1. With respect to the First Cause of Action, judgment against Defendants and an award of damages according to proof at trial, plus interest thereon at the maximum legal rate;

2. With respect to the Second Cause of Action, for a declaration that:

a. Each of the AMAX Defendants, pursuant to all the terms of its respective policies, is jointly and severally liable for all sums that Cyprus Amax becomes obligated to pay, through judgment, settlement, or otherwise, with respect to:

(i) Each asbestos-related personal injury claim in which any part of the claimant's injury is alleged or shown to have occurred during the policy period of that policy; and

(ii) Each asbestos-related personal injury claim in which no specific period of injury has been alleged or established before the termination of the claim.

Such obligation of each defendant to make full payment on behalf of Cyprus Amax is subject only to underlying and upper limits of liability and percentage participation limits, if any, expressly and unambiguously stated in its respective Policies.

(b) Each of the AMAX Defendants, pursuant to all the terms of its

Heller
Ehrman LLP

11

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

1  respective Policies, is jointly and severally obligated to defend Cyprus Amax unless the

2  allegations of the claimant clearly preclude the possibility that any part of the claimant's

3  injury could have occurred during any one of that defendant's policy periods. Such

4  obligation under each of the Policies to defend in full is subject only to underlying and

5  upper limits of liability or percentage participation limits, if any, that expressly and

6  unambiguously apply to the duty to defend, or to policy provisions that otherwise expressly

7  and unambiguously limit the duty to defend.

8         (c)    For purposes of insurance policy coverage, a claimant's asbestos-

9  related personal injury is deemed to begin on the date of the claimant's first exposure to

10 asbestos and to continue to occur until the date of the claimant's death.

11        3.    With respect to all Claims for Relief:

12             a.    For Plaintiff's attorneys' fees and costs of suit incurred herein; and

13             b.    For such other, further, and/or different relief as the Court may deem

14 just and proper.

15 DATED: May 16, 2008                    HELLER EHRMAN LLP

16                                        By

17                                        Lawrence A. Hobel
                                          Attorneys for Plaintiffs
18                                        CYPRUS AMAX MINERALS COMPANY,
                                          PHELPS DODGE CORPORATION, and
19                                        AMAX METALS RECOVERY INC.

20

21                      **DEMAND FOR JURY TRIAL**

22        Plaintiff hereby demands a jury trial for those claims that may be tried by a jury

23 under the law.

24

25

26

27

Heller       28
Ehrman LLP
                                    12
COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

1    DATED:  May 16, 2008

HELLER EHRMAN LLP

2

3                                    By _____
                                         Lawrence A. Hobel
4                                        Attorneys for Plaintiffs
                                         CYPRUS AMAX MINERALS COMPANY,
5                                        PHELPS DODGE CORPORATION, and
                                         AMAX METALS RECOVERY INC.

6

7    0

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Heller        28
Ehrman LLP

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

# EXHIBIT 2

AFFIDAVIT OF ALAN P. JACOBUS IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FREEPORT-MCMORAN COPPER AND GOLD INC.'S MOTION TO DISMISS OR STAY THIS ACTION

*CENTURY INDEM. CO. V. FREEPORT-MCMORAN COPPER & GOLD INC.*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK NO.: 08 CV 02012 (PKL)

CBM-IPG\SF386245.1

Carroll, Burdick & McDonough

MAY 27 2008

RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------x

CENTURY INDEMNITY COMPANY, AS            :
SUCCESSOR TO CCI INSURANCE               :
COMPANY, AS SUCCESSOR TO                 :   Index No. 08 Civ. 02012 (PKL)
INSURANCE COMPANY OF NORTH               :
AMERICA and THE CONTINENTAL              :
INSURANCE COMPANY,                       :   **AFFIDAVIT OF**
                                         :   **GREGORY D. WINFREE**
                      Plaintiffs,        :
                                         :
          v.                             :
                                         :
FREEPORT-MCMORAN COPPER & GOLD           :
INC., AS THE CLAIMED SUCCESSOR TO        :
PHELPS DODGE CORPORATION, AS THE         :
CLAIMED SUCCESSOR TO CYPRUS              :
AMAX MINERALS COMPANY, AS THE            :
CLAIMED SUCCESSOR TO AMAX, INC.,         :
AS SUCCESSOR TO AMERICAN METAL           :
CLIMAX, INC.,                            :
                                         :
                      Defendant.         :
                                         :
----------------------------------------------------------x

State of Arizona      )
                      ) ss:
County of Maricopa    )

        GREGORY D. WINFREE, being duly sworn, deposes and states as follows:

        1.  I submit this Affidavit in support of the motion to dismiss by Freeport-McMoRan

Copper & Gold Inc. ("Freeport").  Unless stated upon information and belief, I have personal

knowledge of the facts stated herein and affirm that such statements of fact are true and correct

to the best of my knowledge.

