IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CENTURY INDEMNITY COMPANY, ET AL.** | **ELECTRONICALLY FILED** |
| Plaintiffs, | CIVIL ACTION NO.: 08 CV 02012 |
| Versus | PKL/DCF |
| **FREEPORT-MCMORAN COPPER & GOLD INC., ETC.** | |
| Defendant. | |

### THE CONTINENTAL INSURANCE COMPANY'S MEMORANDUM OF LAW IN OPPOSITION TO FREEPORT-MCMORAN COPPER AND GOLD INC.'S MOTION TO DISMISS OR STAY THIS ACTION

Gretchen A. Ramos (pro hac vice)
Alan P. Jacobus (pro hac vice)
CARROLL, BURDICK & McDONOUGH L.L.P.
44 Montgomery Street, 4th Floor
San Francisco, California 94104
Telephone: (415) 989-1900

*and*

Marian S. Hertz (MSH-9644)
COLLIAU ELENIUS MURPHY CARLUCIO KEENER & MORROW
40 Wall Street, 7th Floor
New York, New York 10005
Telephone: (212) 440-2743

# TABLE OF CONTENTS

Page

I. INTRODUCTION AND SUMMARY OF ARGUMENT ........................................................... 1

II. RELEVANT FACTS ........................................................................................................... 3

    A. Amax and Cyprus Were Separate Companies Until 1993 ........................................... 5

    B. The Amax Insurance Coverage at Issue Here Is Distinct From the Insurance Coverage Issued to Cyprus Mines ................................................................................ 6

        1. The Pre-Merger Amax Coverage Is At Issue in This Action ............................ 6

        2. Freeport's Dispute With the Cyprus Insurers Concerns the Interpretation of the 2007 Cost Sharing Agreement, Which Is Completely Unrelated to the Amax Coverage ............................................................................................. 7

    C. The Subject Matter of this Action: the Revlon Dispute ............................................... 7

III. PROCEDURAL HISTORY .................................................................................................. 8

IV. THE COURT SHOULD NOT CONSIDER THE MATTERS OUTSIDE THE AMENDED COMPLAINT AND SHOULD DECIDE AND DENY FREEPORT'S MOTION TO DISMISS UNDER FED. R. CIV. P. 12 (B) ............................................................................................ 10

V. DISMISSAL OR STAY OF THIS ACTION IS NOT WARRANTED UNDER APPLICABLE LAW ....... 11

    A. The Proper Parties Are Joined To This Action ........................................................ 11

    B. Even If Other Entities Should Be Joined, Fed. R. Civ. P. 19 Provides that Those Entities "Must" Be Joined and Dismissal Is Not Warranted ........................... 14

    C. Abstention Is Not Proper ........................................................................................... 16

        1. Under Colorado River This Court Should Exercise Its Jurisdiction Over This Action ...................................................................................................... 17

            a. There Is No Assumption of Jurisdiction Over a Res or Property .......... 19

            b. This Court Is Not an Inconvenient Forum ............................................. 19

            c. There Is a Strong Probability of Piecemeal Litigation If This Dispute Is Litigated in California State Court ........................................ 21

## TABLE OF CONTENTS
### (continued)

Page

- d. This Court Obtained Jurisdiction First ............................................. 23
- e. New York State Law Will Apply in this Court ................................. 23
- f. The California State Court May Not as Adequately Protect Continental and Century ...................................................................... 24
- 2. Wilton Is Inapplicable, But Even Under Wilton, Abstention Is Improper ...... 24
- VI. CONCLUSION AND REQUEST FOR RELIEF: FREEPORT'S MOTION TO DISMISS SHOULD BE DENIED ............................................................................................................. 26

# TABLE OF AUTHORITIES

Page

**CASES**

*Aetna Cas. & Sur. Co. v. Namrod Dev. Corp.*,
  140 B.R. 56 (S.D.N.Y. 1992) ............................................................................... 13, 14

*Alliance of Am. Insurers v. Cuomo*,
  854 F.2d 591 (2d Cir. 1988) ....................................................................................... 10

