Court asks for relief in addition to declaratory relief, *Colorado River* provides the correct abstention analysis, not *Wilton*, which provides the analysis when the federal action seeks solely declaratory relief.[56] *Village of Westfield v. Welch's*, 170 F.3d 116, 125 n.5 (2d Cir. 1999) (explaining that the *Colorado River* exceptional circumstances standard for abstention—and not the *Wilton* discretionary standard—applies where the plaintiff is seeking more than just declaratory relief); *ESI, Inc. v. Coastal Corp.*, 61 F. Supp. 2d 35, 71-72 (S.D.N.Y. 1999) (same). Since there are no exceptional circumstances justifying abstention here, Freeport's Motion To Dismiss should be denied.

   1.   **Under *Colorado River* This Court Should Exercise Its Jurisdiction Over This Action.**

Abstention is proper under *Colorado River* only in "exceptional circumstances." Since there are no exceptional circumstances here, the Court should exercise its jurisdiction over this action.

Under *Colorado River*, "[o]nly the clearest of justifications will warrant dismissal" of a United States District Court action in favor of a state court action. *Colorado River*, 424 U.S. at 819, 96 S. Ct. at 1247; *see also Bethlehem Contr. Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325 (2d Cir. 1986). The Supreme Court has emphasized that the United States District Courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them. [Citations omitted.]" *Colorado River*, 424 U.S. at 817-818, 96 S. Ct. at 1246; *see also Hatfield v. Herz*, 9 F. Supp. 2d 368, 371 (S.D.N.Y. 1998) (Leisure, J.) (quoting *Colorado River* on this point).

---

[56] Although Freeport complains that the insurers' original complaint did not contain the unjust enrichment and fraud counts, that is beside the point now that the insurers have filed their amended complaint. Once the insurers' investigation revealed that Freeport had been unjustly enriched and had committed fraud, the insurers amended their complaint as of right under Fed. R. Civ. P. 15 (a) (plaintiff may amend the complaint once as of right before defendant answers).

-17-

In *Welch's*, 170 F.3d at 121, the Second Circuit explained the *Colorado River* abstention analysis as follows:

> Abstention under *Colorado River* applies where, as in the instant case, "state and federal courts exercise concurrent jurisdiction simultaneously." *Burnett v. Physician's Online, Inc.*, 99 F.3d 72, 76 (2d Cir. 1996). The Supreme Court held that although a pending action in a state court does not generally bar proceedings involving the same matter in a federal court, a federal court may dismiss a federal suit for "reasons of wise judicial administration" where there are "exceptional" circumstances." *Colorado River*, 424 U.S. at 818, 96 S. Ct. 1236; [additional citation omitted]. The Court cautioned that abstention "is an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it" and that "[a]bdication of the obligation to decide cases can be justified under this doctrine only in the exceptional circumstances where the order to the parties to repair to the state court would clearly serve an important countervailing interest." *Colorado River*, 424 U.S. at 813, 96 S. Ct. at 1244 (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89, 79 S. Ct. 1060, 3 L. Ed. 2d 1163 (1959)).

Under the *Colorado River* abstention analysis, a District Court must weigh six factors, "with the balance heavily weighted in favor of the exercise of jurisdiction." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16, 103 S. Ct. 927, 937, 74 L. Ed. 2d 765 (1983). No single factor is necessarily decisive (*Colorado River*, 424 U.S. at 818-819, 96 S. Ct. at 1247), and the factors are not to be applied as a mechanical checklist. *Moses H. Cone*, 460 U.S. at 16, 103 S. Ct. at 937. Instead, the court weighs the following factors:

(1) the assumption of jurisdiction by either court over any res or property;

(2) the inconvenience of the federal forum;

(3) the avoidance of piecemeal litigation;

(4) the order in which jurisdiction was obtained;

(5) whether state or federal law supplies the rule of decision; and

  (6)  whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction.

*Moses H. Cone*, 460 U.S. at 19, 103 S. Ct. at 938-939. Applying the *Colorado River* factors demonstrates there are no exceptional circumstances here that would justify abstention.

### a. There Is No Assumption of Jurisdiction Over a Res or Property.

Neither this Court nor the California state court has assumed jurisdiction over a res or property. Instead, this action seeks declaratory relief under the liability insurance policies Continental and Century issued, plus money damages for unjust enrichment and fraud. In its California action, Freeport seeks declaratory relief and relief for breach of contract.[57] This *Colorado River* factor is, therefore, irrelevant to the analysis in this case.

