UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
CENTURY INDEMNITY COMPANY, AS                    :
SUCCESSOR TO CCI INSURANCE                       :
COMPANY, AS SUCCESSOR TO                         :    Electronically Filed
INSURANCE COMPANY OF NORTH                       :
AMERICA and THE CONTINENTAL                      :    Index No. 08 Civ. 02012 (PKL)
INSURANCE COMPANY,                               :
                                                 :
                          Plaintiffs,            :
                                                 :
            v.                                   :
                                                 :
FREEPORT-MCMORAN COPPER & GOLD                   :
INC., AS THE CLAIMED SUCCESSOR TO                :
PHELPS DODGE CORPORATION, AS THE                 :
CLAIMED SUCCESSOR TO CYPRUS AMAX                 :
MINERALS COMPANY, AS THE CLAIMED                 :
SUCCESSOR TO AMAX INC., AS                       :
SUCCESSOR TO AMERICAN METAL                      :
CLIMAX, INC.,                                    :
                                                 :
                          Defendant.             :
                                                 :
---------------------------------------------------------x

**REPLY
TO PLAINTIFFS' OPPOSITIONS TO DEFENDANT FREEPORT-MCMORAN
COPPER & GOLD, INC.'S MOTION TO DISMISS OR STAY**

Mark J. Plumer (admitted *pro hac vice*)
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C.  20036
(202) 912-2000

Lisa M. Cirando (LC 1916)
Chelsea J. Walsh (CW 1489)
HELLER EHRMAN LLP
7 Times Square
New York, New York 10036
(212) 832-8300

Attorneys for Defendant

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.    INSURERS' AMENDED COMPLAINT IS PROCEDURALLY DEFECTIVE ...............2

    A.    The Case Should Be Dismissed On The Basis Of Federal Rule 12........................2

    B.    The Case Should Be Dismissed On The Basis Of Federal Rule 19........................5

II.   THE COURT SHOULD ABSTAIN FROM HEARING THIS CASE IN FAVOR
OF THE ACTION PENDING IN CALIFORNIA ............................................................7

    A.    Brillhart Abstention Is Appropriate .......................................................................7

    B.    Colorado River Abstention Is Appropriate .............................................................8

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

### Federal Cases

*Aetna Cas. & Sur. Co. v. Namrod Dev. Corp.,*
  140 B.R. 56, 61 (S.D.N.Y. 1992)..................................................................... 5

*Ambassador Ins. Co. v. Truly Nolan of America, Inc.,*
  514 F.Supp. 985 (S.D.N.Y. 1981) ................................................................. 7

*BMG Music v. Vanxy, Inc.,*
  No. 98 Civ. 6496. 1999 WL 493345 (S.D.N.Y. July 12, 1999) ......................... 5

*Bon Jour Group, Ltd. v. Elan-Polo,*
  No. 96 Civ 6705, 1997 WL 401814 (July 16, 1997) ........................................ 9

*Brillhart v. Excess Ins. Co. of Am.,*
  316 U.S. 491 (1942)...................................................................................... 7

*Chambers v. Time Warner, Inc.,*
  282 F.3d 147 (2d Cir. 2002)......................................................................... 3

*CutCo Indus., Inc. v. Naughton,*
  806 F.2d 361 (2d Cir. 1986)......................................................................... 3

*Gen. Star Int'l Ltd v. Chase Manhattan Bank,*
  No. 01 Civ 1139, 2002 WL 850012 (S.D.N.Y. May 3, 2002)............................ 7, 8, 9, 10

*In re Magnetic Audiotape Antitrust Litig.,*
  334 F.3d 204 (2d Cir. 2003)......................................................................... 3

*Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco, P.L.C.,*
  319 F. Supp. 2d. 352 (S.D.N.Y. 2004).......................................................... 6

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Hicks, Muse, Tate & Furst, Inc.,*
  No. 02 Civ. 1334, 2002 WL 1482625 (S.D.N.Y. July 10, 2002) ....................... 2

*Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Warrantech Corp.,*
  No. 00 Civ. 5007, 2001 WL 194903 (S.D.N.Y. Feb. 27, 2001) ......................... 9

*Reliance Ins. Co. of Ill. v. Multi-Fin. Sec. Corp.,*
  No. 94 CIV. 6971, 1996 WL 61763 (S.D.N.Y. Feb. 3, 1996) ............................ 9

