1  Alison V. Lippa, No. 160807
   Alan P. Jacobus, No. 206954
2  Vance A. Woodward, No. 231730
   **CARROLL, BURDICK & McDONOUGH** LLP
3  Attorneys at Law
   44 Montgomery Street, Suite 400
4  San Francisco, CA  94104
   Telephone:    415.989.5900
5  Facsimile:    415.989.0932
   Email:    alippa@cbmlaw.com
6          ajacobus@cbmlaw.com
           vwoodward@cbmlaw.com
7  Attorneys for Defendant The Continental Insurance Company

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 1 9 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   COUNTY OF LOS ANGELES

10

11  CYPRUS AMAX MINERALS          No. BC 391068
    COMPANY, ET AL.,
12                                **DECLARATION OF DAVID LEHMAN IN**
                  Plaintiffs,     **SUPPORT OF THE CONTINENTAL**
13                                **INSURANCE COMPANY'S MOTION TO**
         versus                   **DISMISS OR STAY THE ACTION BASED ON**
14                                **FORUM NON CONVENIENS**
    CONTINETAL CASUALTY
15  COMPANY, ET AL.,
16                  Defendants.
17

18          I, David Lehman, declare:

19          1.    I make this declaration based on personal knowledge pursuant to Section

20  2015.5 of the California Code of Civil Procedure, and Rule 3.1342(a) of the California

21  Rules of Court.

22          2.    I am the Assistant Secretary of CNA Financial Corporation ("CNAF").

23          3.    CNAF is a corporation organized under the laws of the State of Delaware,

24  and it maintains its principal place of business in Chicago, Illinois.  CNAF is a publicly-

25  traded holding company created for, among other things, the purpose of holding the

26  common stock of operating subsidiaries for the benefit of CNAF's shareholders.

27          4.    The Continental Insurance Company, a plaintiff in this action, is a wholly-

28  owned subsidiary of Continental Casualty Company, which is itself a wholly-owned

1  subsidiary of The Continental Corporation. The Continental Corporation is a wholly-

2  owned subsidiary of CNAF.

3       5.    Throughout the period from before January 1, 1975 to after April 1, 1986,

4  The Continental Insurance Company maintained its corporate headquarters in New York,

5  New York.

6       6.    The Continental Insurance Company was incorporated under the laws of

7  New York in January 1853, and The Continental Insurance Company remained a New

8  York corporation until June 1977.

9       7.    In June 1977, The Continental Insurance Company merged with and into a

10  New Hampshire domestic company and the state of incorporation for the merged

11  company named The Continental Insurance Company became New Hampshire.

12       8.    On January 1, 2004, The Continental Insurance Company moved its state of

13  incorporation from New Hampshire to South Carolina.

14       9.    On October 1, 2006, The Continental Insurance Company moved its state of

15  incorporation from South Carolina to Pennsylvania.

16      10.    Before 1995, The Continental Insurance Company had no affiliation with

17  CNAF or Continental Casualty Company.

18      11.    In 1995, CNAF acquired The Continental Corporation and its subsidiaries

19  which included The Continental Insurance Company.

20      12.    Since 1995 as a subsidiary of CNAF, The Continental Insurance Company

21  has been one of several insurance companies authorized to use the "CNA" service mark

22  and trade name in its business activities.

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

13.   Since before 1975, Continental Casualty Company has been one of several insurance companies authorized to use the "CNA" service mark and trade name in its business activities.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


_____06/16/2008_____                    David Lehman
Date                                    David Lehman

1   Alison V. Lippa, No. 160807
    Alan P. Jacobus, No. 206954
2   Vance A. Woodward, No. 231730
    **CARROLL, BURDICK & McDONOUGH LLP**
3   Attorneys at Law
    44 Montgomery Street, Suite 400
4   San Francisco, CA 94104
    Telephone:    415.989.5900
5   Facsimile:     415.989.0932
    Email:       alippa@cbmlaw.com
6              ajacobus@cbmlaw.com
              vwoodward@cbmlaw.com
7   Attorneys for Defendant The Continental Insurance Company

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 19 2008

John A. Clarke, Executive Officer/Clerk
By _____ Deputy

8         SUPERIOR COURT OF THE STATE OF CALIFORNIA

9             COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11   CYPRUS AMAX MINERALS COMPANY, ET AL., <br><br> 12            Plaintiffs, <br><br> 13     versus <br><br> 14   CONTINETAL CASUALTY COMPANY, ET AL., <br><br> 15           Defendants. | No. BC 391068 <br><br> **DECLARATION OF DAVID LEHMAN IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON FORUM NON CONVENIENS** |

17

18      I, David Lehman, declare:

19         1.    I make this declaration based on personal knowledge pursuant to Section

20   2015.5 of the California Code of Civil Procedure, and Rule 3.1342(a) of the California

21   Rules of Court.

22         2.    I am the Assistant Secretary of CNA Financial Corporation ("CNAF").

23         3.    CNAF is a corporation organized under the laws of the State of Delaware,

24   and it maintains its principal place of business in Chicago, Illinois. CNAF is a publicly-

25   traded holding company created for, among other things, the purpose of holding the

26   common stock of operating subsidiaries for the benefit of CNAF's shareholders.

27         4.    The Continental Insurance Company, a plaintiff in this action, is a wholly-

28   owned subsidiary of Continental Casualty Company, which is itself a wholly-owned

CBM-IPG\SF408387.1

COPY

1   subsidiary of The Continental Corporation.  The Continental Corporation is a wholly-

2   owned subsidiary of CNAF.

3        5.    Throughout the period from before January 1, 1975 to after April 1, 1986,

4   The Continental Insurance Company maintained its corporate headquarters in New York,

5   New York.

6        6.    The Continental Insurance Company was incorporated under the laws of

7   New York in January 1853, and The Continental Insurance Company remained a New

8   York corporation until June 1977.

9        7.    In June 1977, The Continental Insurance Company merged with and into a

10   New Hampshire domestic company and the state of incorporation for the merged

11   company named The Continental Insurance Company became New Hampshire.

12        8.    On January 1, 2004, The Continental Insurance Company moved its state of

13   incorporation from New Hampshire to South Carolina.

14        9.    On October 1, 2006, The Continental Insurance Company moved its state of

15   incorporation from South Carolina to Pennsylvania.

16        10.   Before 1995, The Continental Insurance Company had no affiliation with

17   CNAF or Continental Casualty Company.

18        11.   In 1995, CNAF acquired The Continental Corporation and its subsidiaries

19   which included The Continental Insurance Company.

20        12.   Since 1995 as a subsidiary of CNAF, The Continental Insurance Company

21   has been one of several insurance companies authorized to use the "CNA" service mark

22   and trade name in its business activities.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

1        13.    Since before 1975, Continental Casualty Company has been one of several

2    insurance companies authorized to use the "CNA" service mark and trade name in its

3    business activities.

4       I certify under penalty of perjury under the laws of the State of California that the

5    foregoing is true and correct.

6

7          __06/16/2008__                David Lehman
      Date                        David Lehman

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CBM-IPG\SF408387.1             -3-

**DECLARATION OF DAVID LEHMAN IN SUPPORT OF CONTINENTAL'S MOTION TO DISMISS**

1  Deborah A. Aiwasian, No. 125490
   **BERMAN AIWASIAN**
2  725 South Figueroa Street, Suite 1050
   Los Angeles, CA 90017
3  Telephone:    213.833.3200
   Facsimile:    213.833.3230
4  Email:    deborah.aiwasian@mclolaw.com
   Attorneys for Defendant Century Indemnity Company
5

**CONFORMED COPY**
**OF ORIGINAL FILED**
Los Angeles Superior Court

JUN 19 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy

6                SUPERIOR COURT OF THE STATE OF CALIFORNIA

7                          COUNTY OF LOS ANGELES

8  CYPRUS AMAX MINERALS            No. BC 391068
   COMPANY, et al.,
9                                  **DECLARATION OF MARGO DEDEYAN IN**
               Plaintiffs,          **SUPPORT OF THE CONTINENTAL**
10                                  **INSURANCE COMPANY'S AND CENTURY**
                                    **INDEMNITY COMPANY'S MOTION TO**
       versus                       **DISMISS OR STAY THE ACTION BASED ON**
11                                  **FORUM NON CONVENIENS**
   CONTINENTAL CASUALTY
12 COMPANY, et al.,                 Hearing Date:  August 27, 2008
                                    Hearing Time:  8:30 a.m.
13             Defendants.          Dept.:         68
                                    Room:          617
14                                  Judge:         Hon. Judge Mooney
15                                  Complaint Filed: May 20, 2008
16

17        I, Margo Dedeyan, declare as follows:

18        1.      I am employed as a Claims Specialist at Resolute Management, Inc.-Mid-

19 Atlantic Division ("Resolute").  Resolute performs claims management services for

20 defendant Century Indemnity Company ("Century").

21

22        2.      My responsibilities include the handling of claims submitted to Century by

23 Freeport-McMoRan Copper and Gold Inc. ("Freeport-McMoRan").

24        3.      I submit this Affidavit in support of The Continental Insurance Company's

25 ("CIC") and Century's motion to dismiss or stay this action based on *forum non*

26 *conveniens.*

27

28        4.      Century is located in Philadelphia, Pennsylvania.

---

DECLARATION OF MARGO DEDEYAN IN SUPPORT OF CIC'S AND CENTURY'S MOTION TO DISMISS OR STAY

5.     On February 28, 2008, CIC and Century initiated an action against Freeport-McMoRan, as the claimed successor to Phelps Dodge Corporation, as the claimed successor to Cyprus Amax Minerals Company, as the claimed successor to Amax, Inc., as successor to American Metal Climax, Inc., in the United States District Court for the Southern District of New York (the "New York Action").

6.     In the New York Action, CIC and Century seek a declaratory judgment that the liability insurance policies CIC and Century issued to Amax, Inc. and/or American Metal Climax, Inc. provide no insurance coverage for the costs Freeport-McMoRan claims it has incurred and continues to incur in its effort to assimilate the corporate records of Amax, Inc. into Freeport-McMoRan's own corporate records.

7.     Century has amended its complaint in the New York Action to assert an unjust enrichment claim to recover approximately $117,000 purportedly paid in connection with the document review project described above.

8.     In addition, Century has amended its complaint in the New York Action to recover approximately $667,000 in past amounts improperly allocated to its policy periods.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Margo Dedeyan_
Margo Dedeyan

Dated: June 17, 2008

-2-

1  Alison V. Lippa, No. 160807
   Alan P. Jacobus, No. 206954
2  Vance A. Woodward, No. 231730
   **CARROLL, BURDICK & McDONOUGH LLP**
3  Attorneys at Law
   44 Montgomery Street, Suite 400
4  San Francisco, CA 94104
   Telephone:    415.989.5900
5  Facsimile:    415.989.0932
   Email:    alippa@cbmlaw.com
6            ajacobus@cbmlaw.com
             vwoodward@cbmlaw.com
7  Attorneys for Defendant The Continental Insurance Company

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 19 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
   A.E. LAFLEUR-SLAYTON

8                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                         COUNTY OF LOS ANGELES

11  CYPRUS AMAX MINERALS
    COMPANY, ET AL.,                         No. BC 391068

12              Plaintiffs,                   **DECLARATION OF ROBERT GALARDI IN
                                             SUPPORT OF THE CONTINENTAL
13                                           INSURANCE COMPANY'S MOTION TO
                                             DISMISS OR STAY THE ACTION BASED ON
14         versus                            FORUM NON CONVENIENS**

    CONTINETAL CASUALTY
15  COMPANY, ET AL.,

16              Defendants.

17

18      I, Robert Galardi, declare:

19      1.    I make this declaration based on personal knowledge pursuant to Section

20  2015.5 of the California Code of Civil Procedure, and Rule 3.1342(a) of the California

21  Rules of Court.

22      2.    I am a Claim Specialist for the Environmental and Mass Tort Claims

23  Department of The Continental Insurance Company ("Continental").

24      3.    Attached as Exhibit A is a true and correct copy of the declarations page of

25  insurance policy L-3320862. The declarations page indicates policy L-3320862 was

26  issued, effective January 1, 1975 to January 1, 1976, by The Continental Insurance

27  Company to Amax, Inc. The declarations page indicates The Continental Insurance

28  Company was located in New York, New York, that the broker of the policy, Frenkel &

CBM-IPG\SF408407.1

1  Co., was located in New York, New York, and that Amax, Inc. was located in New York,

2  New York.

3        4.      Attached as Exhibit B is a true and correct copy of the declarations page of

4  insurance policy L-3618826.  The declarations page indicates policy L-3618826 was

5  issued, effective January 1, 1976 to January 1, 1977, by The Continental Insurance

6  Company to Amax, Inc.  The declarations page indicates The Continental Insurance

7  Company was located in New York, New York, that the broker of the policy, Frenkel &

8  Co., was located in New York, New York, and that Amax, Inc. was located in New York,

9  New York.

10       5.      Attached as Exhibit C is a true and correct copy of the declarations page of

11 insurance policy L-1184328.  The declarations page indicates policy L-1184328 was

12 issued, effective January 1, 1977 to January 1, 1978, by The Continental Insurance

13 Company to Amax, Inc.  It appears the effective period of policy L-1184328 was later

14 extended to January 1, 1980.  The declarations page indicates The Continental Insurance

15 Company was located in New York, New York, that the broker of the policy, Frenkel &

16 Co., was located in New York, New York, and that Amax, Inc. was located in Greenwich,

17 Connecticut.

18       6.      Attached as Exhibit D is a true and correct copy of a daily report for

19 insurance policy SRL 3635913.  The daily report indicates policy SRL 3635913 was

20 issued, effective January 1, 1980 to January 1, 1981, by The Continental Insurance

21 Company to Amax, Inc.  The daily report indicates The Continental Insurance Company

22 was located in New York, New York, that the broker of the policy, Frenkel & Co., was

23 located in New York, New York, and that Amax, Inc. was located in Greenwich,

24 Connecticut.

25       7.      Attached as Exhibit E is a true and correct copy of the declarations page of

26 insurance policy SRL 3636099.  The declarations page indicates policy SRL 3636099 was

27 issued, effective January 1, 1981 to January 1, 1982, by The Continental Insurance

28 Company to Amax, Inc.  The declarations page indicates The Continental Insurance

1    Company was located in New York, New York, that the broker of the policy, Frenkel &

2    Co., was located in New York, New York, and that Amax, Inc. was located in Greenwich,

3    Connecticut.

4           8.    Attached as Exhibit F is a true and correct copy of the declarations page of

5    insurance policy SRL 3636291. The declarations page indicates policy SRL 3636291 was

6    issued, effective January 1, 1982 to January 1, 1983, by The Continental Insurance

7    Company to Amax, Inc. The declarations page indicates The Continental Insurance

8    Company was located in New York, New York, that the broker of the policy, Frenkel &

9    Co., was located in New York, New York, and that Amax, Inc. was located in Greenwich,

10   Connecticut.

11          9.    Attached as Exhibit G is a true and correct copy of the declarations page of

12   insurance policy SRL 3636677. The declarations page indicates policy SRL 3636677 was

13   issued, effective January 1, 1983 to January 1, 1984, by The Continental Insurance

14   Company to Amax, Inc. The declarations page indicates The Continental Insurance

15   Company was located in New York, New York, that the broker of the policy, Frenkel &

16   Co., was located in New York, New York, and that Amax, Inc. was located in Greenwich,

17   Connecticut.

18         10.    Attached as Exhibit H is a true and correct copy of the declarations page of

19   insurance policy SRL 3636859. The declarations page indicates policy SRL 3636859 was

20   issued, effective January 1, 1984 to January 1, 1985, by The Continental Insurance

21   Company to Amax, Inc. The declarations page indicates The Continental Insurance

22   Company was located in New York, New York, that the broker of the policy, Frenkel &

23   Co., was located in New York, New York, and that Amax, Inc. was located in Greenwich,

24   Connecticut.

25         11.    Attached as Exhibit I is a true and correct copy of the declarations page of

26   insurance policy SRL 3344412. The declarations page indicates policy SRL 3344412 was

27   issued, effective January 1, 1985 to January 1, 1986, by The Continental Insurance

28   Company to Amax, Inc. The declarations page indicates The Continental Insurance

1  Company was located in New York, New York, that the broker of the policy, Frenkel &
2  Co., was located in New York, New York, and that Amax, Inc. was located in Greenwich,
3  Connecticut.

