# EXHIBIT 5

NON-CALIFORNIA AUTHORITIES SUPPORTING THE CONTINENTAL INSURANCE COMPANY'S AND CENTURY INDEMNITY COMPANY'S JOINT MOTION TO DISMISS OR STAY THE ACTION BASED ON *FORUM NON CONVENIENS*

CYPRUS AMAX MINERALS CO., ET AL., V. CONTINENTAL CASUALTY CO., ET AL.

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

CASE NO. BC 391068

Westlaw.

131 A.D.2d 675                                                                                                              Page 1
131 A.D.2d 675, 516 N.Y.S.2d 754
(Cite as: 131 A.D.2d 675)

H

In the Matter of Phelps Dodge Industries, Inc., Respondent,
v.
John F. Kondzielaski et al., Appellants.

Supreme Court, Appellate Division, Second Department, New York

June 15, 1987

CITE TITLE AS: Matter of Phelps Dodge Indus. v Kondzielaski

OPINION OF THE COURT

Weinstein, J. P., Rubin, Kooper and Sullivan, JJ., concur.

In a tax certiorari proceeding pursuant to Real Property Tax Law article 7 to review assessments on certain real property for the taxable status dates December 1, 1978, December 1, 1979, December 1, 1980, December 1, 1981 and December 1, 1982 (tax years 1979/1980, 1980/1981, 1981/1982, 1982/1983 and 1983/1984), the appeal is from an order and judgment (one paper) of the Supreme Court, Westchester County (Burchell, J.), dated June 10, 1985, which reduced the assessments for each of the years in issue.

Ordered that the order and judgment is affirmed, without costs or disbursements. *676

The principal issue on appeal is whether the petitioner's 105-foot high, one story and mezzanine, research laboratory building erected in 1969 and containing extra high-voltage test facilities, should have been treated as a specialty structure and thus valued by a cost approach. The appellants used the income capitalization approach with respect to the entire factory complex on the subject improved parcel except for the detached research laboratory building, which their experts valued by the cost approach. The appellants added their income approach valuations to their valuation of the research laboratory by the cost approach to derive total valuations vastly in excess of those of petitioner.

The trial court declined to treat the subject research laboratory as a specialty. The appellants now contend that the court erred in not doing so. We disagree and affirm for the reasons stated in the amended decision of Justice Burchell, dated May 13, 1985, with the following additional comments.

The appellants argue that by virtue of the judgment entered on the July 9, 1979 decision rendered by the late Justice Timothy J. Sullivan *(Matter of Phelps Dodge Indus. v. Kondzielaski*, Sup Ct, Westchester County, Oct. 19, 1979 [Sullivan, J.], *affd* 86 AD2d 989, 990, *lv denied* 57 NY2d 602) with respect to a tax certiorari review of the subject plant (and other properties of the petitioner) for a span of years immediately preceding the years now under review, the subject research laboratory building was adjudicated by Justice Sullivan to be a specialty building, and thus a cost approach valuation (reproduction cost less depreciation) is required in the instant proceeding for the research laboratory building. The appellants contend that in the present proceeding the parties and the court were bound by Justice Sullivan's determination, and by independent evidence in the present proceeding that the research laboratory building is still a specialty and must be valued by the cost approach. We disagree. An examination of Justice Sullivan's decision reveals that he dismissed the petitions in that proceeding based upon the failure of the petitioner's expert to provide adjustments to the comparable leases used under that expert's income approach valuations, and that Justice Sullivan's ensuing comments with respect to the research laboratory facility being a specialty were therefore dicta.

Further, even assuming, arguendo, that Justice Sullivan's specialty comments were not dicta, they could not conclusively bind Justice Burchell in a review of the assessments for subsequent tax years, even those immediately following the *677 years

reviewed in the prior proceeding *(see, People ex rel. Hilton v. Fahrenkopf,* 279 NY 49). As the Court of Appeals held in *People ex rel. Hilton v. Fahrenkopf* (supra., at 52-53): "It is of the essence of an assessment that it fixes value as of a certain time. Each annual proceeding is separate and distinct from every other. Year by year an assessor must use his own judgment and must verify the roll (Tax Law, §28). From these considerations it results that a prior judicial determination of value does not legally bind successor assessors. *(People ex rel. Eckerson v. Zundel,* 157 N.Y. 513.) It was by that decision suggested, to be sure, that a different result might consistently be predicated of the circumstance that no change in the personnel of an assessing board had occurred since a prior adjudication of value was made. We are now persuaded to say that we think this suggestion was unsound, for value in one year is not in issue thereafter nor are the assessors themselves real parties in interest. Accordingly, we conclude that (though the assessing officers have at all times been the same persons) the doctrine of *res judicata* can have no true application to the issues of value in recurring assessment proceedings. (cf. *Tait v. Western Maryland Ry. Co.,* 289 U. S. 620.)" The same principle applies to the question of whether the evidence in the present proceeding establishes that the research laboratory building currently meets the criteria for specialty treatment and cost approach valuation.

Moreover, with respect to the independent evidence on the specialty issue presented in the present proceeding, we conclude that Justice Burchell correctly applied the legal criteria for specialty valuation set forth in *Matter of County of Nassau (Colony Beach Club of Lido)* (43 AD2d 45, 49, *affd* 39 NY2d 958; *see, Matter of Great Atl. & Pac. Tea Co. v. Kiernan,* 42 NY2d 236; *see also, Matter of Brooklyn Union Gas Co. v. State Bd. of Equalization & Assessment,* 65 NY2d 472, 486, *cert denied* 475 US 1082, 106 S Ct 1461). Moreover, the court properly concluded that the evidence before it established the existence of a sale and rental market for the subject research laboratory building, thereby negating specialty treatment. Thus, the income capitalization method could and should be used to value the research laboratory even though a higher square foot rental value would be assigned to it than to the main plant complex. The court also properly concluded that the subject improvement could not reasonably have been expected to be replaced were it destroyed during the time periods under review.

With considerable force and specification, the appellants *678 argue that the purported comparables with respect to the subject research laboratory were, in fact, not comparable and thus do not demonstrate the existence of a specialty-undercutting market. Although the issue was closely contested, we observe that the degree of comparability is a question of fact to be resolved by the trial court *(see, Freiberger v. State of New York,* 33 AD2d 619). In *Matter of City of Rochester v. BSF Realty* (59 AD2d 1035, 1036), the Appellate Division, Fourth Department, stated: "The suitability of comparable sales, absent legal error *(Argersinger v. State of New York,* 32 AD2d 708, 709), is a matter for resolution by the trial court *(Yonkers Realty Assoc. v. State of New York,* 52 AD2d 1014, 1015; *Sapia v. State of New York,* 33 AD2d 821). Here the amount of the award demonstrates that the testimony of the city's expert was at least partially discounted. We do not find that the court's approach represents an abuse of discretion (cf. *Levin v. State of New York,* 13 NY2d 87, 92-93)".

Based on our review of all the evidence on the comparability issue, we find no basis for disturbing the trial court's conclusions on the issue of comparability and the existence of a market for the research laboratory.

We have examined the appellants' other contentions and conclude that they provide no basis for disturbing the judgment under review.

Copr. (c) 2008, Secretary of State, State of New York.

N.Y.A.D.,1987.

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

131 A.D.2d 675 Page 3
131 A.D.2d 675, 516 N.Y.S.2d 754
**(Cite as: 131 A.D.2d 675)**

PHELPS DODGE INDUSTRIES, INC. V KONDZIELASKI

END OF DOCUMENT

© 2008 Thomson Reuters/West. No Claim to Orig. US Gov. Works.