2.  I am Chief Litigation Counsel with Freeport-McMoRan Copper & Gold Inc. ("Freeport").  In my capacity as Chief Litigation Counsel, I am responsible for managing all of the active litigation involving Freeport and its subsidiaries, affiliates, and business units.  I have held this position since March 2007 at an office located in Phoenix, Arizona.  Previously, I was employed by Phelps Dodge Corporation ("Phelps Dodge") as Senior Counsel-Litigation, a position I held from June 2004.

3.  Beginning in February 2007, Cyprus Amax Minerals Company ("Cyprus Amax") commenced a review of 18,000 boxes of commingled AMAX Inc. ("AMAX") and Cyprus Minerals Company ("Cyprus") documents.

4.  The review of the above-referenced documents was necessary in my judgment to comply with outstanding discovery requests in certain lawsuits seeking damages for bodily injury related to Amax Metals Recovery, Inc.'s ("AMRI") historic operations.  These lawsuits were filed in Louisiana against AMRI (the "AMRI Actions").

5.  The review of the above-referenced documents also was necessary to comply with certain outstanding discovery requests in certain lawsuits seeking damages for bodily injury related to Cyprus Minerals Company predecessors.

6.  The document review took place in Phoenix, Arizona, and the law firm that conducted the review is based in Phoenix, Arizona.

2

7.  Insurance coverage for the Cyprus component of the document review is governed by a confidential settlement agreement (the "2007 Agreement" or "Agreement") entered into by Cyprus Amax and four primary insurers providing coverage for the historic operations of Cyprus. I have reviewed the 2007 Agreement. The existence of the 2007 Agreement is not confidential, although the Agreement generally is confidential. Consistent with the 2007 Agreement, any dispute must be adjudicated in the Superior Court of California, County of Los Angeles, and will be controlled by and interpreted according to the laws of the State of California.

8.  HellerEhrman LLP, outside insurance counsel for Cyprus Amax, apprised the parties to the 2007 Agreement in advance -- pursuant to the Agreement's terms -- that Cyprus Amax intended to disclose the general nature of the Agreement and its application to the current dispute and the substance of those specific terms related to choice of forum and choice of law requirements.

9.  I participated in the pre-litigation claim discussions with Continental and Century. Freeport and its subsidiaries negotiated in good faith with Continental and Century, including attending face-to-face meetings, providing requested information and allowing them to visit the site of the document review, which was ongoing at the time. I relied upon the impression they conveyed that they were evaluating the claim for purposes of engaging in a serious claims discussion. There was no prior warning that they intended to file a lawsuit and we were completely blindsided by the filing of this lawsuit.

Gregory D. Winfree

Sworn to before me this 22nd day of May, 2008

Notary Public

OFFICIAL SEAL
VICTORIA L. BELLAMY
NOTARY PUBLIC – STATE OF ARIZONA
No. 82466 - MARICOPA COUNTY
My Comm. Expires May 5, 2011

3

# EXHIBIT 3

AFFIDAVIT OF ALAN P. JACOBUS IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MEMORANDUM
OF LAW IN OPPOSITION TO FREEPORT-MCMORAN COPPER AND GOLD INC.'S MOTION TO DISMISS OR STAY
THIS ACTION

*CENTURY INDEM. CO. V. FREEPORT-MCMORAN COPPER & GOLD INC.*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK NO.: 08 CV 02012 (PKL)

Jacobus, Alan

| | |
|---|---|
| From: | Plumer, Mark J. [Mark.Plumer@hellerehrman.com] |
| Sent: | Friday, April 04, 2008 6:28 AM |
| To: | Jacobus, Alan; Heskins@whiteandwilliams.com |
| Cc: | Cirando, Lisa M. |
| Subject: | Century Indemnity Co., et al. v. Freeport-McMoRan Copper & Gold Inc., No. 08-CV-0212 (PKL) (SDNY) |

Attachments:      791570_1.DOC



791570_1.DOC (34 KB)

Alan and Shane,

We appreciate Century and Continental's ("plaintiffs'") willingness to consider stipulating to the dismissal of Freeport-McMoRan Copper & Gold Inc. without prejudice from the lawsuit in an effort to avoid unnecessary motion practice.  This email responds to your request that we explain the reason for the dismissal and that we provide adequate assurances that a complete resolution of this disput <<791570_1.DOC>> e may be had as against the remaining parties alone.