*Amax, Inc. v. Sohio Indus. Prods. Co.*,
  121 Misc. 2d 814, 469 N.Y.S.2d 282 (Supreme Ct., New York County 1983) ............ 2, 19

*Anderson v. Rochester-Genesee Reg'l Trans. Author.*,
  337 F.3d 201 (2d Cir. 2003) ......................................................................................... 2

*Bethlehem Contr. Co. v. Lehrer/McGovern, Inc.*,
  800 F.2d 325 (2d Cir. 1986) ........................................................................................ 17

*BMG Music v. Vanxy, Inc.*,
  1999 WL 493345, at *2 (S.D.N.Y. July 12, 1999) .................................................... 13, 14

*Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*,
  08 CV 0212 (PKL) (S.D.N.Y. Feb. 28, 2008) ........................................................ passim

*Certain Underwriters at Lloyd's London v. Foster Wheeler Corp.*,
  36 A.D.3d 17, 822 N.Y.S.2d 30 (2006), *aff'd* 9 N.Y.3d 928, 876 N.E.2d 500,
  844 N.Y.S.2d 773 (2007) ........................................................................................... 23

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) ................................................................................... 10, 11

*Colorado River Conserv. Dist. v. United States*,
  424 U.S. 800, 96 S. Ct. 1236, 47 L. Ed. 2d 483 (1976) ........................................... passim

*CutCo Indus., Inc. v. Naughton*,
  806 F.2d 361 (2d Cir. 1986) ........................................................................................ 10

# TABLE OF AUTHORITIES
(continued)

Page

*Cyprus Amax Minerals Co. v. Asarco Inc.*,
   2003 WL 22118989 (S.D.N.Y. Sept. 11, 2003) ................................................................ 2, 19, 23

*ESI, Inc. v. Coastal Corp.*,
   61 F. Supp. 2d 35 (S.D.N.Y. 1999) .......................................................................................... 17, 25

*Hatfield v. Herz*,
   9 F. Supp. 2d 368 (S.D.N.Y. 1998) ............................................................................................... 17

*Hughes v. BCI Int'l Holdings, Inc.*,
   452 F. Supp. 2d 290 (S.D.N.Y. 2006) .......................................................................................... 15

*In re Phelps Dodge Indus., Inc.*,
   131 A.D.2d 675, 516 N.Y.S.2d 754 (2 Dep't 1987) ................................................................... 2, 19

*Jaser v. New York Prop. Ins. Underwriting Ass'n*,
   815 F.2d 240 (2d Cir. 1987) ........................................................................................................ 16

*King v. Hahn*,
   885 F. Supp. 95 (S.D.N.Y 1995) ................................................................................................ 24

*Magnetic Audiotape Antitrust Litigation*,
   334 F.3d 204 (2d Cir. 2003) ........................................................................................................ 10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1, 103 S. Ct. 927, 74 L. Ed. 2d 765 (1983) ............................................................... 18, 19

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco, P.L.C.*,
   319 F. Supp. 2d 352 (S.D.N.Y. 2004) ......................................................................................... 15

*Omni Capital Int'l Ltd. v. Rudolf Wolff & Co.*,
   484 U.S. 97, 108 S. Ct. 404, 98 L. Ed. 2d 415 (1987) ................................................................. 15

*Prashker v. United States Guar. Co.*,
   1 N.Y.2d 584, 136 N.E.2d 871, 154 N.Y.S.2d 910 (1956) ............................................................ 9

*Rose v. Simms*,
   1995 WL 702307, at *6 (S.D.N.Y. Nov. 29 1995) .................................................................. 13, 14

# TABLE OF AUTHORITIES
## (continued)

Page

*Stonewall Surplus Lines Ins. Co. v. Johnson Controls*,
   14 Cal. App. 4th 637, 17 Cal. Rptr. 2d 713 (2006).................................................. 21, 23

*The Cont'l Ins. Co. v. Amax, Inc.*,
   Index No. 19737/91 (Supreme Ct., New York County 1992) ................................. 20