### b. This Court Is Not an Inconvenient Forum.

New York is not an inconvenient forum. Three of the parties Freeport argues should be joined as parties to this action have litigated as plaintiffs in the New York courts in the past. *See Amax, Inc. v. Sohio Indus. Prods. Co.*, 121 Misc. 2d 814, 469 N.Y.S.2d 282 (Supreme Ct., New York County 1983); *Cyprus Amax Minerals Co. v. Asarco Inc.*, 2003 WL 22118989 (S.D.N.Y. Sept. 11, 2003); *In re Phelps Dodge Indus., Inc.*, 131 A.D.2d 675, 516 N.Y.S.2d 754 (2 Dep't 1987).[58]

Moreover, whereas Continental, Century, and Amax have a long, substantial history of business transactions among themselves in New York, including the fact that the majority of the insurance policies at issue were issued to Amax when it was headquartered in New York,

---

[57] Jacobus Aff. at 1, ¶ 4, Ex. 1 (Complaint for Breach of Contract and Declaratory Relief, *Cyprus Amax Minerals Co v. Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County May 16, 2008)).
[58] As requested above, Continental requests that the Court take judicial notice of these actions and that the policyholder entities have previously litigated as plaintiffs in the New York courts. FED. R. EVID. 201.

Freeport seeks to have this dispute litigated in California, a jurisdiction that has absolutely nothing to do with respect to these parties' corporate dealings with each other. Freeport cannot seriously contend that California, a forum that has had nothing to do with this dispute, is more convenient than New York, where the relevant transactions giving rise to this dispute took place.

The Court should also reject Freeport's argument based on *The Cont'l Ins. Co. v. Amax, Inc.*, Index No. 19737/91 (Supreme Ct., New York County 1992). Even the most cursory reading of that case reveals it is very different from the circumstances here. In that case, Amax argued that a New York state court action should be dismissed in favor of a Colorado action because the most significant liability for which Amax sought coverage was an environmental site *in Colorado*. The New York state court decided Colorado was the preferable forum because the most significant underlying liability (the contaminated site) was in Colorado, and the environmental remediation activities nationwide were centered in Colorado, thus making the witnesses and documents relating to the site and the remediation activities nationwide in Colorado. In that action, Colorado had a colorable, significant connection with the dispute.

In contrast, the circumstances here are not even remotely similar because California has nothing to do with this dispute or the parties' business transactions with each other. There is no underlying liability in California for which Freeport is seeking coverage from Continental and Century. There are no known witnesses or documents in California relevant to this dispute. The 1992 case, therefore, is distinguishable, and unpersuasive. Moreover, it is unclear if the California state court action will proceed against Continental, as Continental will move to dismiss that action.[59]

---

[59] Jacobus Aff. at 2, ¶ 5.

-20-

New York is not an inconvenient forum because all of the parties to this action have had significant contacts with New York in their relationships with each other, and most of the policyholder entities have litigated here as plaintiffs. This factor weighs heavily against abstention.

### c. There Is a Strong Probability of Piecemeal Litigation If This Dispute Is Litigated in California State Court.

Continental filed this action to get a timely determination of its coverage obligations, if any, for the corporate document assimilation project, and to recover amounts paid to Freeport for the project. The parties' rights and obligations are governed by the liability insurance policies Continental and Century issued to Amax.

Staying or dismissing this action to allow the California state court to decide this dispute runs the strong risk of inconsistent results, for the following reasons:

> ➢ *The California court would apply two different bodies of substantive law.*

The California court must apply California law to the settlement agreement between Cyprus and its insurers under the 2007 settlement agreement because of the California choice of law provision in that contract.[60] In contrast, a California court will not even apply California law to the Continental and Century policies, because California courts apply the law of the forum where the insured risk was located when the policies were issued—therefore, likely New York law will apply. *Stonewall Surplus Lines Ins. Co. v. Johnson Controls*, 14 Cal. App. 4th 637, 646, 17 Cal. Rptr. 2d 713, 718 (2006). California law will not apply to Freeport's dispute with the Amax insurers (Continental and Century).

---

[60] Jacobus Aff. at 2, ¶ 6, Ex. 2 (Affidavit of Gregory D. Winfree at 3, ¶ 7).

> ➤ *The California court would be interpreting a cost sharing agreement as to the insurers that issued policies to Cyprus versus the policies Continental and Century issued to Amax.*

The rights and obligations of the insurers that issued policies to Cyprus before its merger with Amax are governed not by insurance policies, but by a 2007 settlement agreement[61], to which Continental and Century are not parties. Resolution of that dispute will turn on the interpretation of the settlement agreement. In contrast, the rights and obligations of Continental and Century are governed exclusively by the insurance policies Continental and Century issued to Amax.