*Robinson v. Gov't of Malaysia,*
  269 F.3d 133, 1414 (2d Cir. 2001)................................................................ 3

*Rose v. Simms,*
  No, 95 Civ. 1466, 1995 WL 702307 (S.D.N.Y. Nov.  29, 1995) ....................... 5

*Royal & Sunalliance Ins. Co. v. Resolve Towing & Salvage, Inc.,*
  No. 00 Civ. 2473, 2000 WL 1801838 (S.D.N.Y. Dec. 7, 2000)......................... 7

*State Street Bank and Trust Company v. Thomas J. Arganese,*
  No. 95 Civ. 0440, 1996 WL 97186 (S.D.N.Y. March 5, 1996)......................... 6

*Travelers Indem. Co. v. Philips Elec. N. Am. Corp.*,
    No. 02 Civ. 9800, 2004 WL 193564 (S.D.N.Y. Feb. 3, 2004) ............................................ 9

*Village of Westfied v. Welch's*,
    170 F.3d 116 (1999) ..................................................................................................... 9

*Wilshire Ltd v. Rajaie*,
    No. 06 Civ. 5613, 2007 WL 2457410 (S.D.N.Y. Aug. 22, 2007) .................................... 5

*Wilton v. Seven Falls Co.*,
    515 U.S. 277 (1995) ....................................................................................................... 7

## State Cases

*Certain Underwriter at Lloyd's London v. Foster Wheeler Corp.*
    36 A.D.3d 17, 822 N.Y.S. 2d 30 (1st Dep't. 2006), *aff'd*, 9 N.Y. 3d 928, 876 N.E.2d 500
    (2007) ........................................................................................................................ 9

*Ins. Co. of N. Amer. v. EMCOR Group, Inc.*,
    9 A.D. 3d 319, 781 N.Y.S.2d 4 (1st Dep't 2004) ......................................................... 6

## Rules

Fed. R. Civ. P. 12(b)(1) ................................................................................................ 2, 3

Fed. R. Civ. P. 12(b)(2) ................................................................................................... 3

Fed. R. Civ. P. (b)(6) ...................................................................................................... 3

Fed. R. Civ. P. 12 (c) ...................................................................................................... 3

Fed. R. Civ. P. 12(d) ...................................................................................................... 3

Fed. R. Civ. P. 19 ........................................................................................................ 2, 5

## Other Authorities

Fletcher Cyclopedia of the Law of Private Corporations § 26 ....................................... 2

## INTRODUCTION

The Continental Insurance Company ("Continental") and Century Indemnity Company's ("Century") (collectively "insurers" or "AMAX Inc. insurers") oppositions to Freeport-McMoRan Copper & Gold Inc.'s ("Freeport") motion to dismiss or stay this case ignore critical arguments raised by Freeport and rely instead on arguments that are off-point or that seek to elevate form over substance. Neither insurer responds to the cases and other authorities cited in support of Freeport's Rule 12(b) and Rule 19 arguments. Moreover, insurers do not dispute that *Brillhart* abstention would be proper but for the amendment of their Complaint and the addition of damages claims *after* Freeport advised the Court it would seek abstention on this ground. Finally, in any event, insurers cannot overcome Freeport's *Colorado River* abstention arguments.

Importantly, insurers do not dispute that their behavior in this case mirrors their prior discredited behavior in an earlier case involving the same policies. The current lawsuit was filed by Continental and Century without warning in the midst of claims negotiations while insurers claimed to be evaluating their insured's claim. Insurers do not dispute that the New York Appellate Division dismissed an action filed in New York by Continental in the 1990's against AMAX Inc. and the same Continental and Century policies, criticized insurers for forum shopping, and that a Colorado state court thereafter took jurisdiction of the case and interpreted the policies pursuant to Colorado law.