4      12.    Attached as Exhibit J is a true and correct copy of the declarations page of
5  insurance policy SRL 3347418.  The declarations page indicates policy SRL 3347418 was
6  issued, effective January 1, 1986 to April 1, 1986, by The Continental Insurance Company
7  to Amax, Inc.  The declarations page indicates The Continental Insurance Company was
8  located in New York, New York, that the broker of the policy, Frenkel & Co., was located
9  in New York, New York, and that Amax, Inc. was located in Greenwich, Connecticut.

10  I certify under penalty of perjury under the laws of the State of California that the
11  foregoing is true and correct.

12
13  6/16/08
    Date

    _Robert Galardi_

    Robert Galardi
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

CBM-IPG\SF408407.1                          -4-

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF CONTINENTAL'S MOTION TO DISMISS**

# EXHIBIT A

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**BC 391068**

Producer
Frenkel & Co.
156 William Street
New York City, N. Y. 10038
Code No. 81 521 056

Policy No. I 3 32 08 12

**CONFIDENTIAL**

The Continental Insurance Company
(A Stock Company Organized 1853)
80 Maiden Lane, New York, New York 10038

(A Stock Company herein called the Company)

Agrees with the Named Insured, in consideration of the payment of the premium and subject to the declarations following, to provide Insurance as hereinafter set forth, subject to all the terms of this policy as follows:

Blanket Liability Policy

Declarations

Item I
Named Insured:  Amax Inc., And As Schedule A Attached

Item II
Address:        1270 Avenue Of The Americas
                New York, New York

Item III - Policy Period:  From:  January 1, 1975
                           To:    January 1, 1976
                           12:01 A. M. Standard Time, at the
                           Address of the Named Insured as
                           stated herein as to both of said
                           dates.

Item IV - Limits of Liability

        Coverage A

        Personal Injury Liability      $1,000,000 Each Occurrence

                                       $1,000,000 Aggregate Products

        Coverage B

        Property Damage Liability       $100,000 Each Occurrence

                                        $100,000 Aggregate Products

— *The* CONTINENTAL INSURANCE COMPANIES —

AX 0000905

# EXHIBIT B

DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

BC 391068

Producer
Frenkel & Company, Inc.                    Policy No. L-3 61 88 26
156 William Street
New York, N. Y. 10038
Code No. 81 980 021

**CONFIDENTIAL**

### THE CONTINENTAL INSURANCE COMPANY
(A Stock Company Organized 1853)
80 Maiden Lane, New York, New York 10038

(A Stock Company Herein Called The Company)

Agrees with the Named Insured, in consideration of the payment of
the premium and subject to the declarations following, to provide
Insurance as hereinafter set forth, subject to all the terms of
this policy as follows:

### BLANKET LIABILITY POLICY

### DECLARATIONS

Item I
Named Insured:  AMAX, Inc., And As per Schedule "A" Attached

Item II
Address:        1270 Avenue Of The Americas
                New York, New York

Item III
Policy Period:  From:  January 1, 1976
                To:    January 1, 1977
                12:01 A. M. Standard Time, at the
                Address of the Named Insured as
                Stated herein as to both of said
                Dates.

Item IV - Limits of Liability

           Coverage A

           Personal Injury Liability      $1,000,000 Each Occurrence

                                          $1,000,000 Aggregate

           Coverage B

           Property Damage Liability      $250,000 Each Occurrence

                                          $250,000 Aggregate Products

                                          $500,000 Aggregate All Other
                                                   Property Damage
                                                   Coverage

Guaranty Fund $36.00

―― *The* CONTINENTAL INSURANCE COMPANIES

# EXHIBIT C

DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

BC 391068

Producer                                    Policy No. Ll 18 43 28
Frenkel & Company, Inc.
156 William Street
New York, N.Y.   10038
Code No. 81 980 021

### THE CONTINENTAL INSURANCE COMPANY
(A Stock Company Organized 1853)
80 Maiden Lane, New York, New York  10038

(A Stock Company Herein Called The Company)

Agrees with the Named Insured, in consideration of the payment of
the premium and subject to the declarations following, to provide
Insurance as hereinafter set forth, subject to all the terms of
this policy as follows:

### BLANKET LIABILITY POLICY

### DECLARATIONS

Item I
Named Insured:  AMAX, Inc., And As per Schedule "A" Attached

Item II
Address:.       AMAX CENTER
                GREENWICH, CONNECTICUT,   06830

Item III
Policy Period:  From:  January 1, 1977
                To:    January 1, 1978
                12:01 A.M. Standard Time, at the
                Address of the Named Insured as
                Stated herein as to both of said
                Dates.

Item IV - Limits of Liability

          Coverage A

          Personal Injury Liability        $1,000,000 Each Occurrence

                                           $1,000,000 Aggregate

          Coverage B

          Property Damage Liability        $250,000 Each Occurrence

                                           $250,000 Aggregate Products

                                           $1,000,000 Aggregate All
                                                      Other
                                                      Property Damage
                                                      Coverage

Guaranty Fund $408.00

── *The* CONTINENTAL INSURANCE COMPANIES ──

# EXHIBIT D

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**BC 391068**



**PREMIUM** 906,627

USE UNL | APDIT BASIS OF ADJUSTMENT | Annual | Semi-Annually | Quarterly | Monthly

(Daily copy)

UNDERWRITING DIV.I

The Continental Insurance Company
80 Maiden Lane
New York, N.Y. 10038

Company Code  11

Policy No  SRL

3 63 59 13

Producer's Name and Code

Frenkel & Company Inc.
125 William Street
New York, N.Y. 10038

81 980 021

Renewal of:

L 1184328

AMAX, Inc. & As Per
Schedule A Attached
Amax Center
Greenwich, Conn. 06830

Named Insured and Address

The named insured is:
Individual ☐;  Partnership ☐;  Corporation ☒;
Joint Venture ☐;
Other (specify)

Business of the named insured is

**Item 2.**
**Policy Period:** From 12:01a .M. 1-1-80 to 1-1-81
(Hour and Minute)
12:01 A.M., standard time at the address of the named insured as stated herein.

**Audit Period:** Annual, unless otherwise stated. REC. 2/13/80

Audit Required
☒ Yes  ☐ No

## LIABILITY INSURANCE POLICY
### DAILY REPORT

**Item 3.** The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance (Dealers) | $ |
|  | $ |
|  | $ |
| Comprehensive General Liability Insurance | $ 906,627 |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
| Total Advance Premium for this policy | $ 906,627 |

Form numbers of endorsements forming a part of the policy on its effective date:

L7251 (2)

F...um is payable: On effective date of policy $ ; 1st Anniversary $ ; 2nd Anniversary $

Countersigned by

# EXHIBIT E

DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

BC 391068

| Policy is Issued By | The Continental Insurance Company<br>80 Maiden Lane<br>New York, NY 10038 | 11 | A STOCK COMPANY | Policy No.    SRL<br>3  63 60 99 |
|---|---|---|---|---|

| Producer's Name | Frenkel & Co., Inc.<br>123 William Street<br>New York, NY 10038 | 99 913 659 | Producer's Code | Renewal of:<br>SRL 3635913 |
|---|---|---|---|---|

**Item 1.** Named Insured and Address (Number and Street, Town or City, County and State)

Amax Inc. & As Per Schedule A Attached
Amax Center
Greenwich Conn.  06830

kc 3/5/81

The named insured is:
Individual ☐;    Partnership ☐;    Corporation ☒;
Joint Venture ☐;
Other (specify)

Business of the named insured is:

Mining, Smelting & Refining

**Item 2.** Policy Period: From 12:01A.M. (Hour and Minute)    1/1/81    to    1/1/82

12:01 A.M., standard time at the address of the named insured as stated herein.

Audit Period: Annual, unless otherwise stated.

Audit Required
☒ Yes    ☐ No

## LIABILITY INSURANCE POLICY — SECTION TWO – DECLARATIONS
### (For Automobile Insurance or General Liability Insurance separately or combined)

Item 3. The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance (Dealers) | $ |
|  | $ |
|  | $ |
| Comprehensive General Liability Insurance | $ 1,254,000 |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
|  | $ |
|  | $ |
|  | $ |
| Deposit Premium | $ 663,240 |
| Total Advance Premium for this policy | $ see end't #1 |

Form numbers of endorsements forming a part of the policy on its effective date:

Premium is payable: On effective date of policy $ _____ ; 1st Anniversary $ _____ ; 2nd Anniversary $ _____

These declarations page shall not be binding on the company unless countersigned by a duly authorized representative of the company, and attached, to Section One of the company's Liability Insurance Policy, and completed by one or more Coverage Parts for which there is an advance premium indicated on this page.

Countersigned by    _G. Parajon_

LIAB 5625 CSRL C

# EXHIBIT F

DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE
COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

BC 391068

The Continental Insur ce Company
80 Maiden Lane
New York, NY 10038

A STOCK COMPANY / Policy No   SRL

11

3 63 62 91

Frenkel & Co., Inc.
123 William Street
New York, NY 10038

99 913 659

◄ Producer's Code

Renewal of

SRL 3636099

Amax Inc. & As Per Schedule A Attached
Amax Center
Greenwich Conn.  06830

The named insured is:
Individual ☐;   Partnership ☐;   Corporation ☒;
Joint Venture ☐;
Other (specify) Mining, Smelting & Refining
Business of the named insured is:

2.
From 12:01A. M. 1/1/82    to    1/1/83
(Hour and Minute)
12:01 A.M., standard time at the address of the named insured as stated herein.
Annual, unless otherwise stated.

Audit Required
☒ Yes   ☐ No

## LIABILITY INSURANCE POLICY – SECTION TWO – DECLARATIONS
(For Automobile Insurance or General Liability Insurance separately or combined)

3. The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance  Dealers | $ |
|  | $ |
|  | $ |
| Comprehensive General Liability Insurance | $ 979,860 |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
|  | $ |
|  | $ |
|  | $ |

Deposit Premium    636,298
Total Advance Premium for this policy See end't #1

Form numbers of endorsements forming a part of the policy on its effective date:

... ium is payable: On effective date of policy $          ; 1st Anniversary $          ; 2nd Anniversary $

...larations page shall not be binding on the company unless countersigned by a duly authorized representative of the company, and attached,
...sued, to Section One of the company's Liability Insurance Policy, and completed by one or more Coverage Parts for which there is an advance
...um indicated on this page.

Countersigned by _L Paragon_

6025 CSRL C

# EXHIBIT G

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**BC 391068**

~~OU FALLEN LANE~~
NEW YORK, NY  10036                                      11                3  63 66  77

Renewal of

FRENKEL & CO. INC.
123 WILLIAM ST                                                                SRL 3636291
NEW YORK, NY  10038                      99913659      ◄ Producer's Code

Producer's Name and Address

1.
...ned Insured and Address Number and ...reet, Town or City County and State)

AMAX INC.
& AS PER SCHEDULE A ATT
AMAX CENTER
GREENWICH, CONN.  06830

The named insured is:
Individual ☐;    Partnership ☐;    Corporation ☐;
Joint Venture ☐;
Other (specify) MINING, SMELTING, REFINING

Business of the named insured is:

Item 2.
Policy Period:  From  12:01 A.M.  ( 1-1-83  to  1-1-84 )
(Hour and Minute)
12:01 A.M., standard time at the address of the named insured as stated herein.

**CONFIDENTIAL**

Audit Period:  Annual, unless otherwise stated.

Audit Required
☒ Yes  ☐ No

## LIABILITY INSURANCE POLICY – SECTION TWO – DECLARATIONS
### (For Automobile Insurance or General Liability Insurance separately or combined)

Item 3. The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance  Dealers: | $ |
|  | $ |
|  | $ |
|  | $ |
| Comprehensive General Liability Insurance | $ 642161 |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
|  | $ |
|  | $ |
|  | $ |
|  | $ |
| Total Advance Premium for this policy | $ 642161 |

Fo m numbers of endorsements forming a part of the policy on its effective date:

L 7251, L 8199s, L8199, L6817

Premium is payable: On effective date of policy $                    ; 1st Anniversary $                    ; 2nd Anniversary $

This declarations page shall not be binding on the company unless countersigned by a duly authorized representative of the company, and attached, when issued, to Section One of the company's Liability Insurance Policy, and completed by one or more Coverage Parts for which there is an advance premium indicated on this page.

Countersigned by_____ F. Parazon _____

LIAB 6625 CSRL C

AX 0000241

# EXHIBIT H

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**BC 391068**

Continental Insurance Co.
_0 Maiden Lane
New York, New York 10038

11

Policy No.  SRL
3 63 68 59

Renewal of

Frenkel & Co. Inc.
123 William St.
New York, N. Y. 10038

99 913 659

Producer's Code.

SRL 3 63 66 77

**Item 1.**
Named Insured, Address (No and Town or County & State)

Amax Inc.
& As Per Schedule A Att.
Amax Center
Greenwich, Conn. 06830

The named insured is:
Individual ☐   Partnership ☐   Corporation ☐
Joint Venture ☐
Other (specify) MINING, SMELTING, REFINING

Business of the named insured is

**Item 2.**
Policy Period:
From 12:01A.M., 1/1/84 to 1/1/85
(Hour and Minute)
12:01 A.M., standard time at the address of the named insured as stated herein.

Audit Period: 1% 2/17
Annual, unless otherwise stated.

Audit Required
☑ Yes  ☐ No

## LIABILITY INSURANCE POLICY – SECTION TWO – DECLARATIONS
### (For Automobile Insurance or General Liability Insurance separately or combined)

CERTIFICATE OF INSURANCE

**Item 3.** The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance (Dealers) | $ |
| | $ |
| | $ |
| Comprehensive General Liability Insurance | $ 750,563. |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| Total Advance Premium for this policy $ | 750,563. |

Form numbers of endorsements forming a part of the policy on its effective date: Deposit $338,574.

L7251(4)

Premium is payable: On effective date of policy $          ; 1st Anniversary $          ; 2nd Anniversary $

This declarations page shall not be binding on the company unless countersigned by a duly authorized representative of the company, and attached, issued, to Section One of the company's Liability Insurance Policy, and completed by one or more Coverage Parts for which there is an advance premium indicated on this page.

CERTIFICATE OF INSURANCE

Countersigned by
The Company hereby states that it has issued to the insured named in this certificate a policy of which this certificate is a copy. This certificate is not a policy of insurance. It is a memorandum of the insurance referred to herein at the date of issue hereof and is furnished as a matter of information only, with the understanding that the rights and liabilities of the parties will be governed by the original policy as it may be lawfully amended from time to time. This certificate is incomplete unless attached, when furnished to the holder, to Section One of the Company's Liability Insurance Policy.

# EXHIBIT I

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**BC 391068**

The Continental Insurance Co.
180 Maiden Lane
New York, N. Y.                     11

F. SERVICE COMPANY

Policy No.    SRL

3  34  44  12

Frenkel & Co. Inc.
123 William St.
New York, N. Y. 10038          99 913 659

Producer's
Code

Renewal of:

SRL 3 63 68 59

**Item 1.**
Named
Insured
and Address
(Number and
Street, Town or
City, County
and State)

Amax Inc.
& As Per Schedule A Att.
Amax Center
Greenwich, Conn.  06830

The named insured is
Individual ☐;    Partnership ☐;    Corporation ☐;
Joint Venture ☐;
Other (specify) MINING,SMELTING,REFINING

Business of the named insured is

**Item 2.**
Policy
Period:

From 12:01A .M.,    1/1/85    to    1/1/86
(Hour and Minute)

12:01 A.M., standard time at the address of the named insured as stated herein.
1x 2/5

Audit
Period:  Annual, unless otherwise stated.

Audit Required
☐ Yes    ☐ No

## LIABILITY INSURANCE POLICY – SECTION TWO – DECLARATIONS
### (For Automobile Insurance or General Liability Insurance separately or combined)

**Item 3.** The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance (Dealers) | $ |
| | $ |
| | $ |
| | |
| Comprehensive General Liability Insurance | $  814,571. |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
| | $ |
| | $ |
| | $ |
| | $ |
| **Total Advance Premium for this policy** | $  814,571. |

CONFIDENTIAL

Form numbers of endorsements forming a part of the policy on its effective date: Deposit   532,980.