Plaintiffs' claim is based solely on policies issued Amax Inc. or its predecessors and historic records generated by  Amax, Inc. and/or Cyprus Minerals Company or its predecessors.  It is undisputed that Amax, Inc. merged into Cyprus Minerals Company and immediately changed its name to Cyprus Amax Minerals Company.  It is also undisputed that Cyprus Amax Minerals Company thereafter merged with a subsidiary of Phelps Dodge, but kept the name Cyprus Amax Minerals Company. Thus, Cyprus Amax Minerals Company, a currently existing corporation, is the corporate successor to the Amax, Inc and predecessor coverage and is therefore entitled to any coverage available under the Amax policies.  Moreover, any documents implicated by plaintiffs' claims arise out of the operations of Cyprus Amax Minerals Company or its corporate predecessors.  No other members of the Freeport McMoRan corporate family are necessary for plaintiffs to obtain complete relief regarding the declaratory judgment sought in this action regarding the Amax policies.  This said, we do not propose to dismiss Phelps Dodge Corporation, whom we have determined played an active role in the facts and circumstances underlying plaintiffs' Complaint as Cyprus Amax Minerals Company's immediate parent.  Freeport McMoRan Copper & Gold Inc., as the ultimate parent of Cyprus Amax Minerals Company and Phelps Dodge Corporation is too far removed from the facts, is unnecessary and therefore should be dismissed from the case.

In return for the plaintiffs' agreement to dismiss Freeport-McMoRan Copper & Gold Inc. without prejudice, Freeport-McMoRan Copper & Gold Inc will agree to provide any discovery relevant to the litigation.  A dismissal without prejudice also will not bar Plaintiffs from seeking to re-name Freeport-McMoRan Copper & Gold Inc. should the need arise.

Please confirm by reply email that you will stipulate to the Rule 41(a)(1)(A)(ii) dismissal of Freeport-McMoRan without prejudice and the attached draft stipulation is acceptable.  Thank you.

Mark J. Plumer | Attorney | HellerEhrmanLLP | 1717 Rhode Island Avenue, NW | Washington, DC 20036
tel: +1.202.912.2021 | fax: +1.202.912.2202 | email: mark.plumer@hellerehrman.com | web: www.hellerehrman.com

# EXHIBIT 4

AFFIDAVIT OF ALAN P. JACOBUS IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FREEPORT-MCMORAN COPPER AND GOLD INC.'S MOTION TO DISMISS OR STAY THIS ACTION

*CENTURY INDEM. CO. v. FREEPORT-MCMORAN COPPER & GOLD INC.*

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK NO.:  08 CV 02012 (PKL)

JUDGE LEISURE

08 CV 02012

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA and THE CONTINENTAL INSURANCE COMPANY | : : : : : : : | |
| | : | JURY TRIAL DEMANDED |
| Plaintiffs, | : : | COMPLAINT |
| versus | : | CIVIL ACTION NO. _____ |
| FREEPORT-MCMORAN COPPER & GOLD INC., AS THE CLAIMED SUCCESSOR TO PHELPS DODGE CORPORATION, AS THE CLAIMED SUCCESSOR TO CYPRUS AMAX MINERALS COMPANY, AS THE CLAIMED SUCCESSOR TO AMAX, INC., AS SUCCESSOR TO AMERICAN METAL CLIMAX, INC. | : : : : : : : : : | |
| Defendant. | : | |

Rec'd
3/4/08
JNCII



RECEIVED
FEB 28 2008
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America) ("Century") and The Continental Insurance Company ("Continental") invoke the jurisdiction of this court pursuant to 28 U.S.C.A. § 1332 (diversity of citizenship) and plead as their complaint against defendant Freeport-McMoRan Copper and Gold Inc., as the claimed successor to Phelps Dodge Corporation, as the claimed successor to Cyprus Amax Minerals Company, as the claimed successor to Amax, Inc., as successor to American Metal Climax, Inc. ("Freeport McMoRan") as follows:

PHLDMS1 4085092v.1

### INTRODUCTION

1.      In this insurance coverage action, Century and Continental seek a declaratory judgment that the liability insurance policies Century and Continental issued to Amax, Inc. and/or American Metal Climax, Inc. (collectively, "Amax") provide no insurance coverage for the costs Freeport-McMoRan claims it has incurred and continues to incur in its effort to assimilate the corporate records of Amax into Freeport-McMoRan's own corporate records (the "Corporate Records Assimilation Project").