*United Capitol Ins. Co. v. Kapiloff*,
   155 F.3d 488 (4th Cir. 1998)..................................................................................... 25

*Velleman v. Cont'l Ins. Co., Inc.*,
   162 Misc. 2d 95, 616 N.Y.S.2d 146 (Supreme Ct., Tompkins County 1994)......... 9

*Village of Westfield v. Welch's*,
   170 F.3d 116 (2d Cir. 1999)............................................................................. 17, 18, 25

*Wilshire, Ltd. v. Rajaei*,
   2007 WL 2457410, at *5 (S.D.N.Y. Aug. 22, 2007) ............................................ 13, 14

*Wilton v. Seven Falls Co.*,
   515 U.S. 277, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995)........................... 16, 17, 24, 25

**STATUTES**

FEDERAL RULES OF CIVIL PROCEDURE
   RULE 12......................................................................................................... 10, 11
   RULE 12 (d) .................................................................................................. 10, 11
   RULE 15......................................................................................................... 16
   RULE 15 (a) .................................................................................................. 17
   RULE 19.................................................................................................. 1, 11, 13, 16
   RULE 19 (a) .................................................................................................. 13, 14
   RULE 19 (a) (2) ............................................................................................. 14, 15, 16
   RULE 19 (b) .................................................................................................. 14, 15, 16
   RULE 56......................................................................................................... 10

FEDERAL RULES OF EVIDENCE
   RULE 201....................................................................................................... 2, 19

NEW YORK CIVIL PRACTICE LAW AND RULES
   SECTION 302 (a) (1) .................................................................................... 15

I. **INTRODUCTION AND SUMMARY OF ARGUMENT.**

This Court should deny Defendant Freeport-McMoRan Copper & Gold Inc.'s ("Freeport") Motion To Dismiss or Stay This Action (the "Motion To Dismiss") because Freeport is the proper party defendant under FED. R. CIV. P. 19 and there are no exceptional circumstances justifying abstention. Freeport's Motion To Dismiss should be denied as it is nothing more than an attempt to litigate this dispute in California, a jurisdiction not connected in any way to the parties or their dispute.

In this insurance coverage action, The Continental Insurance Company ("Continental") seeks a declaratory judgment that document review costs exceeding $7.8 million for a corporate records assimilation project unilaterally undertaken by Freeport (a successor in interest to Amax, Inc., to which Continental issued liability policies from 1975 to 1986), are not covered under the Continental policies. Continental also seeks damages for amounts it paid Freeport for the document project based on Freeport's misrepresentations concerning the nature and scope of the project.

Freeport's arguments that Continental and Century Indemnity Company ("Century") should have joined as parties Phelps Dodge Corporation ("Phelps Dodge"), Cyprus Amax Minerals Company ("Cyprus Amax")[1], and Amax Metals Recovery, Inc. ("AMRI") are sophistry.[2] At this point, Freeport controls all aspects of each of these entities' insurance programs, as Freeport made clear in its demand for coverage.

---

[1] Cyprus Amax is to be distinguished, as discussed in more detail below, from the pre-merger entities Amax, Inc. ("Amax") and Cyprus Mines Corporation ("Cyprus"), which merged to form Cyprus Amax in 1993, long after the relevant policies were issued independently to Amax, on the one hand, and Cyprus, on the other hand.

[2] Even if Freeport is correct that other entities should be joined, FED. R. CIV. P. 19 provides an easy remedy: the Court "must" order those entities joined, because each of those entities is subject to personal jurisdiction in this Court.

Similarly misguided is Freeport's abstention argument. New York is the proper forum for this action. The parties and the insurance policies at issue in the dispute have a long history of connections with New York.

- Amax (a predecessor in interest of defendant Freeport), the company to which plaintiff Century Indemnity Company issued liability insurance policies from 1965 to 1975, was headquartered in New York during that entire time.

- Continental, which issued liability policies to Amax from 1975 to 1986, was incorporated in New York from January 1853 to June 1977.

- Continental maintained its corporate headquarters in New York from January 1853 to April 1, 1986, and the Continental policies issued to Amax were issued from Continental's New York office.