> ➤ *The California court would apply two different dispute resolution methods: mediation for the Cyprus insurers; a civil action for the Amax insurers.*

The 2007 agreement between the Cyprus insurers and Cyprus Amax requires the parties to mediate disputes before litigating them.[62] Freeport filed its California action in violation of this agreement to set-up this wasteful and improper forum challenge. If the Cyprus insurers are sent to mediation, as the California court will likely do, then Continental and Century will be left litigating in California superior court with Freeport, even though California has no connection with these parties' transactions with each other.

Dismissing or staying this action in favor of the California state court action (which Continental will be moving to dismiss[63]) will reward Freeport for its unnecessary litigiousness, and punish Continental for promptly seeking a coverage determination in New York—which it has a legal right to do. Thus, this factor also weighs in favor of this Court exercising its jurisdiction over this action.

---

[61] Jacobus Aff. at 2, ¶ 6, Ex. 2 (Affidavit of Gregory D. Winfree at 3, ¶ 7).
[62] Jacobus Aff. at 2, ¶ 10, Ex. 6 (Letter from Bitter to Plumer (May 13, 2008) at 1-2).
[63] Jacobus Aff. at 2, ¶ 5.

### d. This Court Obtained Jurisdiction First.

This Court obtained jurisdiction first. Continental and Century filed this action on February 28, 2008.[64] Freeport filed its California action on May 16, 2008[65], and, as noted in the previous section, in violation of the agreement to mediate under the 2007 cost sharing agreement it entered into with the Cyprus insurers[66], in an attempt to stage this forum battle. This factor weighs heavily in favor of this Court exercising its jurisdiction, especially in light of the questionable (at best) circumstances surrounding Freeport's filing of the California action.

### e. New York State Law Will Apply in this Court.

State law will apply to this dispute. In this Court, New York law will likely apply. *Certain Underwriters at Lloyd's London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 26-27, 822 N.Y.S.2d 30, 37 (2006), *aff'd* 9 N.Y.3d 928, 876 N.E.2d 500, 844 N.Y.S.2d 773 (2007).[67] In the California state court action, California law will apply to the interpretation of the 2007 cost sharing agreement between the insurers that issued policies to Cyprus (under the terms of the settlement agreement[68]), but New York law will likely apply to the Continental and Century policies. *Stonewall*, 14 Cal. App. 4th at 646, 17 Cal. Rptr. 2d at 718. Thus, federal law will apply in neither forum, but at least a New York court will likely apply its own law to this dispute (in contrast, the California court will not even apply the substantive law of California to Continental's and Century's dispute with Freeport).

---

[64] Jacobus Aff. at 2, ¶ 8, Ex. 4 (Complaint, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*, 08 CV 0212 (PKL) (S.D.N.Y. Feb. 28, 2008)).
[65] Jacobus Aff. at 1, ¶ 4, Ex. 1 (Complaint for Breach of Contract and Declaratory Relief, *Cyprus Amax Minerals Co v. Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County May 16, 2008) at 6-7, ¶¶ 29-30).
[66] Jacobus Aff. at 2, ¶ 10, Ex. 6 (Letter from Bitter to Plumer (May 13, 2008) at 1-2).
[67] Although it is possible under *Foster Wheeler* that Connecticut law might apply because Continental issued the later Continental policies to Amax when it was located in Connecticut, Continental believes *Foster Wheeler* requires application of New York law here, where the majority of relevant coverage was issued in New York.
[68] Jacobus Aff. at 2, ¶ 6, Ex. 2 (Affidavit of Gregory D. Winfree at 3, ¶ 7).

As this Court explained in *King v. Hahn*, 885 F. Supp. 95, 98 (S.D.N.Y 1995) (Leisure, J.), the absence of questions of federal law in a diversity action will rarely justify abstention:

> In any case in which a federal court has subject matter jurisdiction based solely on diversity of citizenship, state law will provide the rule of decision. Therefore, unless dismissals pursuant to *Colorado River* are to become a familiar occurrence in diversity actions, defendants' argument must fail. Although the presence of a federal substantive interest weighs heavily in favor of the exercise of federal jurisdiction, the absence of such an interest, without more, is not a strong reason to dismiss pursuant to *Colorado River*. [Citing *Bethlehem Cont. Co. v. Lehrer/McGovern, Inc.*, 800 F.2d 325, 327-328 (2d Cir.1986); additional citation omitted.]