Insurers suggest that Freeport has misbehaved in this case by not mediating with insurers under a different program, as it promised it would when seeking an extension to answer or otherwise move. In fact, Cyprus Amax Minerals Company ("Cyprus Amax") demanded mediation with the Cyprus Mines insurers before filing the California lawsuit and offered to mediate in any location, with any mediator, on any date, as long as the mediation occurred within 30 days (*i.e.*,

before this Court's extension to Freeport expired). When, after 30 days, the mediation had not

taken place because the Cyprus Mines insurers would not agree to mediate on that timetable,

Cyprus Amax and AMR1 filed suit. Cyprus Amax and the Cyprus Mines insurers now have agreed

to mediate on July 28th in Los Angeles.[1]

## **ARGUMENT**

## I.    **INSURERS' AMENDED COMPLAINT IS PROCEDURALLY DEFECTIVE**

### A.    <u>The Case Should Be Dismissed On The Basis Of Federal Rule 12</u>

Freeport argued in its opening brief that insurers' Amended Complaint is deficient because

it names the wrong defendant. Freeport is undisputedly not an insured under the Century and

Continental policies and is not a defendant in any of the Louisiana asbestos claims at issue.

Accordingly, Freeport's principal argument is that there is no case and controversy mandating

dismissal under Rule 12(b)(1). (Freeport Br. at 9-12.) Alternatively, Freeport argued, for

essentially the same reasons, that the Amended Complaint fails to state a claim under Rule 12(b)(6).

(Freeport Br. at 12-13.) Neither Century nor Continental even attempt to respond to the legal

authorities cited by Freeport, including the well-established principle that parent companies are

legally distinct from their subsidiaries (citing to <u>Fletcher Cyclopedia of the Law of Private</u>

<u>Corporations</u> § 26) and case law from this District holding that parent corporations may not be sued

by insurers over their subsidiary's claims for coverage (citing to *Nat'l Union Fire Ins. Co. of*

---

[1]    Century repeatedly accuses Freeport of bad acts; for example, making "false representations by claiming no parties, documents or key witnesses to this lawsuit reside in New York." (Century Opp. at 2.) In making this particular allegation, Century claims – at least five times (*Id.* at 2, 5, 13, 14, and 25) – that national coordinating counsel for the Louisiana asbestos claims resides in New York City. In fact, the lawyer acting as national coordinating counsel, Michael Hutchins of the Kasowitz Benson firm, resides in Atlanta, Georgia as his letterhead makes clear (Heskin Aff., Exh. B); the most insurers can say is that his law firm has an office in New York. The accusation – like the others – is simply wrong. No parties, documents or key witnesses are in New York.

*Pittsburgh, Pa. v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 Civ. 1334, 2002 WL 1482625, at *4 (S.D.N.Y. July 10, 2002)).

Insurers' first response is procedural, alleging that Freeport's brief improperly relies upon matters outside the pleadings to support its argument and citing as support *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). (Continental Br. at 10-11.) Leaving aside that Continental and Century themselves have relied extensively on evidence outside the four corners of the Amended Complaint, insurers confuse the standards that govern Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction and Rule 12(b)(6) motions to dismiss for failure to state a claim upon which relief can be granted. The Rule 12(d) prohibition is limited to the 12(b)(6) cases, like *Chambers*.[2] Federal courts are free to consider evidence outside of the pleadings in ruling on a motion to dismiss under 12(b)(1). *See Robinson v. Gov't of Malaysia*, 269 F.3d 133, 1414 n.6 (2d Cir. 2001). Freeport's principal argument was under Rule 12(b)(1). Moreover, Freeport did not rely upon any extrinsic evidence to support its 12(b)(6) argument.[3]

Insurers' second response is factual, that Freeport is the correct party defendant based on its actions. (Century Br. at 7-11.) Insurers' argument appears to sound in waiver or estoppel, although no cases are cited to support such an argument. Freeport does not dispute that it assisted Cyprus Amax and Amax Metals Recovery, Inc. ("AMRI") in making their claims for coverage, but this

---

[2] Federal Rule 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the materials that is pertinent to the motion."

[3] The other cases cited by Continental are also inapposite. In *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir. 1986) and *In re Magnetic Audiotape Antitrust Litig.*, 334 F.3d 204, 206 (2d Cir. 2003), the Second Circuit considered motions to dismiss for lack of personal jurisdiction under Rule 12(b)(2), not 12(b)(1) for lack of subject matter jurisdiction.

assistance does not convert Freeport into its subsidiaries or vice versa.[4]  Indeed, during the claims

negotiations, Century was represented by Resolute Management, Inc., which performs claims

services for Century.  (Dedyan Aff. ¶ 1.)  Continental was represented by its parent company, CNA

Insurance.  (Walsh Aff., Exh. C.)  The fact that a parent may exercise a degree of control over a

subsidiary does not transform one into the other.  The fact that Phelps Dodge Corporation, and later

Freeport, participated in claims negotiations on behalf of their subsidiary, or that certain monies

were paid directly to Freeport on Cyprus Amax's behalf is not a sufficient basis to ignore well-

settled corporate law principles distinguishing parent and subsidiary corporations.