L7251(7), L6680B

Premium is payable: On effective date of policy $            ; 1st Anniversary $            ; 2nd Anniversary $

This declarations page shall not be binding on the company unless countersigned by a duly authorized representative of the company, and attached, when issued, to Section One of the company's Liability Insurance Policy, and completed by one or more Coverage Parts for which there is an advance premium indicated on this page.

James R. Jensen

# EXHIBIT J

**DECLARATION OF ROBERT GALARDI IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**BC 391068**

*Underwriter*

| CO. USE ONLY | PREMIUM AUDIT BASIS OF ADJUSTMENT | | | Semi-annually | Quarterly | Monthly |
|---|---|---|---|---|---|---|

**UND. WRITING APPROVAL**

The Continental Insurance Company                     11 ◄ Company Code

**Policy No.   SRL**
3 34 74 18

Frenkel and Company, Inc.
123 William Street
New York, New York 10038                99 913 659

Producer's Name and Code ◄

**Renewal of:**
SRL 3 34 64 12

**INSPECTION**

Amax, Inc.
And as Per Schedule A Attached
Amax Center
Greenwich, Conn 06830

Named Insured and Address ◄

The named Insured is:
Individual ☐;   Partnership ☐;   Corporation ☒;
Joint Venture ☐;
Other (specify)

Business of the named insured is:
**Mining, Smelting and Refining**

**Item 2.**
**Policy Period:** From 12:01 A.M.   1-1-86   to   4-1-86
(Hour and Minute)
12:01 A.M., standard time at the address of the named insured as stated herein.

**Audit Period:** Annual, unless otherwise stated.

Audit Required
☒ Yes   ☐ No

## LIABILITY INSURANCE POLICY
### DAILY REPORT

**Item 3.** The insurance afforded is only with respect to such of the following Coverage Parts as are indicated by specific premium charge or charges.

| Coverage Parts | Advance Premiums |
|---|---|
| Basic Automobile Liability Insurance | $ |
| Comprehensive Automobile Liability Insurance | $ |
| Automobile Medical Payments Insurance | $ |
| Garage Insurance | $ |
| Uninsured Motorists Insurance | $ |
| Automobile Physical Damage Insurance | $ |
| Automobile Physical Damage Insurance (Dealers) | $ |
| | $ |
| | $ |
| | $ 453,533 |
| Comprehensive General Liability Insurance | $ |
| Owners', Landlords' and Tenants' Liability Insurance | $ |
| Manufacturers' and Contractors' Liability Insurance | $ |
| Comprehensive Personal Insurance | $ |
| Farmer's Comprehensive Personal Insurance | $ |
| Contractual Liability Insurance | $ |
| Premises Medical Payments Insurance | $ |
| Owners' and Contractors' Protective Liability Insurance | $ |
| Personal Injury Liability Insurance | $ |
| | $ |
| | $ |
| | $ |
| | $ 453,533 |
| **Total Advance Premium for this policy** | $ 312,034. |

Deposit

Forms L725F (S), L6888B, L7189A, GL2119, GL2000, L3199, L6817A, L66888, L7104A, L7165C

LCD on 6-23-86

Premium is payable on the effective date of policy $ ___ ; 1st Anniversary $ ___ ; 2nd Anniversary $ ___

Countersigned by _____

COPY

LIAB 6625 DR CSRL C

1   Alison V. Lippa, No. 160807
    Alan P. Jacobus, No. 206954
2   Vance A. Woodward, No. 231730
    **CARROLL, BURDICK & McDONOUGH** LLP
3   Attorneys at Law
    44 Montgomery Street, Suite 400
4   San Francisco, CA 94104
    Telephone:    415.989.5900
5   Facsimile:    415.989.0932
    Email:    alippa@cbmlaw.com
6             ajacobus@cbmlaw.com
              vwoodward@cbmlaw.com
7   Attorneys for Defendant The Continental Insurance Company

**CONFORMED COPY**
OF ORIGINAL FILED
Los Angeles Superior Court

JUN 19 2008

John A. Clarke, Executive Officer/Clerk

By_____, Deputy
A.E. LAFLEUR-CLAYTON

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                        COUNTY OF LOS ANGELES

10

11   CYPRUS AMAX MINERALS             No. BC 391068
     COMPANY, et al.,
12                                    **DECLARATION OF VANCE WOODWARD IN
                     Plaintiffs,      SUPPORT OF THE CONTINENTAL
13                                    INSURANCE COMPANY'S AND CENTURY
          versus                      INDEMNITY COMPANY'S JOINT MOTION
14                                    TO DISMISS OR STAY THE ACTION BASED
     CONTINENTAL CASUALTY             ON *FORUM NON CONVENIENS***
15   COMPANY, et al.,
16                   Defendants.

17

18        I, Vance Woodward, declare:

19        1.    I am an associate at the Carroll, Burdick & McDonough, LLP law firm in

20   San Francisco, California.

21        2.    I am a member in good standing of the bar of California and New York.

22        3.    I represent The Continental Insurance Company in this action.

23        4.    I make this declaration in support of The Continental Insurance

24   Company's and Century Indemnity Company's Joint Motion to Dismiss or Stay the

25   Action Based on *Forum Non Conveniens*.

26        5.    Attached as **Exhibit 1** to this affidavit is a true and correct copy of the

27   Complaint for Breach of Contract and Declaratory Relief, *Cyprus Amax Minerals Co v.

28   Cont'l Cas. Co.*, No. BC391068 (Cal. Super. Ct., Los Angeles County May 16, 2008).

CBM-IPG\SF408422.1

COPY

1      6     Attached as **Exhibit 2** to this affidavit is a true and correct copy of the

2  Affidavit of Gregory D. Winfree.

3      7.    Attached as **Exhibit 3** to this affidavit is a true and correct copy of the

4  Email from Plumer to Jacobus (Apr. 4, 2008).

5      8.    Attached as **Exhibit 4** to this affidavit is a true and correct copy of the

6  Complaint, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold Inc.*, 08 CV 0212

7  (PKL) (S.D.N.Y. Feb. 28, 2008).

8      9.    Attached as **Exhibit 5** to this affidavit is a true and correct copy of the

9  Letter from Peters to Dedeyan (Dec. 21, 2007).

10      10.   Attached as **Exhibit 6** to this affidavit is a true and correct copy of the

11  Letter from Bitter to Plumer (May 13, 2008).

12      11.   Attached as **Exhibit 7** to this affidavit is a true and correct copy of the

13  First Amended Complaint, *Century Indem. Co. v. Freeport-McMoRan Copper & Gold*

14  *Inc.*, 08 CV 0212 (PKL) (S.D.N.Y. May 9, 2008).

15      12.   Attached as **Exhibit 8** to this affidavit is a true and correct copy of the

16  Letter from Galardi to Peters (Feb. 28, 2008).

17      13.   Attached as **Exhibit 9** to this affidavit is a true and correct copy of

18  excerpts from Freeport-McMoRan Copper & Gold Inc.'s Form 10-K (Dec. 31, 2007), *as*

19  *available at* http://www.fcx.com/news/2008/FCX%202007%2010K.pdf.

20    I certify under penalty of perjury under the laws of the State of California that the

21    foregoing is true and correct.

22

23   June 19, 2008             Van Woodward
      Date                         Vance Woodward

24

25

26

27

28

# EXHIBIT 1

**DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NO. BC 391068**

CONFORMED COPY
OF ORIGINAL FILED
Los Angeles Superior Court

MAY 1 6 2008

John A. Clarke, Executive Officer/Clerk

By _____, Deputy
D.M. SWAIN

1  LAWRENCE A. HOBEL (Bar No. 73364)
   Lawrence.Hobel@hellerehrman.com
2  HELLER EHRMAN LLP
   333 Bush Street
3  San Francisco, California 94104-2878
   Telephone:  (415) 772-6000
4  Facsimile:  (415) 772-6268

5  Attorney for Plaintiffs
   CYPRUS AMAX MINERALS COMPANY,
6  PHELPS DODGE CORPORATION, and AMAX
   METALS RECOVERY INC.

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                   FOR THE COUNTY OF LOS ANGELES

10 CYPRUS AMAX MINERALS                    Case No.:  **BY FAX**
   COMPANY, a Delaware corporation,                  BC391068
11 PHELPS DODGE CORPORATION, a
   New York corporation, and AMAX
12 METALS RECOVERY INC., a               **COMPLAINT FOR BREACH OF**
   Delaware Corporation,                  **CONTRACT AND DECLARATORY**
13                                        **RELIEF**
                  Plaintiffs,
14        v.                             **DEMAND FOR TRIAL BY JURY**

15 CONTINENTAL CASUALTY
   COMPANY, an Illinois Corporation,
16 THE AMERICAN INSURANCE
   COMPANY, a Nebraska Corporation,
17 OLD REPUBLIC INSURANCE
   COMPANY, a Pennsylvania
18 Corporation, TRUCK INSURANCE
   EXCHANGE, a California corporation,
19 THE CONTINENTAL INSURANCE
   COMPANY, a Pennsylvania
20 Corporation, and CENTURY
   INDEMNITY COMPANY, AS
21 SUCCESSOR TO INSURANCE
   COMPANY OF NORTH AMERICA, a
22 Pennsylvania corporation,

23                Defendants.

24

25      Plaintiffs Cyprus Amax Minerals Company ("Cyprus Amax"), Phelps Dodge

26 Corporation ("Phelps Dodge"), and Amax Metals Recovery Inc. ("AMRI") (collectively,

27 "Plaintiffs" or "Cyprus Amax") complain of defendants Continental Casualty Company

28 ("Continental Casualty"), The American Insurance Company ("American"), Old Republic

Heller
Ehrman LLP

---

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

1  Insurance Company ("Old Republic"), Truck Insurance Exchange ("Truck"), The

2  Continental Insurance Company ("Continental Insurance"), Century Indemnity Company

3  ("Century") (collectively, "Defendants") and allege as follows:

## NATURE OF THE ACTION

5        1.     This civil action arises out of Defendants' refusal and failure to reimburse

6  Plaintiffs for certain defense costs and/or indemnity costs incurred in lawsuits alleging

7  bodily injury and resultant damages caused by exposure to talc, asbestos, and other

8  materials allegedly used on the premises, manufactured, sold, handled, trademarked,

9  installed, licensed or distributed by Cyprus Amax and certain of its predecessors

10  (collectively, the "Underlying Actions").

11        2.     Defendants are insurers that sold primary insurance policies (the "Policies") to

12  Plaintiffs, all of which include a duty to defend and to indemnify.  Defendants previously

13  have provided coverage to Plaintiffs for the costs of defense and indemnity for the

14  Underlying Actions and each of the Defendants currently are defending the Underlying

15  Actions and, as appropriate, providing indemnity.

16        3.     This action seeks damages arising from all Defendants for breach of either

17  their contractual duties under their Policies or a 2007 Confidential Settlement and Defense

18  Cost Sharing Agreement between Cyprus Amax and certain Defendants (the "2007

19  Agreement") for certain disputed defense costs.

20        4.     This action also seeks a declaration, pursuant to California Code of Civil

21  Procedure Section 1060, of the contractual rights, duties and responsibilities of certain of

22  the Defendants under their Policies as to the scope of their coverage for defense and

23  indemnity incurred in relation to certain of the Underlying Actions that these Defendants

24  recently have wrongfully asserted they have no obligation to pay in full.

## THE PARTIES

26        5.     Plaintiff Cyprus Amax Minerals Company is a corporation organized and

27  existing under the laws of the State of Delaware with its principal place of business in

28

Heller
Ehrman LLP

2

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

Phoenix, Arizona. Prior to the 1993 merger that created Cyprus Amax Minerals Company, there were two separate companies: (a) AMAX Inc. and (b) Cyprus Minerals Company. In 1999, Cyprus Amax merged with a subsidiary of Phelps Dodge, but kept the name Cyprus Amax Minerals Company.

6.     Plaintiff Amax Metals Recovery Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business in Braithwaite, Louisiana. AMRI is a subsidiary of Cyprus Amax.

7.     Plaintiff Phelps Dodge Corporation is a corporation organized and existing under the laws of the State of New York with its principal place of business in Phoenix, Arizona. Phelps Dodge is the direct parent of Cyprus Amax and the indirect parent of AMRI.

8.     Cyprus Amax is informed and believes, and thereon alleges, that defendant Continental Casualty is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois. Continental Casualty has consented to the jurisdiction and venue of this Court.

9.     Cyprus Amax is informed and believes, and thereon alleges, that defendant American is a corporation organized and existing under the laws of the State of Nebraska with its principal place of business in Novato, California. American is authorized to do business, and does business, in the State of California. American has consented to the jurisdiction and venue of this Court.

10.     Cyprus Amax is informed and believes, and thereon alleges, that defendant Old Republic is a corporation organized and existing under the laws of the State of Pennsylvania with its principal place of business in Greensburg, Pennsylvania. Old Republic is authorized to do business, and does business, in the State of California. Old Republic has consented to the jurisdiction and venue of this Court.

11.     Cyprus Amax is informed and believes, and thereon alleges, that defendant Truck is a corporation organized and existing under the laws of the State of California with

Heller
Ehrman LLP

3

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

1  its principal place of business in Los Angeles, California. Truck is authorized to do

2  business, and does business, in the State of California. Truck has consented to the

3  jurisdiction and venue of this Court.

4      12.    Cyprus Amax is informed and believes, and thereon alleges, that defendant

5  Continental Insurance is a corporation organized and existing under the laws of the State of

6  Pennsylvania with its principal place of business in Chicago, Illinois. Continental Insurance

7  is authorized to do business, and does business, in the State of California.

8      13.    Cyprus Amax is informed and believes, and thereon alleges, that defendant

9  Century is a corporation organized and existing under the laws of the State of Pennsylvania

10  with its principal place of business in Philadelphia, Pennsylvania. Century is authorized to

11  do business, and does business, in the State of California. Century is the successor to CCI

12  Insurance Company, as successor to Insurance Company of North America (collectively,

13  "Century").

14  <u>**VENUE**</u>

15      14.    Venue is proper in this Court pursuant to the California Code of Civil Practice

16  § 395 because at least one of the Defendants resides in Los Angeles County. In addition,

17  Defendants Continental Casualty, American, Truck and Old Republic have consented to

18  venue in this Court.

19  <u>**THE INSURANCE POLICIES**</u>

20      15.    Each of the Defendants issued liability insurance policies, as alleged below.

21      16.    The Policies obligate each of the Defendants to defend and indemnify

22
23  Plaintiffs in certain of the Underlying Actions.

24      17.    The Policies are valid and binding contracts of insurance.

25      18.    Plaintiffs have complied with all the terms and conditions precedent of the

26  Policies, and are entitled to the benefit of insurance provided by them.

27
28

Heller
Ehrman LLP

4

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

### The Continental Casualty Policies

19.    Continental Casualty sold, inter alia, the following liability insurance policies (collectively, the "Continental Casualty Policies") to Cyprus Minerals Company, as well as its predecessors and subsidiaries including Sierra Talc Company, United Sierra Corporation and Cyprus Industrial Minerals Company (collectively, "Cyprus") :

   a.    Policy No. CL 4234386, effective October 15, 1964 to January 1, 1965;

   b.    Policy No. CCP 240 505-10-90 R, effective November 1, 1969 to January 1, 1972

   c.    Policy No. CCP 967-72-15 R, effective November 1, 1972 to November 1, 1974.

20.    Cyprus Amax is the corporate successor to Cyprus and is entitled to coverage under the Continental Casualty Policies.

### The American Insurance Policies

21.    American sold the following liability insurance policies to Cyprus (collectively, the "American Policies"):

   a.    Policy No. K2238871, effective May 23, 1961 to May 23, 1962;

   b.    Policy No. K2257131, effective May 23, 1962 to May 23, 1963;

   c.    Policy No. K2276210, effective May 23, 1963 to May 23, 1964;

   d.    Policy No. K2290639, effective May 23, 1964 to October 15, 1964.

22.    Cyprus Amax is the corporate successor to Cyprus and is entitled to coverage under the American Policies.

### The Old Republic Insurance Policies

23.    Old Republic sold the following liability insurance policies to Cyprus (collectively, the "Old Republic Policies"):

   a.    Policy No. ZC-46316, effective July 1, 1985 to July 1, 1986;

   b.    Policy No. ZC-46784, effective July 1, 1986 to July 1, 1987;

   c.    Policy No. ZC-50105, effective July 1, 1988 to July 1, 1988.