### THE PARTIES

2.      Plaintiff Century is a corporation that is incorporated in the Commonwealth of Pennsylvania and whose principal place of business is in Philadelphia, Pennsylvania. Century, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Pennsylvania.

3.      Plaintiff Continental is a corporation that is incorporated in the Commonwealth of Pennsylvania and whose principal place of business is in Chicago, Illinois. Continental, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Pennsylvania and Illinois.

4.      Defendant Freeport-McMoRan is a corporation that is incorporated in the State of Delaware and whose principal place of business is in New Orleans, Louisiana. Freeport-McMoRan, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Delaware and Louisiana.

### AMOUNT IN CONTROVERSY

5.      Freeport McMoRan claims it has incurred $3,900,000 through December 2007 and that it will incur a total of $7,800,000 by year-end 2008 for the Corporate Records Assimilation Project. The parties dispute whether (a) Freeport McMoRan is entitled to coverage under the policies that Century and Continental issued to Amax,  and (b) even if Freeport

McMoRan is entitled to coverage, whether Century and Continental are responsible for these costs.

## JURISDICTION

6.      Jurisdiction is proper in this court under 28 U.S.C.A. § 1332 (diversity of citizenship) because this is a civil action between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

7.      Venue is proper in this court under 28 U.S.C.A. § 1391 (a) and 28 U.S.C.A. § 1391 (c) because Freeport-McMoRan is a defendant corporation that resides in this judicial district because it is subject to personal jurisdiction in this district at the date of commencement of this action.

8.      Venue is further proper in this court under 28 U.S.C.A. § 1391 (a) and 28 U.S.C.A. § 1391 (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF CENTURY'S AND CONTINENTAL'S CLAIM

9.      On January 1, 1958, Climax Molybdenum Company merged with American Metals Company to form American Metal Climax, Inc.

10.     On or after January 1, 1975, American Metal Climax, Inc. became Amax, Inc.

11.     On or around November 15, 1993, Amax, Inc. merged with Cyprus Minerals Company to form Cyprus Amax Minerals Company.

12.     On December 2, 1999, Phelps Dodge Corporation acquired Cyprus Amax Minerals Company.

13.     On March 19, 2007, Freeport-McMoRan acquired Phelps Dodge Corporation.

14.     Century issued the following liability insurance policies to Amax:

-3-

(a)     Policy No. LB 39736 for the January 1, 1965 to January 1, 1968 policy period;

(b)     Policy No. ALB 47168 for the January 1, 1968 to January 1, 1971 policy period;

(c)     Policy No. ALB 47212 for the January 1, 1971 to January 1, 1972 policy period;

(d)     Policy No. ALB 47240 for the January 1, 1972 to January 1, 1974 policy period;

(e)     Policy No. ALB 47276 for the January 1, 1974 to January 1, 1975 policy period; and

(f)     Policy No. ALB 47279 for the January 30, 1974 to January 1, 1975 policy period.

15.     Continental issued the following primary, occurrence-based, liability insurance policies to Amax:

(a)     Policy No. L-3 32 08 62 for the January 1, 1975 to January 1, 1976 policy period;

(b)     Policy No. L-3 61 88 26 for the January 1, 1976 to January 1, 1977 policy period;

(c)     Policy No. L 1 18 43 28 for the January 1, 1977 to January 1, 1980 policy period;

(d)     Policy No. SRL-3 63 59 13 for the January 1, 1980 to January 1, 1981 policy period;

(e)     Policy No. SRL 3 63 60 99 for the January 1, 1981 to January 1, 1982 policy period;

(f)     Policy No. SRL 3 63 62 91 for the January 1, 1982 to January 1, 1983 policy period;

(g)     Policy No. SRL 3 63 66 77 for the January 1, 1983 to January 1, 1984 policy period;

(h)     Policy No. SRL 3 63 68 59 for the January 1, 1984 to January 1, 1985 policy period;

(i)     Policy No. SRL 3 34 44 12 for the January 1, 1985 to January 1, 1986 policy period;

(j)     Policy No. SRL 3 34 74 18 for the January 1, 1986 to April 1, 1986 policy period.