- Continental issued the earliest two Continental policies to Amax at Amax's Manhattan address.

- Amax itself has elected to litigate in the New York courts as a plaintiff, as have its successors Cyprus Amax Minerals Company and Phelps Dodge Corporation.[3]

Under *Colorado River Conserv. Dist. v. United States*, 424 U.S. 800, 819, 96 S. Ct. 1236, 1247, 47 L. Ed. 2d 483 (1976), "[o]nly the clearest of justifications" warrant abstention in favor of concurrent state proceedings. No such justifications exist here. California has nothing to do with this dispute among the parties to this action and has no relationship to the corporate transactions of the parties that gave rise to this dispute. Proceeding in California state court would impede the efficient and orderly administration of justice among the parties to this action because Freeport has joined in its California action parties that have nothing to do with the

---

[3] *See Amax, Inc. v. Sohio Indus. Prods. Co.*, 121 Misc. 2d 814, 469 N.Y.S.2d 282 (Supreme Ct., New York County 1983); *Cyprus Amax Minerals Co. v. Asarco Inc.*, 2003 WL 22118989 (S.D.N.Y. Sept. 11, 2003); *In re Phelps Dodge Indus., Inc.*, 131 A.D.2d 675, 516 N.Y.S.2d 754 (2 Dep't 1987). Continental requests the Court take judicial notice of these actions and the policyholder entities' participation in those actions in New York courts as plaintiffs. *See Anderson v. Rochester-Genesee Reg'l Trans. Author.*, 337 F.3d 201, 205 n.4 (2d Cir. 2003) (taking judicial notice of opinions in other proceedings involving parties in the current proceeding); FED. R. EVID. 201.

policies Continental and Century issued to Amax. Freeport's dispute with those other parties concerns the other parties' respective rights and obligations under a settlement and defense cost sharing agreement, *to which neither Continental nor Century are parties*.

Consequently, Freeport's Motion To Dismiss should be denied because of the parties' and the insurance policies' contacts with New York coupled with Freeport's failure to establish that exceptional circumstances justify abstention in light of the "virtually unflagging obligation" of United States District Courts to hear cases within their jurisdiction. *Colorado River Co.*, 424 U.S. at 817, 96 S. Ct. at 1246.

## II. RELEVANT FACTS.

Before 1993, Amax and Cyprus had nothing to do with each other. *See* following page, Figure 1, Cyprus Amax Corporate History Chart. It was before 1993 that Continental[4] and Century[5] issued the policies relevant to this action to Amax. It was before 1993 that other insurers issued policies to Cyprus[6], which policies are now subject to a 2007 settlement agreement.[7] It is only a result of happenstance—a corporate merger of Amax and Cyprus in 1993 to form Cyprus Amax Minerals Company, and subsequent corporate mergers of Cyprus Amax with Phelps Dodge in 1999, and then Phelps Dodge with Freeport in 2007—that Freeport is now the entity that controls both the Amax coverage and the Cyprus coverage.[8] In summary, the Amax coverage line and the Cyprus coverage line are discrete because:

---

[4] Galardi Aff. at 1-4, ¶¶ 3-12, Ex. A-J (selected Declarations and Daily Report of Continental policies).
[5] Jacobus Aff. at 1, ¶ 4, Ex. 1 (Complaint for Breach of Contract and Declaratory Relief, *Cyprus Amax Minerals Co v. Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County May 16, 2008) at 6-7, ¶¶ 29-30).
[6] Jacobus Aff. at 1, ¶ 4, Ex. 1 (Complaint for Breach of Contract and Declaratory Relief, *Cyprus Amax Minerals Co v. Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County May 16, 2008) at 5-6, ¶¶ 19-26).
[7] Jacobus Aff. at 2, ¶ 6, Ex. 2 (Affidavit of Gregory D. Winfree at 3, ¶ 7).
[8] Jacobus Aff. at 2, ¶ 7, Ex. 3 (Email from Plumer to Jacobus (Apr. 4, 2008)).