This factor, therefore, does not weigh in favor of abstention in this action.

### f. The California State Court May Not as Adequately Protect Continental and Century.

The California action includes two very different disputes. The dispute with the Cyprus insurers will be over interpretation of the 2007 agreement, under California law, after mandatory, contractually required mediation.[69] If Continental and Century are forced to litigate in California, the dispute will be under the policies, likely under New York law, and while the other insurers mediate with Freeport. Given the complicating nature of having two dissimilar disputes in the California action and the fact that Freeport must mediate with the Cyprus insurers before it can litigate with them, it is unlikely that the California court can decide Continental's and Century's rights and obligations as expeditiously as this Court can.

### 2. *Wilton* Is Inapplicable, But Even Under *Wilton*, Abstention Is Improper.

*Wilton* does not apply because this action includes counts for unjust enrichment and fraud. *Wilton* applies only where the federal court action is solely for declaratory relief.

---

[69] Jacobus Aff. at 2, ¶ 10, Ex. 6 (Letter from Bitter to Plumer (May 13, 2008) at 1-2).

*Welch's*, 170 F.3d at 125 n.5 (finding *Wilton* inapplicable to action involving claim for damages as well as declaratory relief); *ESI*, 61 F. Supp. 2d at 71-72.

Even were *Wilton* to apply, this Court should exercise its discretion to implement its jurisdiction. Discretion, of course, means the Court may elect to exercise its jurisdiction, even if *Wilton* applied. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493-494 (4th Cir. 1998). At bottom, *Wilton* holds "[i]f a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve *no useful purpose*, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." *Wilton*, 515 U.S. at 288, 115 S. Ct. at 2143 (emphasis added).

Here, it cannot be seriously contended that this Court hearing this action "will serve no useful purpose." This Court is more likely to provide a fair, orderly, consistent, timely decision for the parties than the California court. Since Freeport elected to include two disparate disputes in its California action, the California court will be forced to resolve disputes under two different types of contracts, under two different bodies of law, and with two different dispute mechanisms in play, concerning at least two different sets of underlying claims (clay, talc, and silica claims on the Cyprus side versus asbestos claims on the Amax side)—all of which suggests a risk of inconsistent results after protracted litigation. And, on top of that, the California court would be adjudicating a dispute between Freeport and the Amax insurers (Continental and Century) that has no relevant connection with California. Even if *Wilton* were to apply, *Wilton* indicates this action should proceed in this Court because this action serves the "useful purpose" of providing timely, consistent relief to parties that sought relief from this Court for corporate transactions that have their roots in New York.

## VI. CONCLUSION AND REQUEST FOR RELIEF: FREEPORT'S MOTION TO DISMISS SHOULD BE DENIED.

Freeport's Motion To Dismiss should be denied. First, Phelps Dodge, Cyrus Amax, Amax, and AMRI do not need to be joined to this action because Freeport itself made the coverage claim and Freeport controls all aspects of those other entities, including their insurance affairs. Second, exceptional circumstances warranting abstention do not exist. New York has a long history of connections with these parties and their corporate dealings with each other, including the issuance of the Continental and Century policies under which Freeport seeks coverage. California has nothing to do with this dispute or these parties' corporate transactions with each other. Unlike the California state court, this Court (1) can timely adjudicate this dispute under one set of contracts (not two like the California court would), (2) under the law of New York alone (not California law as to one set of insurers and New York law as to Continental and Century, as the California court would), (3) with one type of dispute resolution (unlike the California court, which will almost certainly order the Cyprus insurers to mediation while Continental and Century litigate a civil action in a forum that has no interest in the resolution of this dispute), (4) with one set of underlying claims (not two, or more, as the California court would). For these reasons, Continental requests that the Court deny Freeport's Motion To Dismiss and order Freeport to answer the Amended Complaint.

Dated: June 12, 2008.

                                                          Respectfully submitted:

By:   /s/ Alan P. Jacobus

Gretchen A. Ramos (pro hac vice)
Alan P. Jacobus (pro hac vice)
CARROLL, BURDICK &
McDONOUGH L.L.P.
44 Montgomery Street
San Francisco, California 94104
Telephone: (415) 989-1900

and

Marian S. Hertz (MSH-9644)
COLLIAU ELENIUS MURPHY
 CARLUCIO KEENER &
 MORROW
40 Wall Street, 7th Floor
New York, New York 10005
Telephone: (212) 440-2743