 To the extent that insurers argue that "Phelps Dodge, however, is Freeport-McMoRan"

(Century Br. at 9), they are simply incorrect.  There is no basis for this statement and insurers

provide none.  Neither Phelps Dodge nor Freeport are corporate "successors" of Cyprus Amax.

Michele Hughes, Assistant Corporate Secretary of Cyprus Amax and Phelps Dodge, attested in an

affidavit that AMAX Inc. merged into Cyprus Minerals Company to create Cyprus Amax.

Thereafter Cyprus Amax merged into *a subsidiary* of Phelps Dodge Corporation, after which

Phelps Dodge Corporation merged into *a subsidiary* of Freeport.  (Aff. of Michele Huges ¶¶ 6-8.)

None of the SEC documents cited by Century contradict this.  Finally, it is mystifying how a letter

from counsel in this case recounting this corporate history, asking as a result that Freeport be

dismissed as improperly sued (before the Amended Complaint was filed) and stating that "any

documents implicated by plaintiffs' claims arise out of the operations of Cyprus Amax Minerals

Company or its corporate predecessors" bolsters insurers' argument.  (Century Br. at 10.)

---

[4]  Ironically, Continental goes to great pains to explain that although it is currently a wholly-owned subsidiary of Continental Casualty Company, a Cyprus Mines insurer sued in the California action, the two insurers – parent and subsidiary – are distinct.  (*See* Continental Aff. of David Lehman and Continental Br. at p. 5, n. 15.)

### B.    The Case Should Be Dismissed On The Basis of Federal Rule 19

Freeport argued in its opening brief that AMRI is a necessary and indispensable party that cannot be joined because the Court lacks personal jurisdiction over it. There is no dispute that all of the underlying claims arise out of AMRI operations in Louisiana. Moreover, there is no dispute that AMRI is a corporation licensed to do business only in Louisiana. Finally, there is no dispute that AMRI is a Named Insured on all of the relevant insurance contracts. On this basis, Freeport cited to authorities confirming that AMRI's rights to coverage would be adversely affected if this litigation goes forward without it. Insurers did not respond to this argument or any of the cited authorities but instead raise two separate arguments.

First, insurers assert that AMRI is not necessary under Rule 19 because Freeport owns it and presumably may exert control over it. Absent a showing that the corporate veil should be pierced, this proposition, if accepted, would obliterate the distinction between corporate parents and subsidiaries. The lead case cited by insurers, *Wilshire Ltd v. Rajaie*, No. 06 Civ. 5613, 2007 WL 2457410 at *5 (S.D.N.Y. Aug. 22, 2007), provides minimal support. In *Wilshire*, a group of seven defendant-tenants (brothers and sisters) allegedly breached a lease, were sued individually and sought to defeat diversity jurisdiction by claiming a 100% owned corporation was a necessary party. But defendants in that case did "not address the merits of the legal position articulated by Plaintiff," *id.*, and the court's conclusion that joinder was not necessary is therefore of little value. *Wilshire* relied upon a string of cases, none of which support the broad gloss insurers would attribute to it. In *BMG Music v. Vanxy, Inc.*, No. 98 Civ. 6496. 1999 WL 493345 at *2 (S.D.N.Y. July 12, 1999), the corporation sought to be added was 100% owned by an individual and was bankrupt; the court held "a bankrupt party is not necessary under Rule 19." *Id. See also Aetna Cas. & Sur. Co. v. Namrod Dev. Corp.*, 140 B.R. 56, 61 n.3 (S.D.N.Y. 1992) (a bankrupt party "may not be joined because of the automatic stay provision of the bankruptcy code"). In *Rose v. Simms*, No,

95 Civ. 1466, 1995 WL 702307 at *6 (S.D.N.Y. Nov. 29, 1995), a construction manager, who was

the sole shareholder and President of a one-man company, was sued individually and sought to

defeat diversity by joining the company he owned on the ground that it was the company that

actually had contracted with the plaintiff. However, the cause of action at issue in the lawsuit was

based on tort, not contract, so the court properly found the corporation was not a necessary party.