24.    Cyprus Amax is the corporate successors to Cyprus and entitled to coverage under the Old Republic Policies.

**The Truck Insurance Policies**

25.     Truck sold the following liability insurance policies to Cyprus (collectively, the "Truck Policies"):

     a.     Policy No. 350-41-34, effective October 1, 1974 to July 1, 1980.

26.     Cyprus Amax is the corporate successor to Cyprus and entitled to coverage under the Truck Policies.

**The Continental Insurance Policies**

27.     Continental Insurance sold the following liability insurance policies to AMAX, Inc. and AMRI (collectively, the "Continental Insurance Policies"):

     a.     Policy No. L 3 32 08 62, effective January 1, 1975 to January 1, 1976;

     b.     Policy No. L 3 61 88 26, effective January 1, 1976 to January 1, 1977;

     c.     Policy No. L 1 18 43 28, effective January 1, 1977 to January 1, 1980;

     d.     Policy No. SRL 3 63 59 13, effective January 1, 1980 to January 1, 1981;

     e.     Policy No. SRL 3 63 60 99, effective January 1, 1981 to January 1, 1982;

     f.     Policy No. SRL 3 63 62 91, effective January 1, 1982 to January 1, 1983;

     g.     Policy No. SRL 3 63 66 77, effective January 1, 1983 to January 1, 1984;

     h.     Policy No. SRL 3 63 68 59, effective January 1, 1984 to January 1, 1985;

     i.     Policy No. SRL 3 34 44 12, effective January 1, 1985 to January 1, 1986;

     j.     Policy No. SRL 3 34 74 18, effective January 1, 1986 to April 1, 1986.

28.     Amax Nickel Refining Company, Inc., was a named insured under the Continental Insurance policies sold to AMAX, Inc.  AMRI is the corporate successor to Amax Nickel Refining Company, Inc. and is entitled to coverage under the Continental Insurance Policies.

**The Century Indemnity Policies**

29.     Century sold the following liability policies to American Metal Climax, Inc. and/or to AMAX Inc. and AMRI (collectively, the "Century Policies"):

Heller
Ehrman LLP

6

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

a.    Policy No. LB 39736, effective January 1, 1965 to January 1, 1968;

b.    Policy No. ALB 47618, effective January 1, 1968 to January 1, 1971;

c.    Policy No. ALB 47212, effective January 1, 1971 to January 1, 1972;

d.    Policy No. ALB 47240, effective January 1, 1972 to January 1, 1974;

e.    Policy No. ALB 47276, effective January 1, 1974 to January 1, 1975;

f.    Policy No. ALB 47279, effective January 30, 1974 to January 1, 1975.

30.    Amax Nickel Refining Company, Inc., was insured under the Century policies as a subsidiary of American Metal Climax, Inc and/or AMAX, Inc. AMRI is the corporate successor to Amax Nickel Refining Company, Inc. and is entitled to coverage under the Century Policies.

## THE 2007 AGREEMENT

31.    Cyprus Amax, as successor to Cyprus, entered into the 2007 Agreement with Defendants Continental Casualty, American, Old Republic and Truck to settle a dispute over coverage for certain talc-related and other claims, including settlement of a lawsuit over coverage for such claims pending in the Los Angeles Superior Court.

32.    The 2007 Agreement sets out the settling parties' respective duties and responsibilities toward one another, including the payment of defense costs, related to the claims covered by the Agreement, which claims include certain of the Underlying Actions described below.

33.    The 2007 Agreement provides that any breach shall be enforced in an action in the Los Angeles Superior Court and shall be controlled and interpreted according to the laws of the State of California.

34.    The 2007 Agreement is a valid and binding contract.

35.    Cyprus Amax has complied with all the terms and conditions precedent of the 2007 Agreement and is entitled to the benefits provided by it.

## THE UNDERLYING ACTIONS

36.    The Underlying Actions seek damages from AMRI directly or Cyprus Amax (i) as successor to AMAX, Inc. ("AMAX"); and (ii) as successor to Cyprus Minerals

Heller
Ehrman LLP

7

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

Company ("Cyprus") or its subsidiaries or predecessors. AMAX and Cyprus each separately purchased insurance prior to their merger in 1993. Certain of the Underlying Actions at issue exclusively arise out of claims for bodily injury asserted against AMAX and/or AMRI related to AMRI's operations of a nickel refinery in Braithwaite, Louisiana (the "AMAX Actions"). Certain of the Underlying Actions at issue arise out of claims for bodily injury asserted against Cyprus and/or its subsidiaries or predecessors, including Sierra Talc (the "Cyprus Actions").

### A.    The Defense Costs Dispute (All Defendants)

37.    Pursuant to either the Policies and/or the 2007 Agreement, the Underlying Actions obligate the Defendants to pay defense costs incurred by Cyprus Amax.

38.    Defendants previously have acknowledged a duty and obligation under the Policies and/or the 2007 Agreement to defend Cyprus Amax in the Underlying Actions.

39.    Continental Casualty, American, Old Republic, and Truck have defended the Cyprus Actions pending, inter alia, in California and Ohio against Plaintiff Cyprus Amax as successor to Cyprus.

40.    Century and Continental Insurance have defended the AMAX Actions pending exclusively in Louisiana against Plaintiff AMRI and/or Cyprus Amax as successor to AMAX, Inc.

41.    Beginning in February 2007, Cyprus Amax commenced the review of commingled AMAX and Cyprus documents potentially responsive to outstanding discovery requests in both the Cyprus Actions and the AMAX Actions (the "Document Review").

42.    The Document Review was undertaken by Cyprus Amax as part of its defense of the Cyprus Actions and the AMAX Actions, specifically those actions where pending discovery requests potentially required production of certain historic records.

43.    On behalf of Cyprus Amax, Enviro-Tox Loss Services, Inc. ("ETLS") provided notice and information regarding the Document Review to Defendants and to

Heller
Ehrman LLP

8

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

1  National Coordinating Counsel for the Cyprus Actions and the AMAX Actions before or

2  shortly after the Document Review commenced.

3      44.    Upon receipt of invoices for the Document Review, all of the Defendants

4  except Truck initially made payments of defense costs incurred by Cyprus Amax related to

5  the Document Review.

6      45.    The total costs of the Document Review is $6.8 million.

7      46.    According to the terms of the Policies and the 2007 Agreement, Defendants

8  have a duty and obligation to reimburse Cyprus Amax for the costs of the Document

9  Review as defense costs.

10     47.    Each of the Defendants currently dispute their obligation to pay for the costs

11 of the Document Review.

12     **B.    The Allocation Dispute (AMAX Defendants Only)**

13

14     48.    Pursuant to the Policies issued by Continental Insurance and Century (the

15 "AMAX Defendants") to AMAX and AMRI, the AMAX Defendants are obligated to

16 defend and to pay indemnity incurred by AMAX and AMRI in the AMAX Actions.

17     49.    The AMAX Defendants previously have acknowledged a duty and obligation

18 to pay defense and indemnity under the Policies for the AMAX Actions.

19     50.    Beginning in May 2008, the AMAX Defendants have taken the position that

20 the amounts they have paid and may be forced to pay in the future as defense and/or

21 indemnity in the AMAX Actions are not wholly attributable to bodily injury occurring

22 during the period of coverage provided by the Century and Continental Insurance Policies.

23     51.    A present controversy exists with respect to the rights of AMAX and AMRI

24 against the AMAX Defendants as to the parties rights, duties and obligations under the

25 Policies related to the scope of defense and indemnity for the claims stated in the AMAX

26 Actions.

27

28

Heller
Ehrman LLP

9

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

## FIRST CAUSE OF ACTION

### (Breach of Contract Against All Defendants)

52.    Cyprus Amax repeats and incorporates by reference the allegations of Paragraphs 1 to 51 as though fully set forth herein.

53.    Defendants sold written insurance contracts to Cyprus Amax.

54.    Certain Defendants entered into the 2007 Agreement with Cyprus Amax.

55.    Each of the Defendants have breached their contracts of insurance and/or the 2007 Agreement by refusing and failing to pay fully the defense costs associated with the Document Review.

56.    As a direct result of the breach, Cyprus Amax has been deprived of the benefits of the insurance coverage and the 2007 Agreement. Cyprus Amax has been forced to pay substantial sums as defense costs arising from the Underlying Actions and Cyprus Amax has incurred damages as a result. Cyprus Amax is entitled to recover those damages plus interest.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment Against AMAX Defendants)

57.    Cyprus Amax repeats and incorporates by reference the allegations of Paragraphs 1 to 55 as though fully set forth herein.

58.    The AMAX Defendants have a duty under the terms of their respective insurance policies to defend and to pay indemnity incurred in connection with the AMAX Actions.

59.    Century and Continental Insurance dispute their obligations to pay in full defense and indemnity owed by Cyprus Amax and AMRI as a result of the AMAX Actions.

60.    Cyprus Amax seeks a declaration of rights concerning the scope of coverage owed by Century and Continental Insurance in respect to the Policies issued to AMAX and AMRI related to the AMAX Actions.

61.    By reason of the foregoing, an actual and justiciable controversy exists

10

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

Heller
Ehrman LLP

1  between Cyprus Amax and the AMAX Defendants concerning the contractual rights, duties

2  and obligations of the parties relating to the scope of coverage for defense and indemnity

3  for the AMAX Actions.

4      62.    A judicial declaration is necessary and appropriate, under California Code of

5  Civil Procedure section 1060, so that Cyprus Amax may ascertain its rights in light of its

6  existing and imminent obligations to pay sums for defense and indemnity in the AMAX

7  Actions.  The issuance of declaratory relief by this Court will terminate some or all of the

8  existing controversy between the parties.

9      WHEREFORE, Cyprus Amax prays for relief as set forth below.

## PRAYER FOR RELIEF

11  Plaintiffs requests that the Court enter judgment as follows:

12  1.    With respect to the First Cause of Action, judgment against Defendants and

13  an award of damages according to proof at trial, plus interest thereon at the maximum legal

14  rate;

15  2.    With respect to the Second Cause of Action, for a declaration that:

16      a.    Each of the AMAX Defendants, pursuant to all the terms of its

17  respective policies, is jointly and severally liable for all sums that Cyprus Amax becomes

18  obligated to pay, through judgment, settlement, or otherwise, with respect to:

19          (i)    Each asbestos-related personal injury claim in which any part of the

20          claimant's injury is alleged or shown to have occurred during the

21          policy period of that policy; and

22          (ii)    Each asbestos-related personal injury claim in which no specific

23          period of injury has been alleged or established before the termination

24          of the claim.

25  Such obligation of each defendant to make full payment on behalf of Cyprus Amax is

26  subject only to underlying and upper limits of liability and percentage participation limits, if

27  any, expressly and unambiguously stated in its respective Policies.

28      (b)    Each of the AMAX Defendants, pursuant to all the terms of its

Heller
Ehrman LLP

11

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

1  respective Policies, is jointly and severally obligated to defend Cyprus Amax unless the

2  allegations of the claimant clearly preclude the possibility that any part of the claimant's

3  injury could have occurred during any one of that defendant's policy periods. Such

4  obligation under each of the Policies to defend in full is subject only to underlying and

5  upper limits of liability or percentage participation limits, if any, that expressly and

6  unambiguously apply to the duty to defend, or to policy provisions that otherwise expressly

7  and unambiguously limit the duty to defend.

8         (c)    For purposes of insurance policy coverage, a claimant's asbestos-

9  related personal injury is deemed to begin on the date of the claimant's first exposure to

10  asbestos and to continue to occur until the date of the claimant's death.

11      3.    With respect to all Claims for Relief:

12         a.    For Plaintiff's attorneys' fees and costs of suit incurred herein; and

13         b.    For such other, further, and/or different relief as the Court may deem

14  just and proper.

15  DATED: May 16, 2008              HELLER EHRMAN LLP

16                                  By _____

17                                     Lawrence A. Hobel
                                       Attorneys for Plaintiffs
18                                     CYPRUS AMAX MINERALS COMPANY,
                                       PHELPS DODGE CORPORATION, and
19                                     AMAX METALS RECOVERY INC.

20

21              **DEMAND FOR JURY TRIAL**

22     Plaintiff hereby demands a jury trial for those claims that may be tried by a jury

23  under the law.

24

25

26

27

28

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY
JURY

1     DATED: May 16, 2008        HELLER EHRMAN LLP

2

3                             By _____

                                Lawrence A. Hobel

4                             Attorneys for Plaintiffs

                            CYPRUS AMAX MINERALS COMPANY,

5                             PHELPS DODGE CORPORATION, and

                            AMAX METALS RECOVERY INC.

6

7    0

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Heller
Ehrman LLP

28

---

                                          13

COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT; DEMAND FOR TRIAL BY JURY

# EXHIBIT 2

**DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

***CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.***

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NO. BC 391068**

MAY 27 2008

RECEIVED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

CENTURY INDEMNITY COMPANY, AS             :
SUCCESSOR TO CCI INSURANCE                :
COMPANY, AS SUCCESSOR TO                  :      Index No. 08 Civ. 02012 (PKL)
INSURANCE COMPANY OF NORTH                :
AMERICA and THE CONTINENTAL               :
INSURANCE COMPANY,                        :      **AFFIDAVIT OF**
                                          :      **GREGORY D. WINFREE**
                      Plaintiffs,         :
                                          :
            v.                            :
                                          :
FREEPORT-MCMORAN COPPER & GOLD            :
INC., AS THE CLAIMED SUCCESSOR TO         :
PHELPS DODGE CORPORATION, AS THE          :
CLAIMED SUCCESSOR TO CYPRUS               :
AMAX MINERALS COMPANY, AS THE             :
CLAIMED SUCCESSOR TO AMAX, INC.,          :
AS SUCCESSOR TO AMERICAN METAL            :
CLIMAX, INC.,                             :
                                          :
                      Defendant.          :
                                          :
------------------------------------------------------------x

State of Arizona        )
                        ) ss:
County of Maricopa      )


        GREGORY D. WINFREE, being duly sworn, deposes and states as follows:

        1.  I submit this Affidavit in support of the motion to dismiss by Freeport-McMoRan

Copper & Gold Inc. ("Freeport").  Unless stated upon information and belief, I have personal

knowledge of the facts stated herein and affirm that such statements of fact are true and correct

to the best of my knowledge.

2.  I am Chief Litigation Counsel with Freeport-McMoRan Copper & Gold Inc. ("Freeport").  In my capacity as Chief Litigation Counsel, I am responsible for managing all of the active litigation involving Freeport and its subsidiaries, affiliates, and business units.  I have held this position since March 2007 at an office located in Phoenix, Arizona.  Previously, I was employed by Phelps Dodge Corporation ("Phelps Dodge") as Senior Counsel-Litigation, a position I held from June 2004.

3.  Beginning in February 2007, Cyprus Amax Minerals Company ("Cyprus Amax") commenced a review of 18,000 boxes of commingled AMAX Inc. ("AMAX") and Cyprus Minerals Company ("Cyprus") documents.

4.  The review of the above-referenced documents was necessary in my judgment to comply with outstanding discovery requests in certain lawsuits seeking damages for bodily injury related to Amax Metals Recovery, Inc.'s ("AMRI") historic operations.  These lawsuits were filed in Louisiana against AMRI (the "AMRI Actions").

5.  The review of the above-referenced documents also was necessary to comply with certain outstanding discovery requests in certain lawsuits seeking damages for bodily injury related to Cyprus Minerals Company predecessors.

6.  The document review took place in Phoenix, Arizona, and the law firm that conducted the review is based in Phoenix, Arizona.

7.   Insurance coverage for the Cyprus component of the document review is governed by a confidential settlement agreement (the "2007 Agreement" or "Agreement") entered into by Cyprus Amax and four primary insurers providing coverage for the historic operations of Cyprus.  I have reviewed the 2007 Agreement.  The existence of the 2007 Agreement is not confidential, although the Agreement generally is confidential.  Consistent with the 2007 Agreement, any dispute must be adjudicated in the Superior Court of California, County of Los Angeles, and will be controlled by and interpreted according to the laws of the State of California.

8.   HellerEhrman LLP, outside insurance counsel for Cyprus Amax, apprised the parties to the 2007 Agreement in advance -- pursuant to the Agreement's terms -- that Cyprus Amax intended to disclose the general nature of the Agreement and its application to the current dispute and the substance of those specific terms related to choice of forum and choice of law requirements.