16.     Beginning in April 2005, Phelps Dodge Corporation began to ship corporate documents from its locations around the country to Phoenix, Arizona to review the documents and to assimilate those records into its general corporate records.

17.     Beginning in February 2007, Phelps Dodge Corporation undertook the review and corporate assimilation of the documents it obtained from Cyprus Amax Minerals Company when Phelps Dodge Corporation acquired Cyprus Amax Minerals Company in 1999.

18.     Phelps Dodge Corporation neither sought nor obtained the consent of Century or Continental before it began the review and corporate assimilation of the Cyprus Amax Minerals Company records.

19.     Since March 2007, Freeport-McMoRan has continued the review and corporate assimilation of the Cyprus Amax Minerals Company records.

20.    Freeport-McMoRan neither sought nor obtained the consent of Century or Continental before it continued the review and corporate assimilation of the Cyprus Amax Minerals Company records.

21.    Through December 2007, Freeport-McMoRan claims the review and corporate assimilation of the Cyprus Amax Minerals Company records cost $3,900,000.

22.    Through the project's completion, Freeport-McMoRan claims the review and corporate assimilation of the Cyprus Amax Minerals Company records will cost an additional $3,900,000, for a total of $7,800,000.

23.    Freeport-McMoRan claims the insurance policies Century and Continental issued to Amax cover the cost of the assimilation of the Cyprus Amax Minerals Company corporate records into Freeport-McMoRan's corporate records.

24.    Century and Continental deny any obligation for the cost of the Corporate Records Assimilation Project.

25.    An actual controversy exists between Century and Continental, on the one hand, and Freeport-McMoRan, on the other hand, over whether the insurance policies cover the cost of the Corporate Records Assimilation Project.

### COUNT I

26.    Century and Continental seek a declaratory judgment under 28 U.S.C.A. § 2201 that the insurance policies issued to Amax do not provide coverage for the cost of the Corporate Records Assimilation Project on the following grounds:

(a)    The costs incurred are not defense costs within the meaning of the policies;

(b)    Century and Continental are not responsible for costs Freeport-McMoRan voluntarily incurs;

(c)    Century and Continental are not responsible for costs Freeport-McMoRan incurred without Century's and Continental's consent;

(d)    Century and Continental are not responsible for unreasonable and/or unnecessary costs;

(e)    Freeport-McMoRan is neither the named insured nor a successor entitled to coverage under the liability insurance policies that Century and Continental issued to Amax; and

(f)    Any other grounds stemming from the policies, the law, or otherwise.

### DEMAND FOR JUDGMENT

Wherefore, Century and Continental demand judgment, as follows:

1.    A declaratory judgment that Century and Continental have no obligation to pay for Freeport-McMoRan's Corporate Records Assimilation Project;

2.    Alternatively, should the court determine that Century and Continental have an obligation to pay any portion of the Corporate Records Assimilation Project, a declaratory judgment over the respective rights and obligations of the parties under the Century and Continental policies, and declaratory judgment for the amount of any obligation of Century and/or Continental to pay for the Corporate Records Assimilation Project;

3.    Costs;

4.    All other relief to which Century and Continental are entitled.

Dated:  February 28, 2008.

WHITE AND WILLIAMS LLP

By: _____

Rafael Vergara (RV-4098)
White and Williams LLP
One Penn Plaza, Suite 1801
New York, NY 10119
Phone: 212-244-9500
-and-
Shane R. Heskin (SH-9984)
White and Williams LLP
1800 One Liberty Place
Philadelphia, Pennsylvania  19103
Telephone:  (215) 864-7000


COLLIAU ELENIUS MURPHY
CARLUCIO KEENER & MORROW

By: _____

Marian S. Hertz (MSH-9644)


40 Wall Street, 7th Floor
New York, New York 10005
Telephone:  (212) 440-2743


and

Gretchen A. Ramos (pro hac vice pending)
Alan P. Jacobus (pro hac vice pending)
CARROLL BURDICK & McDONOUGH
L.L.P.
44 Montgomery Street
San Francisco, California 94104
Telephone:  (415) 989-1900


Attorneys for Plaintiff The Continental
Insurance Company

-8-