*Id*. The same cannot be said here, where the insurance contracts were issued to AMRI as a Named

Insured, where those same contracts are in dispute, and where the underlying claims arise out of

AMRI's activities.

Second, insurers argue that if "necessary," AMRI can be joined on the authority of *Nat'l*

*Union Fire Ins. Co. of Pittsburgh, PA v. BP Amoco, P.L.C.*, 319 F. Supp. 2d. 352, 358-67

(S.D.N.Y. 2004), which holds that by allowing an insurance broker in New York to purchase its

insurance, a foreign policyholder subjects itself to personal jurisdiction in this court. Defendants

fail to mention that a later-decided New York Appellate Division, First Department case, *Ins. Co. of*

*N. Am. v. EMCOR Group, Inc.*, 9 A.D. 3d 319, 320, 781 N.Y.S.2d 4 (1st Dep't 2004), reached the

opposite conclusion. *EMCOR* held that a court lacked jurisdiction over a defendant, one of many

related companies insured under the policy at issue, even though the policies were negotiated in

New York by the defendant's parent company and insurance broker, noting that "the existence of

an agency upon which a finding of jurisdiction may be predicated may not be inferred from the

mere existence of a parent-subsidiary relationship." *Id*. Indeed, in *State Street Bank and Trust Co.*

*v. Thomas J. Arganese*, No. 95 Civ. 0440, 1996 WL 97186 (S.D.N.Y. March 5, 1996) (Leisure, P.),

this Court found that the activities of an agent in New York did not constitute sufficient "purposeful

availment" to satisfy either the New York long-arm statute or Constitutional due process. *Id.* at * 2.[5]

## II.    THE COURT SHOULD ABSTAIN FROM HEARING THIS CASE IN FAVOR OF THE ACTION PENDING IN CALIFORNIA

### A.    Brillhart Abstention Is Appropriate

The insurers are confident that their Amended Complaint eliminates the risk of abstention pursuant to *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). Insurers argue that by adding unjust enrichment and fraud claims, they effectively foreclosed this Court's discretion to abstain under *Brillhart*. Insurers' argument elevates form over substance. The amendment of their pleading was a blatant attempt to manufacture federal jurisdiction following Freeport's disclosure to the Court that it would seek abstention on this ground. The insurers' joint epiphany that new claims had to be added by each of them immediately after Freeport's disclosure based on "continuing investigations" undertaken after insurers had disclaimed coverage, had filed a lawsuit and before discovery commenced are simply not credible.[6]

As pointed out in Freeport's opening brief, such action was criticized in this District in *Gen. Star Int'l Ltd v. Chase Manhattan Bank*, No. 01 Civ 1139, 2002 WL 850012, *5, 10 (S.D.N.Y. May 3, 2002). Century seeks to distinguish *Gen. Star* by arguing that its unjust enrichment claim is not duplicative of its declaratory judgment claim. (Century Br. at 21.) But, the Amended

---

[5]   Several other courts in this District likewise have found an insurance broker-agent's activities insufficient to confer jurisdiction over a foreign policyholder. *See, e.g., Royal & Sunalliance Ins. Co. v. Resolve Towing & Salvage, Inc.*, No. 00 Civ. 2473, 2000 WL 1801838 at * 2-3 (S.D.N.Y. Dec. 7, 2000)(finding insurance broker's purchase of insurance sufficient under the New York long-arm statute but constitutionally deficient); *Ambassador Ins. Co. v. Truly Nolan of Am., Inc.*, 514 F.Supp. 985, 988 (S.D.N.Y. 1981) (finding broker's purchase of insurance insufficient minimum contacts).

[6]   The timing of the insurers' filings is not disputed. On February 28, 2008, insurers filed the Complaint in this case seeking a declaratory judgment (only) as to their responsibility to pay defense costs related to the document review project. On April 16, 2008, Freeport informed the Court (and insurers) it planned to move for abstention pursuant to *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995). On May 9, 2008, insurers filed an Amended Complaint.

Complaint seeks "[a] declaration of the rights of all the parties under the Century and Continental Policies regarding the Louisiana litigation." (Amended Complaint at Demand for Judgment ¶ iii.) Such a broad declaration would result in a finding of whether and how much insurers owe, a final accounting of exactly the sort contemplated by the unjust enrichment claim. Similarly, Continental's fraud claim – like the RICO claim in *Gen. Star* – is wholly derivative of the declaratory judgment claim for the document review project; if Continental must pay for the document review project, its fraud claims are *de facto* extinguished.