9.   I participated in the pre-litigation claim discussions with Continental and Century.  Freeport and its subsidiaries negotiated in good faith with Continental and Century, including attending face-to-face meetings, providing requested information and allowing them to visit the site of the document review, which was ongoing at the time.  I relied upon the impression they conveyed that they were evaluating the claim for purposes of engaging in a serious claims discussion.  There was no prior warning that they intended to file a lawsuit and we were completely blindsided by the filing of this lawsuit.

Gregory D. Winfree

Sworn to before me this 22nd day of May, 2008

Notary Public

OFFICIAL SEAL
VICTORIA L. BELLAMY
NOTARY PUBLIC – STATE OF ARIZONA
No. 82486 - MARICOPA COUNTY
My Comm. Expires May 5, 2011

3

# EXHIBIT 3

DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO. BC 391068

| | |
|---|---|
| **From:** | Plumer, Mark J. [Mark.Plumer@hellerehrman.com] |
| **Sent:** | Friday, April 04, 2008 6:28 AM |
| **To:** | Jacobus, Alan; Heskins@whiteandwilliams.com |
| **Cc:** | Cirando, Lisa M. |
| **Subject:** | Century Indemnity Co., et al. v. Freeport-McMoRan Copper & Gold Inc., No. 08-CV-0212 (PKL) (SDNY) |

**Attachments:**        791570_1.DOC



791570_1.DOC (34 KB)

Alan and Shane,

We appreciate Century and Continental's ("plaintiffs'") willingness to consider stipulating to the dismissal of Freeport-McMoRan Copper & Gold Inc. without prejudice from the lawsuit in an effort to avoid unnecessary motion practice. This email responds to your request that we explain the reason for the dismissal and that we provide adequate assurances that a complete resolution of this disput <<791570_1.DOC>> e may be had as against the remaining parties alone.

Plaintiffs' claim is based solely on policies issued Amax Inc. or its predecessors and historic records generated by Amax, Inc. and/or Cyprus Minerals Company or its predecessors. It is undisputed that Amax, Inc. merged into Cyprus Minerals Company and immediately changed its name to Cyprus Amax Minerals Company. It is also undisputed that Cyprus Amax Minerals Company thereafter merged with a subsidiary of Phelps Dodge, but kept the name Cyprus Amax Minerals Company. Thus, Cyprus Amax Minerals Company, a currently existing corporation, is the corporate successor to the Amax, Inc and predecessor coverage and is therefore entitled to any coverage available under the Amax policies. Moreover, any documents implicated by plaintiffs' claims arise out of the operations of Cyprus Amax Minerals Company or its corporate predecessors. No other members of the Freeport McMoRan corporate family are necessary for plaintiffs to obtain complete relief regarding the declaratory judgment sought in this action regarding the Amax policies. This said, we do not propose to dismiss Phelps Dodge Corporation, whom we have determined played an active role in the facts and circumstances underlying plaintiffs' Complaint as Cyprus Amax Minerals Company's immediate parent. Freeport McMoRan Copper & Gold Inc., as the ultimate parent of Cyprus Amax Minerals Company and Phelps Dodge Corporation is too far removed from the facts, is unnecessary and therefore should be dismissed from the case.

In return for the plaintiffs' agreement to dismiss Freeport-McMoRan Copper & Gold Inc. without prejudice, Freeport-McMoRan Copper & Gold Inc will agree to provide any discovery relevant to the litigation. A dismissal without prejudice also will not bar Plaintiffs from seeking to re-name Freeport-McMoRan Copper & Gold Inc. should the need arise.

Please confirm by reply email that you will stipulate to the Rule 41(a)(1)(A)(ii) dismissal of Freeport-McMoRan without prejudice and the attached draft stipulation is acceptable. Thank you.

Mark J. Plumer | Attorney | HellerEhrmanLLP | 1717 Rhode Island Avenue, NW | Washington, DC 20036
tel: +1.202.912.2021 | fax: +1.202.912.2202 | email: mark.plumer@hellerehrman.com | web: www.hellerehrman.com

# EXHIBIT 4

DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., v. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO. BC 391068

JUDGE LEISURE

08 CV 02012

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

CENTURY INDEMNITY COMPANY, AS
SUCCESSOR TO CCI INSURANCE
COMPANY, AS SUCCESSOR TO
INSURANCE COMPANY OF NORTH
AMERICA and THE CONTINENTAL
INSURANCE COMPANY

           Plaintiffs,

versus

FREEPORT-MCMORAN COPPER &
GOLD INC., AS THE CLAIMED
SUCCESSOR TO PHELPS DODGE
CORPORATION, AS THE CLAIMED
SUCCESSOR TO CYPRUS AMAX
MINERALS COMPANY, AS THE
CLAIMED SUCCESSOR TO AMAX,
INC., AS SUCCESSOR TO AMERICAN
METAL CLIMAX, INC.

           Defendant.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

*Rec'd*
*3/4/08*
*DNCII*

JURY TRIAL DEMANDED

COMPLAINT

CIVIL ACTION NO. _____



RECEIVED
FEB 2 8 2008
U.S.D.C. S.D.N.Y.
CASHIERS

## COMPLAINT

Plaintiffs Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America) ("Century") and The Continental Insurance Company ("Continental") invoke the jurisdiction of this court pursuant to 28 U.S.C.A. § 1332 (diversity of citizenship) and plead as their complaint against defendant Freeport-McMoRan Copper and Gold Inc., as the claimed successor to Phelps Dodge Corporation, as the claimed successor to Cyprus Amax Minerals Company, as the claimed successor to Amax, Inc., as successor to American Metal Climax, Inc. ("Freeport McMoRan") as follows:

PHLDMS1 4085092v.1

### INTRODUCTION

1.     In this insurance coverage action, Century and Continental seek a declaratory judgment that the liability insurance policies Century and Continental issued to Amax, Inc. and/or American Metal Climax, Inc. (collectively, "Amax") provide no insurance coverage for the costs Freeport-McMoRan claims it has incurred and continues to incur in its effort to assimilate the corporate records of Amax into Freeport-McMoRan's own corporate records (the "Corporate Records Assimilation Project").

### THE PARTIES

2.     Plaintiff Century is a corporation that is incorporated in the Commonwealth of Pennsylvania and whose principal place of business is in Philadelphia, Pennsylvania.  Century, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Pennsylvania.

3.     Plaintiff Continental is a corporation that is incorporated in the Commonwealth of Pennsylvania and whose principal place of business is in Chicago, Illinois.  Continental, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Pennsylvania and Illinois.

4.     Defendant Freeport-McMoRan is a corporation that is incorporated in the State of Delaware and whose principal place of business is in New Orleans, Louisiana.  Freeport-McMoRan, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Delaware and Louisiana.

### AMOUNT IN CONTROVERSY

5.     Freeport McMoRan claims it has incurred $3,900,000 through December 2007 and that it will incur a total of $7,800,000 by year-end 2008 for the Corporate Records Assimilation Project.  The parties dispute whether (a) Freeport McMoRan is entitled to coverage under the policies that Century and Continental issued to Amax,  and (b) even if Freeport

McMoRan is entitled to coverage, whether Century and Continental are responsible for these costs.

## JURISDICTION

6.      Jurisdiction is proper in this court under 28 U.S.C.A. § 1332 (diversity of citizenship) because this is a civil action between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

## VENUE

7.      Venue is proper in this court under 28 U.S.C.A. § 1391 (a) and 28 U.S.C.A. § 1391 (c) because Freeport-McMoRan is a defendant corporation that resides in this judicial district because it is subject to personal jurisdiction in this district at the date of commencement of this action.

8.      Venue is further proper in this court under 28 U.S.C.A. § 1391 (a) and 28 U.S.C.A. § 1391 (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF CENTURY'S AND CONTINENTAL'S CLAIM

9.      On January 1, 1958, Climax Molybdenum Company merged with American Metals Company to form American Metal Climax, Inc.

10.     On or after January 1, 1975, American Metal Climax, Inc. became Amax, Inc.

11.     On or around November 15, 1993, Amax, Inc. merged with Cyprus Minerals Company to form Cyprus Amax Minerals Company.

12.     On December 2, 1999, Phelps Dodge Corporation acquired Cyprus Amax Minerals Company.

13.     On March 19, 2007, Freeport-McMoRan acquired Phelps Dodge Corporation.

14.     Century issued the following liability insurance policies to Amax:

-3-

(a)    Policy No. LB 39736 for the January 1, 1965 to January 1, 1968 policy period;

(b)    Policy No. ALB 47168 for the January 1, 1968 to January 1, 1971 policy period;

(c)    Policy No. ALB 47212 for the January 1, 1971 to January 1, 1972 policy period;

(d)    Policy No. ALB 47240 for the January 1, 1972 to January 1, 1974 policy period;

(e)    Policy No. ALB 47276 for the January 1, 1974 to January 1, 1975 policy period; and

(f)    Policy No. ALB 47279 for the January 30, 1974 to January 1, 1975 policy period.

15.    Continental issued the following primary, occurrence-based, liability insurance policies to Amax:

(a)    Policy No. L-3 32 08 62 for the January 1, 1975 to January 1, 1976 policy period;

(b)    Policy No. L-3 61 88 26 for the January 1, 1976 to January 1, 1977 policy period;

(c)    Policy No. L 1 18 43 28 for the January 1, 1977 to January 1, 1980 policy period;

(d)    Policy No. SRL-3 63 59 13 for the January 1, 1980 to January 1, 1981 policy period;

-4-

(e)    Policy No. SRL 3 63 60 99 for the January 1, 1981 to January 1, 1982 policy period;

(f)    Policy No. SRL 3 63 62 91 for the January 1, 1982 to January 1, 1983 policy period;

(g)    Policy No. SRL 3 63 66 77 for the January 1, 1983 to January 1, 1984 policy period;

(h)    Policy No. SRL 3 63 68 59 for the January 1, 1984 to January 1, 1985 policy period;

(i)    Policy No. SRL 3 34 44 12 for the January 1, 1985 to January 1, 1986 policy period;

(j)    Policy No. SRL 3 34 74 18 for the January 1, 1986 to April 1, 1986 policy period.

16.    Beginning in April 2005, Phelps Dodge Corporation began to ship corporate documents from its locations around the country to Phoenix, Arizona to review the documents and to assimilate those records into its general corporate records.

17.    Beginning in February 2007, Phelps Dodge Corporation undertook the review and corporate assimilation of the documents it obtained from Cyprus Amax Minerals Company when Phelps Dodge Corporation acquired Cyprus Amax Minerals Company in 1999.

18.    Phelps Dodge Corporation neither sought nor obtained the consent of Century or Continental before it began the review and corporate assimilation of the Cyprus Amax Minerals Company records.

19.    Since March 2007, Freeport-McMoRan has continued the review and corporate assimilation of the Cyprus Amax Minerals Company records.

20.    Freeport-McMoRan neither sought nor obtained the consent of Century or Continental before it continued the review and corporate assimilation of the Cyprus Amax Minerals Company records.

21.    Through December 2007, Freeport-McMoRan claims the review and corporate assimilation of the Cyprus Amax Minerals Company records cost $3,900,000.

22.    Through the project's completion, Freeport-McMoRan claims the review and corporate assimilation of the Cyprus Amax Minerals Company records will cost an additional $3,900,000, for a total of $7,800,000.

23.    Freeport-McMoRan claims the insurance policies Century and Continental issued to Amax cover the cost of the assimilation of the Cyprus Amax Minerals Company corporate records into Freeport-McMoRan's corporate records.

24.    Century and Continental deny any obligation for the cost of the Corporate Records Assimilation Project.

25.    An actual controversy exists between Century and Continental, on the one hand, and Freeport-McMoRan, on the other hand, over whether the insurance policies cover the cost of the Corporate Records Assimilation Project.

### COUNT I

26.    Century and Continental seek a declaratory judgment under 28 U.S.C.A. § 2201 that the insurance policies issued to Amax do not provide coverage for the cost of the Corporate Records Assimilation Project on the following grounds:

(a)    The costs incurred are not defense costs within the meaning of the policies;

(b)     Century and Continental are not responsible for costs Freeport-McMoRan voluntarily incurs;

(c)     Century and Continental are not responsible for costs Freeport-McMoRan incurred without Century's and Continental's consent;

(d)     Century and Continental are not responsible for unreasonable and/or unnecessary costs;

(e)     Freeport-McMoRan is neither the named insured nor a successor entitled to coverage under the liability insurance policies that Century and Continental issued to Amax; and

(f)     Any other grounds stemming from the policies, the law, or otherwise.

### DEMAND FOR JUDGMENT

Wherefore, Century and Continental demand judgment, as follows:

1.    A declaratory judgment that Century and Continental have no obligation to pay for Freeport-McMoRan's Corporate Records Assimilation Project;

2.    Alternatively, should the court determine that Century and Continental have an obligation to pay any portion of the Corporate Records Assimilation Project, a declaratory judgment over the respective rights and obligations of the parties under the Century and Continental policies, and declaratory judgment for the amount of any obligation of Century and/or Continental to pay for the Corporate Records Assimilation Project;

3.    Costs;

4.    All other relief to which Century and Continental are entitled.

-7-

Dated:  February 28, 2008.

WHITE AND WILLIAMS LLP

By: _Rafael Vergara_

Rafael Vergara (RV-4098)
White and Williams LLP
One Penn Plaza, Suite 1801
New York, NY 10119
Phone: 212-244-9500
          -and-
Shane R. Heskin (SH-9984)
White and Williams LLP
1800 One Liberty Place
Philadelphia, Pennsylvania  19103
Telephone:  (215) 864-7000

COLLIAU ELENIUS MURPHY
CARLUCIO KEENER & MORROW

By: _Marian S. Hertz_

Marian S. Hertz (MSH-9644)

40 Wall Street, 7th Floor
New York, New York 10005
Telephone:  (212) 440-2743

and

Gretchen A. Ramos (pro hac vice pending)
Alan P. Jacobus (pro hac vice pending)
CARROLL BURDICK & McDONOUGH
L.L.P.
44 Montgomery Street
San Francisco, California 94104
Telephone: (415) 989-1900

Attorneys for Plaintiff The Continental
Insurance Company

-8-

# EXHIBIT 5

DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO. BC 391068

# Enviro-Tox Loss Services, Inc.

*2421 Callender Rd. Suite 123*
*Mansfield, TX 76063*
*www.etls.net*

*Larry Poling and Joseph Peters*
*Phone: 817-561-9675*
*Fax: 817-561-9678*
*P.O. Box 172859*
*Arlington, TX 76017*

*Gene Waymon*
*Phone: 508-746-3190*
*Fax: 508-746-4247*
*P.O. Box 3253*
*Plymouth, MA 02361*

December 21, 2007

Margo Dedeyan
Claims Specialist
Resolute Management, Inc.
Mid-Atlantic Division
United Plaza-Suite 700
30 South 17th Street
Philadelphia, Pa   19103

Certified Mail, Return Receipt Requested
7006 0100 0002 2199 9796

Robert Galardi
Claim Specialist
CNA
Law Department
Environmental & Mass Tort Claims
Cranbury Executive Center
1249 South River Road, Suite 300
Cranbury, NJ   08512

Certified Mail, Return Receipt Requested
7006 0100 0002 2199 9789

Re:  Freeport-McMoRan Copper & Gold Inc. Document Review Project (Revlon Project)

Dear Ms. Dedeyan and Mr. Galardi:

Thank you for meeting with us on December 6, 2007 in Philadelphia. At the meeting Freeport-McMoRan Copper & Gold Inc. (FCX) agreed to provide the additional information you requested concerning the review of Cyprus Amax Minerals Company (Cyprus Amax) documents currently housed at the former Revlon facility in Phoenix, Arizona (Revlon).  In accordance with that agreement, enclosed are the following:

- *Revlon Building Floor Plan*
- Agreement for Payment of Revlon Building Lease
- Revised Case List
- Case-specific pro-rata sheets of each Cyprus Amax case on the revised case list
- Email from counsel regarding  the inactive Ohio cases
- Contact List for silica cases insurers
- FCX Insurance Program Chart

The following additional items will be forwarded to you under separate cover:

Page 2
December 21, 2007
Peters to CNA and INA

- Quarterly status reports both on how litigation is going and the status of the document review project for quarter ending December 31, 2007
- Budget for Louisiana litigation (range)

## Project Overview

The Revlon Project was started in April 2005 with the discovery of various pockets of stored documents at various locations through the company. The subsequent discovery of Cyprus Amax documents that had been previously marked for destruction by Cyprus Amax prior to the merger between Cyprus Amax and Phelps Dodge Corporation in December 1999 caused concern that our prior responses to discovery requests may have been flawed. As a result of this discovery, we proceeded to review the document indexes for storage boxes received from Cyprus Amax we received and found an almost 50% error rate. At that time, it was determined that a comprehensive review should be undertaken; so these boxes were included in the Revlon Project.