Separately, insurers argue that the California action is not "parallel" because any payment obligation they may have is pursuant to their policies whereas the Cyprus Mines insurers' payment obligation will be pursuant to the 2007 Settlement Agreement. However, the test is not whether the legal instruments are different – for example, every insurers' contract is slightly different – but rather whether the legal test the courts must apply is different. *Gen. Star*, 2002 WL 850012 at * 4 ( "[m]ore important than the specific films involved, however, is the fact that the legal issues in the instant actions and the [] state court action are the same ...") In this case, the legal standard will be the same: whether the document review costs were "necessary and reasonable."

## B.    Colorado River Abstention Is Appropriate

The parties dispute the proper application of four of the six factors set out by the Supreme Court in *Colorado River*.[7] First, as to whether abstention is necessary to avoid piecemeal litigation, neither insurer has responded to Freeport's argument that this action cannot comprehensively resolve the claims and defenses of all of the parties to the dispute and will give rise to inconsistent rulings if both cases go forward. Illustratively, Cyprus Amax and AMRI will be making exactly the

---

[7]    The parties agree that (1) there is no assumption of jurisdiction over a res in this case and (2) state law – not federal law – will supply the rule of decision for these claims.

same claims pursuant to exactly the same policies on exactly the same facts in California as insurers press against parent Freeport here. In addition, the Cyprus Mines insurers will need to conduct largely overlapping discovery involving the same documents and witnesses.[8] It is inconsequential that whichever court(s) decide the case may have to apply different law to different contracts; indeed, if insurers are correct about the proper choice of law principle – which Freeport disputes – different law would apply to the Century and Continental policies in this case considering some were issued to AMAX Inc. when its principal place of business was in New York and others were issued to AMAX Inc. when its principal place of business was in Connecticut. *Certain Underwriters at Lloyd's London v. Foster Wheeler Corp.*, 36 A.D.3d 17, 22, 822 N.Y.S. 2d 30 (1st Dep't. 2006), *aff'd*, 9 N.Y. 3d 928, 876 N.E.2d 500 (2007).[9]

Second, there is no doubt that this action was filed first, but no substantive progress has been made in either case. Despite Century's heavy reliance upon the first filed rule,[10] and

---

[8]    Indeed, a concrete dispute already has been put before Magistrate Judge Freeman involving the deposition of a consultant who communicated on behalf of both historic Cyprus Mines and AMAX Inc. with both sets of historic insurers regarding the document review project; this individual is being deposed on June 23-24 by both sets of insurers, and the scope of his deposition is subject to potentially disparate rulings on the scope of document production and privilege.

[9]    Insurers' briefs argue for the application of New York law. However, in ruling under the *Wilton* or *Colorado River* abstention doctrines, a district court should not reach the choice of law question. *See Travelers Indem. Co. v. Philips Elec. N. Am. Corp.*, No. 02 Civ. 9800, 2004 WL 193564, at *3 (S.D.N.Y. Feb. 3, 2004); *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Warrantech Corp.*, No. 00 Civ. 5007, 2001 WL 194903 at *3 (S.D.N.Y. Feb. 27, 2001). The court should consider whether state or federal law applies, not which state law applies. *See Village of Westfied v. Welch's*, 170 F.3d 116,123 (1999); *Philips Elec. N. Am. Corp.*, 2004 WL 193564 at *3; *Warrantech Corp.*, 2001 WL 194903 at *18; *Reliance Ins. Co. of Ill. v. Multi-Fin. Sec. Corp.*, No. 94 CIV. 6971, 1996 WL 61763, at *3 (S.D.N.Y. Feb. 3, 1996). For the record, Freeport's position is that New York law does not apply and requests the opportunity to brief the choice-of-law issue fully if the Court determines the issue is ripe.