## Project Details

| | |
|---|---|
| Date Commenced: | April 2005 |
| Total Leased Space (square feet): | 216,300 |
| Lease Costs per Square Foot: | Varies (from $0.72 to $.081) |
| Total Number of Boxes: | 62,712 |
| Reviewing Counsel: | Ryley Carlock, & Applewhite |
| Rate of Review per Month: | 2,000 boxes |
| Estimated Projected Completion: | Summer 2008 |

## Cyprus Amax Document Review

| | |
|---|---|
| Date Commenced: | February 2007 |
| Total Number of Cyprus Amax Boxes: | 23,425 (all collections) |
| Estimated Cyprus Amax Review Cost: | $7.8 mil |
| Total Billed to Date for Cyprus Amax: | $3.9 mil |
| Estimated Remaining Review Cost: | $3.9 mil |

## Cyprus Amax Document Review Justification

There are a number of Amax asbestos and Cyprus clay, talc and silica cases presently in litigation. In each of these cases, discovery has been propounded to the defendants by the plaintiffs. Though these discovery requests may have been previously answered by Cyprus Amax, a continuing obligation exists for Cyprus Amax to examine any newly discovered documents to determine if material relevant to ongoing litigation is contained and, if need be, to supplement their responses to discovery. This obligation is the direct purpose of the Cyprus Amax document review and the sole reason that Cyprus Amax insurers are being asked to participate in the payment of this portion of the Revlon Project. The document review, entry into the database and scanning is being conducted on the first floor of Building B-1 of the former Revlon facility (a copy of the floor plan is included in this package.) There are approximately 18,000 Cyprus Amax boxes that have commingled corporate records from both Cyprus Minerals Company and Amax Inc. are currently being reviewed at the Revlon facility. The review of the other Cyprus Amax collections have been completed and were not charged to the Cyprus Amax insurers. Thus far, roughly 41% to 46% of the boxes reviewed contain information pertaining to and potentially responsive to Cyprus Amax asbestos, silica, and talc litigation.

## Selection of Active Cases

Cases for allocation of the Cyprus Amax document review costs were selected based on whether the case was active and an ongoing discovery obligation existed. The enclosed case list shows the open and active Cyprus Amax cases. As previously discussed, the original list was in error as it contained a number of cases that had previously been resolved. That revised case list will be

Page 3
December 21, 2007
Peters to CNA and INA

used on a going forward basis. As new cases are filed, the list will be modified to include the new cases. Similarly, as cases are resolved, the list will be modified to omit the resolved cases.

**Correction of Prior Invoices**

To date, the Cyprus Amax insurers have been billed $3,852,771.63 (Amax Louisiana asbestos $3,105, 173.61; Cyprus clay, talc and silica $747,598.02). Because of the error noted above, the allocation of these costs will have to be adjusted. We have also included a breakdown of the percentages owed by each insurer as well as Freeport's share. We are unable to share the cost allocation on the silica cases because the percentages are part of a confidential cost sharing agreement. We have included a contact list for these insurers for your convenience.

In summary, your insured has undertaken a review of the Cyprus Amax boxes in order to comply with its ongoing discovery obligations on active cases in which you are participating in the defense. This review is part of that defense and, as such, your insured fully expects you to participate in this project. At this point, your insured has been paying a large share of legal *expenses associated with its discovery obligation which rightfully should be paid by you.* Therefore, please provide your written commitment to participate in the Cyprus Amax review project no later than 5:00 PM EST on January 15, 2008. Furthermore, the insured requests that your reimbursement payments begin no later than 5:00 PM EST on January 31, 2008.

I thank you in advance for your time and attention to this matter and I look forward to receiving your response at your earliest possible convenience.

Very truly yours,

Joseph A. Peters
Vice-President
Enviro-Tox Loss Services, Inc.

# EXHIBIT 6

**DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NO. BC 391068**

STEVEN B. BITTER
SBITTER@GORDONREES.COM
DIRECT DIAL: (619) 230-7770

# GORDON & REES LLP

ATTORNEYS AT LAW
101 W. BROADWAY, SUITE 2000
SAN DIEGO, CA 92101
PHONE: (619) 696-6700
FAX: (619) 696-7124
WWW.GORDONREES.COM

May 13, 2008

**VIA EMAIL AND U.S. MAIL**

Mark J. Plumer, Esq.
HELLER EHRMAN LLP
1717 Rhode Island Avenue, NW
Washington, D.C. 20036-3001

Lisa M. Cirando, Esq.
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036-6524

|  |  |  |
|---|---|---|
| Re: | Companies: | Truck Insurance Company |
|  |  | Fireman's Fund Insurance Company |
|  |  | Old Republic Insurance Company |
|  |  | CNA Insurance Company |
|  | Insured: | Cyprus Mines Corporation |
|  | Policy Nos.: | Various |
|  | Re: | Talc Litigation |

Dear Mr. Plumer and Ms. Cirando:

On behalf of Truck Insurance Company, Fireman's Fund Insurance Company, Old Republic Insurance Company and Continental Casualty Insurance Company (collectively referred to herein as the "Cyprus Mines Insurers"), this correspondence responds to Mr. Plumer's May 6, 2008, letter with respect to an intent to disclose portions of the Cyprus Confidential Settlement Agreement for Defense and Indemnification for Certain Bodily Injury Claims (the "Agreement"), and also responds to Ms. Cirando's letter of the same date with respect to the proposed deposition of Bobby J. Medlin.

1.    The Proposed Disclosure of the Agreement By Cyprus Amax Minerals Company ("Cyprus Amax"). The Cyprus Mines Insurers object to the proposed disclosure by Cyprus Amax or all or any portion of the Agreement at this time. The Cyprus Mines Insurers believe that Cyprus Amax has not complied in good faith with the terms and conditions of the

Mark J. Plumer, Esq.
Lisa M. Cirando, Esq.
May 13, 2008
Page 2

Agreement with respect to mediation (Section IX), and that Cyprus Amax has no present need to disclosure all or any portion of the Agreement.

As we have previously discussed with you, both the letter and spirit of the Agreement compel the parties to submit their disputes as to the interpretation or enforcement of the Agreement *prior* to the initiation of any action based on that Agreement. The mediation requirement unquestionably serves multiple purposes. First, it is a recognition by the parties that mediation of insurance coverage/fee disputes is a potentially effective, expedient and efficient means of resolving disputes among the parties without incurring the exorbitant costs associated with protracted litigation. Second, and related to the first point, the mediation requirement is a recognition by the parties that, given the statistical success of the mediation process, requiring the parties to first submit their disputes to mediation is a means to resolve disputes without placing the confidential terms of the Agreement into the public domain. In other words, the parties can maintain the confidentiality of the Agreement during the mediation process, as opposed to a limited, if not full, disclosure of the terms of the Agreement in litigation.

For at least these reasons, the scheduling and completion of a mediation is a necessary condition precedent to the commencement of litigation. To that end, the Cyprus Mines Insurers again confirm their agreement to participate in a mediation on the terms and conditions set forth in our May 2, 2008, letter.

The Cyprus Mines Insurers understand that Cyprus Amax and you have refused to proceed with a mediation to be scheduled on dates and terms mutually acceptable to both Cyprus Amax and the Cyprus Mines Insurers, principally on the grounds that Cyprus Amax is required to file its coverage lawsuit in California in order to bolster its position in the New York federal action. However, as set forth in your letter of May 6, 2008, Cyprus Amax has now admitted that it has no present, legitimate need to commence litigation against the Cyprus Mines Insurers at this time, as Cyprus Amax will be advising the District Court in New York only of a lawsuit to be filed at some time in the future. Accordingly, it is clear to me that Cyprus Amax and you necessarily concede that although the filing of the lawsuit in California may assist Cyprus Amax in moving to dismiss the New York Action, litigation in California certainly is not a condition precedent to seeking relief in New York.

For these reasons, the Cyprus Mines Insurers object to the intended disclosure of any of the terms of the Agreement. Alternatively, and only if for some reason Cyprus Amax proceeds to commence litigation in California without first exhausting the mediation requirement, Cyprus Amax must file a Complaint without disclosing any of the material terms of the Agreement. Please provide us with the provisions of the Agreement you propose to reveal in advance of disclosure. In that event, the Cyprus Mines Insurers would agree that Cyprus Amax can and will file an Amended Complaint as appropriate following resolution of the issue in New York.

2.    The Proposed Deposition of Bobby J. Medlin. At present, the Cyprus Mines Insurers qualifiedly object to the proposed deposition on the grounds that insufficient information as to Mr. Medlin's medical condition has been provided to permit the Cyprus Mines Insurers, its counsel, and a Court, to make an informed decision as to whether a preservation

Mark J. Plumer, Esq.
Lisa M. Cirando, Esq.
May 13, 2008
Page 3

deposition is appropriate at this time. The Cyprus Mines Insurers and its counsel are entitled to additional information as to Mr. Medlin's condition, including current and future treatments (and the timing of same) and his short and long term prognosis.

Assuming that information is provided, and further assuming that the information confirms that a preservation deposition is appropriate at this time, the Cyprus Mines Insurers would consent to that deposition on terms and conditions similar to those set forth in Mr. Jacobus' letter of May 13, 2008. More specifically, the Cyprus Mines Insurers would agree to the proposed deposition on the following terms and conditions:

     a.    Cyprus Amax will meet and confer with the Cyprus Mines Insurers and other interested parties as to a mutually convenient date for the deposition. On a related point, please be advised that May 20, 2008, is not an acceptable date for the deposition.

     b.    Cyprus Amax and all related parties, including but not necessarily limited to Freeport-McMoRan Copper and Gold, Inc., Phelps Dodge Corporation, Amax, Inc. and American Metal Climax, Inc. will produce all of the following documents at least ten (10) days in advance of the deposition:

     (i)    All documents previously requested by the Cyprus Mines Insurers, including but not limited to those identified most recently in our letter of April 16, 2008;

     (ii)    All documents that relate to the project from its inception in 2005 to the present, including all budgets, projections, reports, correspondence, bids and leases; and

     (iii)    A privilege log with sufficient particularity to permit the Cyprus Mines Insurers to assess any assertion of privilege of any document withheld from the production.

If, for any reason, these terms and conditions are not acceptable to Cyprus Amax, we remain willing and available to further meet and confer with you.

Very truly yours,

Steven B. Bitter

cc:    Gary J. Lorch, Esq.
    Jerry Pizzo, Truck Insurance Exchange (via electronic mail)
    Amanda Webber, Fireman's Fund Insurance Company (via electronic mail)
    Jeff Emory, Old Republic Insurance Company (via electronic mail)
    John Kotte, CNA Insurance Company (via electronic mail)

FAR/1002053/5657981v.1

# EXHIBIT 7

**DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS***

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

**CASE NO. BC 391068**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA and THE CONTINENTAL INSURANCE COMPANY | : : : : : : : | JURY TRIAL DEMANDED |
| | : : | |
| Plaintiffs, | : : | **FIRST AMENDED COMPLAINT** |
| versus | : : | CIVIL ACTION NO. 08 CV 02012 |
| FREEPORT-MCMORAN COPPER & GOLD INC., AS THE CLAIMED SUCCESSOR TO PHELPS DODGE CORPORATION, AS THE CLAIMED SUCCESSOR TO CYPRUS AMAX MINERALS COMPANY, AS THE CLAIMED SUCCESSOR TO AMAX, INC. AND AMAX METALS RECOVERY, INC., AS SUCCESSOR TO AMERICAN METAL CLIMAX, INC. | : : : : : : : : : | **ELECTRONICALLY FILED DOCUMENT** |
| Defendant. | : : | |

## COMPLAINT

Plaintiffs Century Indemnity Company (as successor to CCI Insurance Company, as successor to Insurance Company of North America) ("Century") and The Continental Insurance Company ("Continental") invoke the jurisdiction of this court pursuant to 28 U.S.C.A. § 1332 (diversity of citizenship) and plead as their complaint against defendant Freeport-McMoRan Copper and Gold Inc., as the claimed successor to Phelps Dodge Corporation, as the claimed successor to Cyprus Amax Minerals Company, as the claimed successor to Amax, Inc., as successor to American Metal Climax, Inc. ("Freeport McMoRan") as follows:

PHLDMS1 4195826v.6

### INTRODUCTION

1.      In this insurance coverage action, Century and Continental seek a declaratory judgment that the liability insurance policies Century and Continental issued to Amax, Inc. and/or American Metal Climax, Inc. (collectively, "Amax") provide no insurance coverage for the costs Freeport-McMoRan claims it has incurred and continues to incur in its effort to assimilate the corporate records of Amax into Freeport-McMoRan's own corporate records (the "Corporate Records Assimilation Project").  Century and Continental also seek a declaration of all rights and obligations between the parties under the insurance policies issued by Century and Continental to Freeport-McMoRan with respect to the underlying Louisiana Litigation (defined below).  Century and Continental further seek to recover on the basis of unjust enrichment any past payments made by Century and Continental based on false and/or misleading information provided by Freeport-McMoRan in connection with the Louisiana Litigation, and any payments that were made by Century and Continental for uncovered defense costs submitted by Freeport-McMoRan, which unjustly enrich Freeport-McMoRan.  Finally, Continental seeks to recover damages for Freeport-McMoRan's fraudulent misrepresentations with respect to the Corporate Records Assimilation Project.

### THE PARTIES

2.      Plaintiff Century is a corporation that is incorporated in the Commonwealth of Pennsylvania and whose principal place of business is in Philadelphia, Pennsylvania.  Century, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Pennsylvania.

3.      Plaintiff Continental is a corporation that is incorporated in the Commonwealth of Pennsylvania and whose principal place of business is in Chicago, Illinois.  Continental, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Pennsylvania and Illinois.

4.      Defendant Freeport-McMoRan is a corporation that is incorporated in the State of Delaware and whose principal place of business is in New Orleans, Louisiana. Freeport-McMoRan, for purposes of 28 U.S.C.A. § 1332 (c), is a citizen of Delaware and Louisiana.

AMOUNT IN CONTROVERSY

5.      Freeport-McMoRan claims it has incurred $3,900,000 through December 2007 and that it will incur a total of $7,800,000 by year-end 2008 for the Corporate Records Assimilation Project. The parties dispute whether (a) Freeport-McMoRan is entitled to coverage under the policies that Century and Continental issued to Amax, and (b) even if Freeport-McMoRan is entitled to coverage, whether Century and Continental are responsible for these costs. Freeport-McMoRan further claims that it is entitled to reimbursement of defense costs incurred in connection with the Louisiana Litigation. Although Century and Continental have in the past paid amounts purported to be their proportionate and equitable share of covered reasonable and necessary defense costs, Century and Continental dispute the amount claimed by Freeport-McMoRan.

JURISDICTION

6.      Jurisdiction is proper in this court under 28 U.S.C.A. § 1332 (diversity of citizenship) because this is a civil action between citizens of different states where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

VENUE

7.      Venue is proper in this court under 28 U.S.C.A. § 1391 (a) and 28 U.S.C.A. § 1391 (c) because Freeport-McMoRan is a defendant corporation that resides in this judicial district because it is subject to personal jurisdiction in this district at the date of commencement of this action.

-3-

8.    Venue is further proper in this court under 28 U.S.C.A. § 1391 (a) and 28 U.S.C.A. § 1391 (c) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## STATEMENT OF CENTURY'S AND CONTINENTAL'S CLAIM

9.    On January 1, 1958, Climax Molybdenum Company merged with American Metals Company to form American Metal Climax, Inc.

10.    On or after January 1, 1975, American Metal Climax, Inc. became Amax, Inc.

11.    On or around November 15, 1993, Amax, Inc. merged with Cyprus Minerals Company to form Cyprus Amax Minerals Company.