[10]    Although Century makes much of it, the first-filed rule is applicable to situations where competing lawsuits are filed in two different *federal* district courts. *See, e.g. Bon Jour Group, Ltd. v. Elan-Polo*, No. 96 Civ. 6705, 1997 WL 401814, at *3 (July 16, 1997). None of the cases cited by Century involve abstention. Both the Wilton and Colorado River abstention cases make clear that the order of filing factor does not turn "exclusively on the sequence in which cases were filed, but rather in terms of how much progress has been made in the two actions." *See Welch's*, 170 F.3d at 123 ); *see, e.g., Gen. Star,* 2002 WL 850012, at *8 (noting that the speed of filing "does not carry much weight with regard to abstention").

Continental's unsupported claim that filing first "weighs heavily" (Continental Br. at 23), "speed does not carry must weight with regard to abstention." *Gen. Star*, 2002 WL 850012 at *8-9.

Third, the federal court is relatively less convenient considering that most of the evidence and witnesses specific to this dispute are in Arizona – where the document review was conducted and where Freeport and Cyprus Amax are located. Underlying claims related to the Cyprus Mines insurers are in California, as is at least one of those insurers. No parties, documents or witnesses are in New York. Other evidence is scattered throughout the country.

Fourth, insurers dispute that their rights will be adequately protected in California, but they identify no claim or defense they cannot raise in California and no party they cannot join in California. The Cyprus Mines insurers have agreed to mediate on July 28, 2008, after which the California action may move forward as expeditiously as this one. Century and Continental complain that if the mediation results in a settlement of the claims against the other insurers, they could be left stranded in California. Considering how little nexus this case has to New York, this result would work no harm. However, if this potential is troubling to the Court, it can eliminate any such risk by staying rather than dismissing this case and waiting to see what happens; the mediation is scheduled to take place in July and the insurers' hypothetical worries will either materialize or evaporate within the next 45 days.

Dated: New York, New York
     June 30, 2008

Respectfully submitted,

Mark J. Plumer /s/
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C.  20036
(202) 912-2000
Lisa M. Cirando
Chelsea J. Walsh
HELLER EHRMAN LLP
7 Times Square
New York, New York 10036
(212) 832-8300

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

CENTURY INDEMNITY COMPANY,          :
AS SUCCESSOR TO CCI INSURANCE       :
COMPANY, AS SUCCESSOR TO            :
INSURANCE COMPANY OF NORTH          :
AMERICA and THE CONTINENTAL         :     08 Civ. 2012 (PKL)
INSURANCE COMPANY,                  :
                                    :
                  Plaintiffs,       :     **CERTIFICATE OF SERVICE**
                                    :
           v.                       :

FREEPORT-MCMORAN COPPER &
GOLD INC., AS THE CLAIMED
SUCCESSOR TO PHELPS DODGE
CORPORATION, AS THE CLAIMED
SUCCESSOR TO CYPRUS AMAX
MINERALS COMPANY, AS THE
CLAIMED SUCCESSOR TO AMAX,
INC., AS SUCCESSOR TO AMERICAN
METAL CLIMAX, INC.,

                  Defendant.
------------------------------------------------------------x

I, Ryan Larson, hereby declare under penalty of perjury, on the 23rd day of June

2008, I caused true and correct copies of defendant Freeport-McMoRan Copper & Gold,

Inc.'s Reply to Plaintiffs' Opposition to Defendant Freeport-McMoRan Copper & Gold,

Inc.'s Motion to Dismiss or Stay this Action in the above captioned case to be served on

plaintiffs Century Indemnity Company's and The Continental Insurance Company's

counsel listed below by US Mail:

                    Shane R. Heskin, Esq.
                    White and Williams LLP

1800 One Liberty Place
Philadelphia, Pennsylvania  19103
(215) 864-7000
Attorneys for Plaintiff Century Indemnity Company

Alan P. Jacobus, Esq.
Carroll Burdnick & McDonough LLP
44 Montgomery Street
Suite 400
San Francisco, California  94104
(415) 989-1900
Attorneys for Plaintiff The Continental Insurance Company

Vance Woodward Esq.
Carroll Burdnick & McDonough LLP
44 Montgomery Street
Suite 400
San Francisco, California  94104
(415) 989-1900
Attorneys for Plaintiff The Continental Insurance Company

Marian S. Hertz, Esq.
Colliau Elenius Murphy Carluccio Keener & Morrow
40 Wall Street, 7th Floor
New York, NY  10005
(212) 440-2743
Attorneys for Plaintiff The Continental Insurance Company

Dated: New York, New York
June 23, 2008

Ryan P. Larson

2