12.    On December 2, 1999, Phelps Dodge Corporation acquired Cyprus Amax Minerals Company.

13.    Amax Minerals Recovery, Inc. ("AMRI") is a wholly owned subsidiary of Cyprus Amax Minerals Company.

14.    On March 19, 2007, Freeport-McMoRan acquired Phelps Dodge Corporation.

15.    Century issued the following liability insurance policies to Amax, which at the time of issuance, had its principal place of business located in New York, New York:

   (a)    Policy No. LB 39736 for the January 1, 1965 to January 1, 1968 policy period;

   (b)    Policy No. ALB 47168 for the January 1, 1968 to January 1, 1971 policy period;

   (c)    Policy No. ALB 47212 for the January 1, 1971 to January 1, 1972 policy period;

-4-

    (d)    Policy No. ALB 47240 for the January 1, 1972 to January 1, 1974 policy period;

    (e)    Policy No. ALB 47276 for the January 1, 1974 to January 1, 1975 policy period; and

    (f)    Policy No. ALB 47279 for the January 30, 1974 to January 1, 1975 policy period.

16.    Continental issued the following primary, occurrence-based, liability insurance policies to Amax, which at the time of issuance of at least the first policy at issue, had its principal place of business located in New York, New York:

    (a)    Policy No. L-3 32 08 62 for the January 1, 1975 to January 1, 1976 policy period;

    (b)    Policy No. L-3 61 88 26 for the January 1, 1976 to January 1, 1977 policy period;

    (c)    Policy No. L 1 18 43 28 for the January 1, 1977 to January 1, 1980 policy period;

    (d)    Policy No. SRL-3 63 59 13 for the January 1, 1980 to January 1, 1981 policy period;

    (e)    Policy No. SRL 3 63 60 99 for the January 1, 1981 to January 1, 1982 policy period;

    (f)    Policy No. SRL 3 63 62 91 for the January 1, 1982 to January 1, 1983 policy period;

    (g)    Policy No. SRL 3 63 66 77 for the January 1, 1983 to January 1, 1984 policy period;

-5-

(h)    Policy No. SRL 3 63 68 59 for the January 1, 1984 to January 1, 1985 policy period;

(i)    Policy No. SRL 3 34 44 12 for the January 1, 1985 to January 1, 1986 policy period;

(j)    Policy No. SRL 3 34 74 18 for the January 1, 1986 to April 1, 1986 policy period.

## ALLOCATION OF PAST COSTS AND OTHER ORDINARY BUSINESS EXPENSES

17.    AMRI, a wholly owned subsidiary of Freeport-McMoRan, has been sued by underlying claimants in connection with alleged asbestos exposure at its former facility in Braithwaite, Louisiana (the "Louisiana Litigation").

18.    AMRI has sought and continues to seek reimbursement of certain claimed costs of defending itself in the Louisiana Litigation under the Century and Continental policies.

19.    Century and Continental have in the past reimbursed AMRI for their claimed proportionate and equitable share of AMRI's purported reasonable and necessary covered defense costs under an express reservation of rights.

20.    The Century and Continental policies only pay for damages and defense costs attributable to bodily injury that occurs *during the policy period*.

21.    Freeport-McMoRan's other insurers are responsible for damages and defense costs attributable to bodily injury occurring during their respective policy periods, and Freeport-McMoRan is responsible for any damages and defense costs attributable to bodily injury occurring during uninsured periods.

-6-

22. Freeport-McMoRan has improperly allocated and billed to Century and Continental defense costs attributable to bodily injury occurring outside of Century's and Continental's respective policy periods.

23. Freeport-McMoRan has also improperly billed Century and Continental for the cost of National Coordinating Counsel ("NCC") in a disproportionate amount to the actual amount of services NCC has provided in connection with the Louisiana Litigation.

24. Freeport-McMoRan has further improperly billed Century and Continental for the document storage costs of corporate and historical documents related to the Braithwaite facility. These are ordinary business costs that should be borne by Freeport-McMoRan.

25. Century and Continental in good faith and under an express reservation of rights have paid Freeport-McMoRan certain amounts improperly billed to Century and Continental.

26. Freeport-McMoRan was not entitled to the above amounts improperly billed to and paid by Century and Continental.

### CORPORATE RECORDS ASSIMILATION PROJECT

27. Beginning in April 2005, Phelps Dodge Corporation began to ship corporate documents from its locations around the country to Phoenix, Arizona to review the documents and to assimilate those records into its general corporate records.

28. Beginning in February 2007, Phelps Dodge Corporation undertook the review and corporate assimilation of the documents it obtained from Cyprus Amax Minerals Company when Phelps Dodge Corporation acquired Cyprus Amax Minerals Company in 1999.

29. Phelps Dodge Corporation neither sought nor obtained the consent of Century or Continental before it began the review and corporate assimilation of the Cyprus Amax Minerals Company records.

-7-

30.    Since February or March 2007, Freeport-McMoRan has continued the review and corporate assimilation of the Cyprus Amax Minerals Company records.

31.    Freeport-McMoRan neither sought nor obtained the consent of Century or Continental before it continued the review and corporate assimilation of the Cyprus Amax Minerals Company records.

32.    Through December 2007, Freeport-McMoRan claims the review and corporate assimilation of the Cyprus Amax Minerals Company records cost $3,900,000.

33.    Through the project's completion, Freeport-McMoRan claims the review and corporate assimilation of the Cyprus Amax Minerals Company records will cost an additional $3,900,000, for a total of $7,800,000.

34.    Freeport-McMoRan claims the insurance policies Century and Continental issued to Amax cover the cost of the assimilation of the Cyprus Amax Minerals Company corporate records into Freeport-McMoRan's corporate records.

35.    Century and Continental deny any obligation for the cost of the Corporate Records Assimilation Project.

36.    An actual controversy exists between Century and Continental, on the one hand, and Freeport-McMoRan, on the other hand, over whether the insurance policies cover the cost of the Corporate Records Assimilation Project.

## COUNT I

### CENTURY AND CONTINENTAL VERSUS FREEPORT-McMoRAN

#### *DECLARATORY JUDGMENT*

37.    Century and Continental seek a declaratory judgment under 28 U.S.C.A. § 2201 that Century and Continental are only obligated to pay their share of indemnity and defense costs

-8-

attributable to bodily injury occurring during the policy period under the Century and Continental policies.

38.    Century and Continental seek a declaratory judgment under 28 U.S.C.A. § 2201 that Century and Continental are only obligated to pay their share of indemnity and defense costs attributable to bodily injury occurring during the policy period under the Century and Continental policies.

39.    Century and Continental further seek a declaratory judgment under 28 U.S.C.A. § 2201 declaring the rights and obligations of Century and Continental to reimburse Freeport-McMoRan for NCC and document storage costs currently being billed to Century and Continental purportedly in connection with the Louisiana Litigation.

40.    Century and Continental similarly seek a declaratory judgment under 28 U.S.C.A. § 2201 declaring that the insurance policies issued to Amax do not provide coverage for the cost of the Corporate Records Assimilation Project on the following grounds:

(a)    The costs incurred are not defense costs within the meaning of the policies;

(b)    Century and Continental are not responsible for costs Freeport-McMoRan voluntarily incurs;

(c)    Century and Continental are not responsible for costs Freeport-McMoRan incurred without Century's and Continental's consent;

(d)    Century and Continental are not responsible for unreasonable and/or unnecessary costs;

-9-

(e)     Freeport-McMoRan is neither the named insured nor a successor entitled to coverage under the liability insurance policies that Century and Continental issued to Amax;

(f)     Freeport-McMoRan failed to cooperate with Century and Continental, as the policies require; and

(g)     Any other grounds stemming from the policies, the law, or otherwise.

### DEMAND FOR JUDGMENT

Wherefore, Century and Continental demand judgment, as follows:

i.      A declaratory judgment that Century and Continental have no obligation to pay for Freeport-McMoRan's Corporate Records Assimilation Project;

ii.     Alternatively, should the court determine that Century and Continental have an obligation to pay any portion of the Corporate Records Assimilation Project, a declaratory judgment over the respective rights and obligations of the parties under the Century and Continental policies, and declaratory judgment for the amount of any obligation of Century and/or Continental to pay for the Corporate Records Assimilation Project;

iii.    A declaration of the rights of all parties under the Century and Continental Policies regarding the Louisiana Litigation;

iv.     Costs; and

v.      All other relief to which Century and Continental are entitled.

-10-

## COUNT II

### CENTURY AND CONTINENTAL VERSUS FREEPORT-MCMORAN

#### UNJUST ENRICHMENT

41.     Century and Continental restate the allegations set forth in paragraphs 1 through 40 of this complaint and incorporate them by reference herein.

42.     Freeport-McMoRan was unjustly enriched by payments made by Century and Continental to Freeport-McMoRan based on Freeport-McMoRan's improper allocation and billing.

43.     Freeport-McMoRan's unjust enrichment was made at the expense of Century and Continental.

44.     Equity and good conscience require Freeport-McMoRan to make restitution to Century and Continental.

Wherefore, Century and Continental demand judgment, as follows:

i.     Compensatory damages for all amounts billed to and paid by Century and Continental for uncovered defense costs purportedly related to the Louisiana Litigation.

ii.     Costs;

iii.     All other relief to which Century and Continental are entitled.

-11-

## COUNT III

### CONTINENTAL VERSUS FREEPORT-MCMORAN

#### *FRAUD*

59.     Since at least as early as January 1, 2007, Enviro-Tox Loss Services, Inc. has been an agent of Cyprus Amax Minerals Company and/or Phelps Dodge Corporation.

60.     At all times from January 1, 2007 to the present, Cyprus Amax Minerals Company and/or Phelps Dodge Corporation has authorized Enviro-Tox Loss Services, Inc. to attempt to get Continental to pay for the costs of the Corporate Records Assimilation Project.

61.     Since at least as early as January 1, 2007, Enviro-Tox Loss Services, Inc. has helped manage the Corporate Records Assimilation Project for Cyprus Amax Minerals Company and Phelps Dodge Corporation.

62.     Neither Enviro-Tox Loss Services, Inc. nor Cyprus Amax Minerals Company nor Phelps Dodge Corporation informed Continental of the existence of the Corporate Records Assimilation Project before May 8, 2007.

63.     Neither Enviro-Tox Loss Services, Inc. nor Cyprus Amax Minerals Company nor Phelps Dodge Corporation informed Continental that Cyprus Amax Minerals Company and/or Phelps Dodge Corporation had hired a new law firm, Ryley Carlock & Applewhite, to review the Cyprus Amax Minerals Company documents before May 8, 2007.

64.     When the Corporate Records Assimilation Project was begun in February 2007, Cyprus Amax Minerals Company and Phelps Dodge Corporation knew there were over 10,000 boxes of Cyprus Amax Minerals Company documents Phelps Dodge Corporation and Cyprus Amax Minerals Company intended to review.

-12-

65.     When the Corporate Records Assimilation Project was begun in February 2007, Cyprus Amax Minerals Company and Phelps Dodge Corporation knew the project would cost millions of dollars.

66.     On or about May 8, 2007, Cyprus Amax Minerals Company and Phelps Dodge Corporation delivered to Continental bills for an Amax records review.

67.     On or about May 8, 2007, Yvonne Prater of Continental called Cyprus Amax Minerals Company's and Phelps Dodge Corporation's agent Enviro-Tox Loss Services, Inc. to inquire about the bills.

68.     On or about May 8, 2007, Robert Medlin, an employee of Enviro-Tox Loss Services, Inc., acting on behalf of Cyprus Amax Minerals Company and/or Phelps Dodge, told Ms. Prater that the bills were for new documents found in Arizona.

69.     On or about May 8, 2007, Mr. Medlin misrepresented and/or failed to disclose to Continental that the documents were not found in Arizona, though Mr. Medlin, Cyprus Amax Minerals Company, and Phelps Dodge Corporation knew the documents were not from Arizona.

70.     On or about May 8, 2007, Mr. Medlin misrepresented and/or failed to disclose to Continental that the documents were unrelated to underlying tort litigation but were instead a corporate records management project, though Mr. Medlin, Cyprus Amax Minerals Company, and Phelps Dodge Corporation knew the project was a corporate records assimilation effort.

71.     On or about May 8, 2007, Mr. Medlin misrepresented and/or failed to disclose to Continental the scope of the project, though Mr. Medlin, Cyprus Amax Minerals Company, and Phelps Dodge Corporation knew the project involved well over 10,000 boxes of documents.

-13-

72.    On or about May 8, 2007, Mr. Medlin misrepresented and/or failed to disclose to Continental the cost of the project, even though Mr. Medlin, Cyprus Amax Minerals Company, and Phelps Dodge Corporation knew the project would cost millions of dollars to complete.

73.    Mr. Medlin, through his misrepresentations and failure to disclose the true nature of the project to Ms. Prater, deceived Continental into believing the bills were legitimate defense costs.

74.    By reason of Cyprus Amax Minerals Company's and Phelps Dodge Corporation's agent Enviro-Tox Loss Services, Inc.'s knowing misrepresentations and failure to disclose to Continental the true nature of the Corporate Records Assimilation Project, Cyprus Amax Minerals Company and Phelps Dodge Corporation fraudulently caused Continental to pay approximately $211,000 of the costs of the Corporate Records Assimilation Project.

### DEMAND FOR JUDGMENT

Wherefore, Continental demands judgment, as follows:

i.    Judgment in the amount of $211,000 or in accordance with the proof at trial;

ii.    Costs;

iii.    Interest; and

iv.    All other relief to which Continental is entitled.

-14-

Dated:  May 9, 2008

**WHITE AND WILLIAMS LLP**

By:   s/ Rafael Vergara
     Rafael Vergara (RV-4098)
     White and Williams LLP
     One Penn Plaza, Suite 1801
     New York, NY 10119
     Phone: 212-244-9500
          -and-
     Shane R. Heskin (SH-9984)
     White and Williams LLP
     1800 One Liberty Place
     Philadelphia, Pennsylvania  19103
     Telephone:  (215) 864-7000
     *Attorneys for plaintiff Century Indemnity*
     *Company*

**CARROLL BURDICK & McDONOUGH
L.L.P.**

By:   s/ Alan P. Jacobus
     Alan P. Jacobus (admitted *pro hac vice*)
     Carroll Burdick & McDonough L.L.P.
     44 Montgomery Street
     San Francisco, California 94104
     Telephone:  (415) 989-1900
     *Attorneys for plaintiff The Continental*
     *Insurance Company*

PHLDMS1 4195826v.6

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **CENTURY INDEMNITY COMPANY, AS SUCCESSOR TO CCI INSURANCE COMPANY, AS SUCCESSOR TO INSURANCE COMPANY OF NORTH AMERICA and THE CONTINENTAL INSURANCE COMPANY** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Plaintiffs, | : | **DEMAND FOR TRIAL BY JURY** |
| | : | |
| versus | : | CIVIL ACTION NO. |
| | : | |
| **FREEPORT-MCMORAN COPPER & GOLD INC., AS THE CLAIMED SUCCESSOR TO PHELPS DODGE CORPORATION, AS THE CLAIMED SUCCESSOR TO CYPRUS AMAX MINERALS COMPANY, AS THE CLAIMED SUCCESSOR TO AMAX, INC., AS THE CLAIMED SUCCESSOR TO AMERICAN METAL CLIMAX, INC.** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendant. | : | |

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38 (b) plaintiffs Century Indemnity Company and The Continental Insurance Company hereby demand a trial by jury of issues so triable.

Dated:  May 9, 2008

WHITE AND WILLIAMS LLP

By:   s/ Rafael Vergara
        Rafael Vergara (RV-4098)
        White and Williams LLP
        One Penn Plaza, Suite 1801
        New York, NY 10119
        Phone: 212-244-9500
                -and-
        Shane R. Heskin (SH-9984)
        White and Williams LLP
        1800 One Liberty Place
        Philadelphia, Pennsylvania 19103
        Telephone:  (215) 864-7000
        *Attorneys for plaintiff Century Indemnity
        Company*

CARROLL BURDICK & McDONOUGH
L.L.P.

By:   s/ Alan P. Jacobus
        Alan P. Jacobus (admitted *pro hac vice*)
        Carroll Burdick & McDonough L.L.P.
        44 Montgomery Street
        San Francisco, California 94104
        Telephone:  (415) 989-1900
        *Attorneys for plaintiff The Continental
        Insurance Company*

-2-

# EXHIBIT 8

DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO. BC 391068



**Cranbury Executive Center**
**1249 South River Road, Suite 300**
**Cranbury, New Jersey 08512**

Robert Galardi
Claims Specialist
Law Department
Environmental and Mass Tort Claims
Telephone    609-860-2198
Facsimile    609-655-6609/6610
Toll Free    800-266-7035
robert.galardi@cna.com

February 28, 2008

<u>**By United States Mail, Return Receipt Requested**</u>

Joseph A. Peters
Vice-President
Enviro-Tox Loss Services, Inc.
2421 Callender Road
Suite 123
Mansfield, Texas 76063

Re:   Your December 21, 2007 Letter Concerning the Revlon Project

Dear Mr. Peters:

I write in response to your December 21, 2007 letter to me, demanding that The Continental Insurance Company "participate" in what you term the Revlon Project. For the reasons that follow, Continental disclaims any obligation to pay for any fees or expenses allegedly incurred in the project. In your letter, you state you are acting on behalf of Freeport-McMoRan Copper & Gold Inc. and Cyprus Amax Minerals Company (for sake of convenience here "Freeport/Cyprus Amax"). Continental reserves all rights with respect to any coverage Freeport claims under the Continental policies until it is plain Freeport is making a claim and, if so, what the nature of the claim is. We presume you will forward this letter to the appropriate persons for Freeport and Cyprus Amax. If you do not intend to do so, we request immediate written confirmation.

As a preliminary matter, Continental has investigated Freeport/Cyprus Amax's claim thoroughly. I attended the December 6, 2007 meeting in Philadelphia, we have evaluated your December 21, 2007 letter and the materials enclosed with it, and Continental's coverage counsel attended the Revlon Facility inspection in Phoenix on January 31, 2008. If there is

other information or documents you would like Continental to consider, I would ask that you please send them to me at your earliest convenience. We would also request that Freeport/Cyprus Amax enclose all documents relating to document retention and storage of the Cyprus Amax documents from 1999 to the present, including all documents and reports relating to the Revlon Project itself. We also ask that you clarify under which policies Freeport/Cyprus Amax seek coverage for the Revlon Project. Also, please provide all corporate documents relating to: (1) Freeport's acquisition of Phelps Dodge; (2) Phelps Dodge acquisition of Cyprus Amax; and (3) Amax's merger with Cyprus Minerals Company.

With respect to Continental's coverage disclaimer, first, Freeport/Cyprus Amax apparently undertook the Revlon Project as a result of the merger between Cyprus Amax and Phelps Dodge Corporation in December 1999. According to your letter, the project began in April 2005 and continued through December 2007, with the expectation that it will continue into the future. Continental had no notice whatsoever of the Revlon Project until late 2007, after Freeport had hired outside counsel (Ryley Carlock & Applewhite) and incurred $3.9 million (with an estimated additional $3.9 million needed to complete the project). As such, Freeport/Cyprus Amax voluntarily assumed the obligation to the Ryley firm and voluntarily incurred $7.8 million in expenses for the project. As you know, any obligation or expense Freeport/Cyprus Amax assume is at Freeport/Cyprus Amax's own cost under the Continental policies. For this reason, Continental denies coverage for the fees and costs associated with the Revlon Project.

Second, the fees and expenses associated with the Revlon Project are not defense costs at all, but instead an ordinary business expense (document retention and storage) that companies incur in the ordinary course of their business. As such, the Continental policies provide no coverage for the fees and costs associated with the project. This is even more the case because, as Continental understands it, many of the underlying Ohio tort claims are administratively stayed or dismissed and the indemnity paid on the Louisiana claims totals less than $25,000 to date. We also understand that not a single document reviewed as part of the Revlon Project has ever been produced in the underlying litigation. As such, the project is neither reasonable nor necessary given the limited nature of the underlying litigation and Continental denies coverage on this ground as well.

Third, Continental did not request Freeport/Cyprus Amax to undertake the project. The Continental policies do not provide coverage for expenses Freeport/Cyprus Amax unilaterally incur and for this reason too there is no coverage for those fees or expenses under the Continental policies. Moreover, even if the fees and/or expenses qualified as reimbursable under the Continental policies, the policies' per diem caps apply.

Fourth, based upon the limited information that we have about the corporate history of Amax, it is unclear whether Freeport is entitled to any coverage under the policies Continental issued to Amax.

Continental further asserts the following as a bar, in whole or in part, to coverage.

- Freeport/Cyprus Amax provided late and otherwise insufficient notice.

- Continental does not provide coverage for any pre-tender obligations Freeport/Cyprus Amax incurred or, as noted above, for any obligations Freeport/Cyprus Amax voluntarily assumed.

- Continental's obligations, if any, with respect to the claim are limited by the applicable other insurance conditions of the policies.

- Continental's obligations, if any, with respect to the claim are limited by any prior insurance and non-cumulation of liability, and subrogation conditions applicable to the Continental policies and are otherwise limited by Continental's rights of contribution or subrogation.

- Continental's obligation, if any, with respect to the claims are limited to the extent Freeport seeks coverage under rights purportedly assigned to it in violation of the anti-assignment provisions of the policies.

- The policies insure Amax. To the extent the claims do not involve insured entities, there may be no coverage under the policies.

- All applicable limits of liability apply to limit or bar coverage for the claim.

- Cyprus Amax remains responsible for all retrospective premium obligations.

If you believe Continental has misunderstood Freeport/Cyprus Amax's request for coverage for the Revlon Project, we invite Freeport/Cyprus Amax to respond in writing. Also, as previously noted, if there is additional information or documents Freeport/Cyprus Amax would like Continental to consider, please send them to my attention and we will evaluate the information or documents to determine whether a change in Continental's coverage position is warranted or necessary.

Finally, this letter supplements all previous claims correspondence Continental has sent. Nothing in this letter is intended to waive or alter in any way any of Continental's previous coverage positions. Nothing in the defense or investigation of these matters shall constitute an estoppel of any of Continental's rights under the policies. Continental expressly reserves the right to rely on all terms, conditions, or exclusions in determining whether or not coverage is afforded under the policies. Further, Continental reserves the right to rely on any additional terms, conditions, exclusions, or limitations to coverage contained within or incorporated in the policies. Likewise, Continental reserves the right to rely on any new factual information that becomes available in the future. Any action that Continental may take in the investigation of this matter is not to be construed as a waiver of any of the terms and conditions of the policies.

Respectfully,

*Robert Galardi*

ROBERT GALARDI – Claims Specialist
The Continental Insurance Company

CC. Gregory D. Winfree, Esq.

# EXHIBIT 9

DECLARATION OF VANCE WOODWARD IN SUPPORT OF THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

*CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.*

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO. BC 391068

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
Washington, D.C. 20549

# FORM 10-K

**(Mark One)**
[X] ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
For the fiscal year ended December 31, 2007
OR
[ ] TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934
For the transition period from            to
Commission File Number: 1-9916



# Freeport-McMoRan Copper & Gold Inc.

(Exact name of registrant as specified in its charter)

| Delaware | 74-2480931 |
|---|---|
| (State or other jurisdiction of incorporation or organization) | (IRS Employer Identification No.) |
| **One North Central Avenue** **Phoenix, Arizona** | **85004-4414** |
| (Address of principal executive offices) | (Zip Code) |

**(602) 366-8100**
(Registrant's telephone number, including area code)

Securities registered pursuant to Section 12(b) of the Act:

| Title of each class | Name of each exchange on which registered |
|---|---|
| Common Stock, par value $0.10 per share | New York Stock Exchange |
| 7% Convertible Senior Notes due 2011 of the registrant | New York Stock Exchange |
| 6¾% Mandatory Convertible Preferred Stock, par value $0.10 per share | New York Stock Exchange |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act ☑ Yes ☐ No

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. ☐ Yes ☑ No

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days. ☑ Yes ☐ No

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K (§229.405 of this chapter) is not contained herein, and will not be contained, to the best of the registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, non-accelerated filer or a smaller reporting company. See definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one): ☑ Large accelerated filer ☐ Accelerated filer ☐ Non-accelerated filer ☐ Smaller reporting company

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Act). ☐ Yes ☑ No

The aggregate market value of common stock held by non-affiliates of the registrant was approximately $35.0 billion on February 15, 2008, and approximately $31.3 billion on June 30, 2007.

Common stock issued and outstanding was 382,767,582 shares on February 15, 2008, and 381,655,613 shares on June 30, 2007.

**DOCUMENTS INCORPORATED BY REFERENCE**

Portions of our Proxy Statement for our 2008 Annual Meeting are incorporated by reference into Part III (Items 10, 11, 12, 13 and 14) of this report.

Exhibit 21.1

List of Subsidiaries of
Freeport-McMoRan Copper & Gold Inc.

| Entity | Jurisdiction of Organization | Name Under Which It Does Business |
|---|---|---|
| Ajo Improvement Company | Arizona | Same |
| Amax Arizona, Inc. | Nevada | Same |
| Amax de Chile, Inc. | Delaware | Same |
| Amax Energy Inc. | Delaware | Same |
| Amax Exploration (Ireland), Inc. | Delaware | Same |
| Amax Exploration, Inc. | Delaware | Same |
| Amax Metals Recovery, Inc, | Delaware | Same |
| Amax Nickel Overseas Ventures, Inc. | Delaware | Same |
| Amax Realty Development, Inc. | Delaware | Same |
| Amax Research & Development, Inc. | Delaware | Same |
| Amax Specialty Coppers Corporation | Delaware | Same |
| Amax Specialty Metals (Driver), Inc. | Delaware | Same |
| Amax Zinc (Newfoundland) Limited | Delaware | Same |
| American Metal Climax, Inc. | Delaware | Same |
| Ametalco Limited | United Kingdom | Same |
| Ametalco, Inc. | New York | Same |
| Annavas Development Co., Ltd. | Delaware | Same |
| Arizona Community Investment Corporation | Arizona | Same |
| Atlantic Copper, S.A.U. | Spain | Same |
| Bisbee Queen Mining Company | Delaware | Same |
| Blackwell Zinc Company, Inc. | New York | Same |
| Capital Gestão de Negócios Ltd. | Brazil | Same |
| Cates Douglas Corporation | Delaware | Same |
| Chino Acquisition Inc. | Delaware | Same |
| Chino Mines Company | New Mexico | Same |
| Climax Canada Ltd. | Delaware | Same |
| Climax Engineered Materials, LLC | Colorado | Same |
| Climax Molybdenum Asia Corporation | Delaware | Same |
| Climax Molybdenum B.V. | The Netherlands | Same |
| Climax Molybdenum China Corporation | Delaware | Same |
| Climax Molybdenum Company | Delaware | Same |
| Climax Molybdenum GmbH | Germany | Same |
| Climax Molybdenum Marketing Corporation | Delaware | Same |
| Climax Molybdenum U.K. Limited | United Kingdom | Same |
| Cobre Mining Company | New Mexico | Same |
| Compania Contractual Minera Candelaria | Chile | Same |
| Compania Contractual Minera Ojos del Salado | Chile | Same |
| Copper Market, Inc. | Arizona | Same |
| Cyprus Amax Chile Holdings, Inc. | Delaware | Same |
| Cyprus Amax Minerals Company | Delaware | Same |
| Cyprus Climax Metals Company | Delaware | Same |
| Cyprus Copper Marketing Corporation | Delaware | Same |
| Cyprus El Abra Corporation | Delaware | Same |
| Cyprus Exploration and Development Corporation | Delaware | Same |
| Cyprus Metals Company | Delaware | Same |
| Cyprus Minera de Chile, Inc. | Delaware | Same |
| Cyprus Mines Corporation | Delaware | Same |
| Cyprus Specialty Metals Company | Delaware | Same |
| Cyprus Tohono Corporation | Delaware | Same |
| Dodge & James Insurance Company, Ltd. | Bermuda | Same |
| FM Services Company | Delaware | Same |
| Freeport-McMoRan Copper & Gold China Corporation | Cayman Islands | Same |
| Freeport-McMoRan Exploration Corporation | Delaware | Same |
| Habirshaw Cable and Wire Corporation | New York | Same |
| Hidalgo Mining, LLC | New Mexico | Same |
| James Douglas Insurance Company, Ltd. | Bermuda | Same |
| Kinetics Climax, Inc. | Delaware | Same |
| Makilala Holding Limited | British Virgin Islands | Same |
| Metallic Ventures, Inc. | Nevada | Same |
| Minera Aurex (Chile) Limitada | Chile | Same |

| | | |
|---|---|---|
| Minera Cyprus Amax Chile Limitada | Chile | Same |
| Minera Cyprus Chile Limitada | Chile | Same |
| Missouri Lead Smelting Company | Delaware | Same |
| Mt. Emmons Mining Company | Delaware | Same |
| Pacific Western Land Company | California | Same |
| PD Bermuda Finance Company Ltd. | Bermuda | Same |
| PD Candelaria, Inc. | Delaware | Same |
| PD Cayman Corporation | Cayman Islands | Same |
| PD Chile Finance Company | Delaware | Same |
| PD Chile Holding Company Limitada | Chile | Same |
| PD Chile Investments, LLC | Delaware | Same |
| PD Cobre, Inc. | Delaware | Same |
| PD Ojos del Salado, Inc. | Delaware | Same |
| PD Peru, Inc. | Delaware | Same |
| PDM Energy, L.L.C. | Arizona | Same |
| Phelps Dodge Ajo, Inc. | Delaware | Same |
| Phelps Dodge Australasia, Inc. | Delaware | Same |
| Phelps Dodge Bagdad, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Bagdad |
| Phelps Dodge Chicago Rod, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Chicago |
| Phelps Dodge Chino, Inc. | Delaware | Same |
| Phelps Dodge Corporation | New York | Freeport-McMoRan Copper & Gold - Phoenix |
| Phelps Dodge Corporation of Canada, Limited | Delaware | Same |
| Phelps Dodge Development Corporation | Delaware | Same |
| Phelps Dodge Energy Services, LLC | Delaware | Same |
| Phelps Dodge High Performance Conductors of NJ, Inc. | New Jersey | Same |
| Phelps Dodge Industries, Inc. | Delaware | Same |
| Phelps Dodge Katanga Corporation | Delaware | Same |
| Phelps Dodge Magnet Wire (Austria) GmbH | Austria | Same |
| Phelps Dodge Mercantile Company | New York | Same |
| Phelps Dodge Miami, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Miami |
| Phelps Dodge Mining (Zambia) Limited | Zambia | Same |
| Phelps Dodge Mining Services, Inc. | Delaware | Same |
| Phelps Dodge Molybdenum Corporation | Delaware | Same |
| Phelps Dodge Morenci, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Morenci |
| Phelps Dodge of Africa, Ltd. | Delaware | Same |
| Phelps Dodge Overseas Capital Corporation | Delaware | Same |
| Phelps Dodge Power Marketing, LLC | Delaware | Same |
| Phelps Dodge Refining Corporation | New York | Same |
| Phelps Dodge Safford, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Safford |
| Phelps Dodge Sales Company, Incorporated | Delaware | Freeport-McMoRan Sales |
| Phelps Dodge Sierrita, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Sierrita |
| Phelps Dodge South Africa (Proprietary) Limited | South Africa | Same |
| Phelps Dodge Tyrone, Inc. | Delaware | Freeport-McMoRan Copper & Gold - Tyrone |
| PT Freeport Indonesia | Indonesia & Delaware | Same |
| PT Irja Eastern Minerals | Indonesia | Same |
| PT Puncakjaya Power | Indonesia | Same |
| Silver Springs Ranch, Inc. | Colorado | Same |
| Sociedad Contractual Minera El Abra | Chile | Same |
| Sociedad Minera Cerro Verde S.A. | Peru | Same |
| Soner, Inc. | New Jersey | Same |
| Tenke Fungurume Mining S.A.R.L. [a] | Congo | Same |
| TF Holdings Limited [b] | Bermuda | Same |
| The Morenci Water & Electric Company | Arizona | Same |
| Tyrone Mining, LLC | New Mexico | Same |
| United States Metals Refining Company | Delaware | Same |
| Western Nuclear Australia Limited | Delaware | Same |
| Western Nuclear, Inc. | Delaware | Same |

(a)  17.5% owned by La Générale des Carrières et des Mines.
(b)  30% owned by Tenke Holdings Ltd.

Omitted from this listing are subsidiaries that, considered in the aggregate as a single subsidiary, would not constitute a significant subsidiary.